Whitney E. Street (CA Bar No. 223870)
**BLOCK & LEVITON LLP**
100 Pine Street Suite 1250
San Francisco, CA 94111
Tel.: (415) 968-8999
Fax: (617) 507-6020
whitney@blockleviton.com

Jacob A. Walker (CA Bar No. 271217)
**BLOCK & LEVITON LLP**
260 Franklin St., Suite 1860
Boston, MA 02110
Tel.: (617) 398-5600
Fax: (617) 507-6020
jake@blockleviton.com

Attorneys for Movant Tatiana Pavlova-Coleman

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| TATIANA PAVLOVA-COLEMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPLUNK INC., DOUGLAS MERRITT, and JASON CHILD,<br><br>Defendants. | No. 4:20-cv-08600-JST<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF PSLRA CASES, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>Date: March 10, 2021<br>Time: 2:00 p.m.<br>Ctrm.: 6<br><br>The Hon. Jon S. Tigar |

Mot. for Consolidation, Appt. as Lead Plaintiff,
and Approval of Lead Counsel - Nos. 4:20-cv-
08600-JST; 4:21-cv-00164-JST

- 1 -

| | |
|---|---|
| DANIEL GUIRGUIS, on behalf of himself and a class of similarly situated investors,<br><br>Plaintiff,<br><br>v.<br><br>SPLUNK INC., DOUGLAS MERRITT, and JASON CHILD,<br><br>Defendants. | No. 4:21-cv-00164-JST |

MOT. FOR CONSOLIDATION, APPT. AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL - Nos. 4:20-cv-08600-JST; 4:21-cv-00164-JST

- 2 -

**NOTICE OF MOTION AND MOTION**

TO:   ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on March 10, 2021 at 2:00 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Jon S. Tigar, in Courtroom 6 on the 2nd Floor of the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, putative class member Tatiana Pavlova-Coleman will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an order: (1) consolidating the two above-captioned cases; (2) appointing Ms. Pavlova-Coleman as Lead Plaintiff; and (3) approving of Ms. Pavlova-Coleman's selection of Block & Leviton LLP as Lead Counsel. This Motion is made on the grounds that Ms. Pavlova-Coleman is the most adequate proposed lead plaintiff.

Ms. Pavlova-Coleman seeks appointment as Lead Plaintiff and approval of her choice of Block & Leviton LLP as Lead Counsel pursuant to the Securities Exchange Act of 1934, the Federal Rules of Civil Procedure, and the PSLRA. This Motion is based on this Notice and memorandum of law, the Declaration of Jacob A. Walker and the exhibits thereto, the Court's complete files and records in this action, and such further argument as the Court may allow at a hearing on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I.   INTRODUCTION

On December 4, 2020, Ms. Pavlova-Coleman filed the first of the two above-captioned class actions on behalf of purchasers of Splunk Inc. ("Splunk") common stock between October 21, 2020 and December 2, 2020, inclusive (the "Class Period"). The lawsuit alleges claims under

§§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") (15 U.S.C. §§ 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). On January 8, 2021, a second action was filed alleging the same claims and against the same Defendants, but using a class period of August 26, 2020 to December 2, 2020. *See Guirguis v. Splunk Inc.., et al.*, No 4:21-cv-00164-JST.[1]

The PSLRA requires the Court to "consider any motion made by a purported class member," and "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Under the PSLRA, the Court should "adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The Court should appoint Ms. Pavlova-Coleman as Lead Plaintiff because she has timely moved for such appointment, has a substantial financial interest in the outcome of this litigation, and is a typical and adequate class representative. The Court should also approve of Ms. Pavlova-Coleman's selection of Block & Leviton LLP as Lead Counsel because the firm possesses extensive experience prosecuting securities class actions and will adequately represent

---

[1] The first-filed case, filed by Ms. Pavlova-Coleman, used a class period of October 21, 2020 to December 2, 2020. *See* Case No. 4:20-cv-08600-JST, ECF No. 1. The later-filed *Guirguis* action used a class period of August 26, 2020 to December 2, 2020. *See* Case No. 4:21-cv-00164-JST, ECF No. 1. Ms. Pavlova-Coleman has provided her transactions in Splunk common stock for the longest class period on file.

the interests of all class members. Finally, and prior to the appointment of lead counsel, the Court should consolidate the two above-captioned PSLRA cases.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should consolidate the *Pavlova-Coleman* and *Guirguis* actions under 15 U.S.C. § 78u-4(a)(3)(B)(ii);

2.    Whether the Court should appoint Ms. Pavlova-Coleman as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3); and

3.    Whether the Court should approve of Ms. Pavlova-Coleman's selection of Block & Leviton LLP as Lead Counsel for the class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## III.    STATEMENT OF FACTS[2]

Splunk, headquartered in San Francisco, CA, states that it "provides innovative software solutions that ingest data from different sources including systems, devices and interactions, and turn that data into meaningful business insights across the organization." ¶ 2. Splunk's common stock trades on the NASDAQ stock exchange under the ticker symbol "SPLK." *Id.*

On October 21, 2020, just ten days before the close of Splunk's third fiscal quarter for 2021, Splunk held a call with several analysts at the Virtual Analyst & Investor Session at .conf20. ¶ 3. On this call, Splunk assured investors that everything was on track for its third quarter 2021 financial results. *Id.*

On December 2, 2020, Splunk announced its financial results for its third fiscal quarter for 2021, ended October 31, 2020. ¶ 5. In this announcement, Splunk reported total revenues of $559 million, down 11% year-over-year, and which missed estimates by nearly $60 million. *Id.*

---

[2] Unless otherwise noted, all references to "¶_" are to paragraphs of the Class Action Complaint for Violations of the Federal Securities Laws filed in the above-captioned *Pavlova-Coleman* lawsuit. *See* Case No. 4:20-cv-08600-JST, ECF No. 1.

Furthermore, Splunk announced quarterly non-GAAP earnings per share of -$0.07, missing estimates by 15 cents, as well as GAAP earnings per share of -$1.26, missing by 24 cents per share. *Id.* Splunk also announced guidance for the fourth quarter of 2021 (ending January 31, 2021), of total revenues between $650 and $700 million, and non-GAAP operating margins of between negative 4% and positive 3%. *Id.*

Also on December 2, 2020, the Company held an earnings call with analysts. ¶ 6. On this call, Defendant Merritt admitted that despite Splunk having reiterated their 2021 third quarter guidance just ten days before the close of the quarter, that these results fell "certainly short of both our expectations and our communication of those expectations." *Id.* This development stunned the market, leading analyst JPMorgan to write that it was "blindsided by the magnitude of too many large deals slipping in the final days of October." ¶ 7. On this news, shares of Splunk common stock plummeted, closing at just $158.03 per share on December 3, 2020, down over 23% from the December 2, 2020 closing price of $205.91 per share. *Id.*

The lawsuit alleges that investors who purchased Splunk common stock during the Class Period suffered damages due to Defendants' misstatements, and asserts claims under §§ 10(b) and 20(a) of the Exchange Act. *Id.*, ¶¶ 1, 8.

## IV.    ARGUMENT

### A.  The Court Should Consolidate the PSLRA Cases

Under the PSLRA, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed," the court shall not make the determination of the most adequate plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 77u-4(a)(3)(B)(ii). Rule 42(a) of the Federal Rules of Civil Procedure grants the court discretion to consolidate "actions involving a common question of law or fact."

*Curry v. Hansen Med., Inc.*, No. 09-cv-5094, 2010 WL 702432, at *1 (N.D. Cal. Feb. 25, 2010) (quoting Fed. R. Civ. P. 42(a)).

Here, as described above, the *Pavlova-Coleman* and *Guirguis* lawsuits assert the same legal claims, against the same Defendants, and both arise under the same set of facts. As such, they qualify for consolidation under Fed. R. Civ. P. 42(a). Accordingly, the cases should be consolidated into the first-filed *Palova-Coleman* action, 4:20-cv-08600-JST. Upon selection as Lead Plaintiff, Ms. Pavlova-Coleman proposes to file a single consolidated class action complaint.

### B. The Court Should Appoint Ms. Pavlova-Coleman as Lead Plaintiff

The PSLRA established a procedure governing the appointment of the lead plaintiff in "each private action arising under [the federal securities laws] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) & (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice (*i.e.*, today, February 2, 2021), any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate

MOT. FOR CONSOLIDATION, APPT. AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL - Nos. 4:20-cv-08600-JST; 4:21-cv-00164-JST

- 5 -

plaintiff in any private action arising under this Act is the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir 2002).

Ms. Pavlova-Coleman satisfies each of these requirements, and the Court should therefore appoint him as Lead Plaintiff.

### a. The Motion Is Timely.

The statutorily-required notice of this action was published on December 4, 2020, advising class members of: (1) the pendency of the action; (2) the claims asserted therein; and (3) the right to move the Court to be appointed as lead plaintiff by February 2, 2021. *See* Ex. A to the Declaration of Jacob A. Walker (the "Walker Decl."). On January 8, 2021, notice of the *Guirguis* action was published advising class members of this same information, as well as the expanded class period asserted in that lawsuit. Walker Decl., Ex. B.

Pursuant to the provisions of the PSLRA and within the required time frame after publication of the notice, Ms. Pavlova-Coleman timely moves this Court to be appointed as Lead Plaintiff on behalf of all members of the class. Ms. Pavlova-Coleman has signed a certification pursuant to the PSLRA, and has submitted a Declaration in support of her motion. *See* Walker Decl., Exs. C, E. Ms. Pavlova-Coleman has selected and retained qualified counsel to represent her and the proposed class. *See* Walker Decl., Ex. F. Accordingly, Ms. Pavlova-Coleman is entitled to have her application for appointment as Lead Plaintiff and selection of Lead Counsel considered and approved by the Court.

### b. Ms. Pavlova-Coleman Has a Substantial Financial Interest in the Relief Sought by the Class.

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (district courts must first compare the financial stakes of the various movants to determine which has the most to gain from the lawsuit).

During the Class Period, as evidenced by, among other things, Ms. Pavlova-Coleman's accompanying signed certification and loss chart, Ms. Pavlova Coleman incurred substantial losses of approximately $3,860.59 as measured on a "last-in-first-out" basis or $2,064.46 as measured on a "first-in-first-out" basis on her transactions in Splunk common stock during the longer *Guirguis* class period. *See* Walker Decl. Exs. C, D.[3] At the time of this filing, Ms. Pavlova-Coleman believes that she possesses the largest financial interest of any movant seeking lead plaintiff status. Accordingly, Ms. Pavlova-Coleman is entitled to the presumption that she is the most adequate lead plaintiff.

### c. Ms. Pavlova-Coleman Otherwise Satisfies Rule 23.

In addition to possessing a significant financial interest, a presumptive lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at

---

[3] Using the shorter class period alleged in the lawsuit she filed, Ms. Pavlova-Coleman lost approximately $4,633.09 on a "last-in-first-out" basis or $2,836.96 on a "first-in-first-out" basis.

the lead plaintiff stage). At the lead plaintiff stage of the litigation, "only a preliminary showing is necessary" for the typicality and adequate of representation requirements. *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 532 (N.D. Cal. 2009), citing *Cavanaugh*, 306 F.3d at 729-31.

The test of typicality is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citations omitted). The adequacy requirement "inquires whether 'the representative parties will fairly and adequately protect the interests of the class.'" *Cavanaugh*, 306 F.3d at 730 (quoting Fed. R. Civ. P. 23(a)(4)).

Ms. Pavlova-Coleman has submitted a sworn certification confirming her desire, willingness, and ability to serve as lead plaintiff. *See* Walker Decl., Ex. C. Ms. Pavlova-Coleman has also submitted a declaration describing her educational background, employment and investment experience, and detailing her understanding of the role of Lead Plaintiff and her readiness to fulfill such obligations. *Id.*, Ex. E. Like all class members, Ms. Pavlova-Coleman purchased Splunk stock during the Class Period at allegedly inflated prices and suffered damages when Defendants' alleged misconduct came to light. *Id.*, Exs. C, D. Ms. Pavlova-Coleman's substantial financial interest indicates that she has the requisite incentive to vigorously represent the putative class' claims. Moreover, Ms. Pavlova-Coleman is not subject to unique defenses or aware of any conflicts between her claims and those asserted by the class. Finally, as discussed below, she has selected qualified counsel, highly experienced in securities litigation.

Ms. Pavlova-Coleman's common interests shared with the class, substantial financial interest in this Action, and selection of qualified counsel demonstrate that she *prima facie* satisfies the Rule 23 inquiries at this stage of the litigation.

MOT. FOR CONSOLIDATION, APPT. AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL - Nos. 4:20-cv-08600-JST; 4:21-cv-00164-JST

- 8 -

### C. The Court Should Approve of Ms. Pavlova-Coleman's Selection of Block & Leviton LLP as Lead Counsel.

Under the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class she seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). The lead plaintiff's choice of counsel should be approved, and the Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *In re Cohen*, 586 F.3d 703, 711 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. Ms. Pavlova-Coleman has selected Block & Leviton LLP, a firm with substantial experience in the prosecution of shareholder and securities class actions to serve as lead counsel. Walker Decl., Ex. F. As recently noted by one district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation (N.D. Cal.).* I find the experience garnered from such representations will benefit the shareholder in this suit.

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21).

Accordingly, the Court should approve of Ms. Pavlova-Coleman's selection of Block & Leviton LLP as Lead Counsel.

## V.    CONCLUSION

Ms. Pavlova-Coleman has satisfied each of the PSLRA's requirements for appointment as Lead Plaintiff. Accordingly, Ms. Pavlova-Coleman respectfully requests that the Court: (1) consolidate the *Pavlova-Coleman* and *Guirguis* actions; (2) appoint Ms. Pavlova-Coleman as Lead Plaintiff; and (3) approve of Ms. Pavlova-Coleman's selection of Block & Leviton LLP as Lead Counsel.

Dated: February 2, 2021

Respectfully submitted,

By: */s/ Jacob A. Walker*
Jacob A. Walker (CA Bar No. 271217)
**BLOCK & LEVITON LLP**
260 Franklin St., Suite 1860
Boston, MA 02110
Tel.: (617) 398-5600
Fax: (617) 507-6020
jake@blockleviton.com

Whitney E. Street (CA Bar No. 223870)
**BLOCK & LEVITON LLP**
100 Pine Street Suite 1250
San Francisco, CA 94111
Tel.: (415) 968-1852
Fax: (617) 507-6020
whitney@blockleviton.com

*Attorneys for Ms. Pavlova-Coleman and [Proposed] Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Jacob A. Walker*

Mot. for Consolidation, Appt. as Lead Plaintiff, and Approval of Lead Counsel - Nos. 4:20-cv-08600-JST; 4:21-cv-00164-JST

- 11 -