**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470

*Counsel for Proposed Lead Plaintiff*
*Louisiana Sheriffs' Pension & Relief Fund*
*and Proposed Lead Counsel for the Class*

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| TATIANA PAVLOVA-COLEMAN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>SPLUNK INC., DOUGLAS MERRITT, and JASON CHILD,<br><br>                    Defendants. | Case No. 4:20-cv-08600-JST<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION AND MOTION OF LOUISIANA SHERIFFS' PENSION & RELIEF FUND FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF LEAD COUNSEL, AND RELATION AND CONSOLIDATION OF ACTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: March 10, 2021<br>Time: 2:00 p.m.<br>Dept.: Courtroom 6, 2nd Floor<br>Judge: Hon. Jon S. Tigar |

*Captions continued on next page.*

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 4:20-CV-08600-JST

DANIEL GUIRGUIS, on behalf of himself and a class of similarly situated investors,

Plaintiff,

v.

SPLUNK INC., DOUGLAS S. MERRITT, and JASON E. CHILD,

Defendants.

Case No. 4:21-cv-00164-JST

CLASS ACTION

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................................. ii

NOTICE OF MOTION AND MOTION.............................................................................................1

STATEMENT OF ISSUES ...............................................................................................................2

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................................2

I.    PRELIMINARY STATEMENT.............................................................................................2

II.   SUMMARY OF THE ACTIONS ...........................................................................................4

III.  ARGUMENT ..........................................................................................................................5

      A.    Louisiana Sheriffs Is The Most Adequate Plaintiff .................................................5

           1.    Louisiana Sheriffs' Motion Is Timely .........................................................5

           2.    Louisiana Sheriffs Has The Largest Financial Interest In The Relief Sought By The Class ................................................................................6

           3.    Louisiana Sheriffs Otherwise Satisfies The Requirements Of Rule 23 ......6

      B.    Louisiana Sheriffs Selected Well-Qualified Lead Counsel To Represent The Class ...................................................................................................8

      C.    The Actions Should Be Deemed Related and Consolidated .................................9

CONCLUSION................................................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) .............................................................................................5

*In re Century Aluminum Co. Sec. Litig.*,
  2009 WL 2905962 (N.D. Cal. Sept. 8, 2009) .........................................................10

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
  2013 WL 2368059 (N.D. Cal. May 29, 2013) ..........................................................6

*City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*,
  2005 WL 318813 (N.D. Cal. Feb. 7, 2005) ............................................................10

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
  586 F.3d 703 (9th Cir. 2009) .............................................................................8

*Hessefort v. Super Micro Comput., Inc.*,
  317 F. Supp. 3d 1056 (N.D. Cal. 2018).............................................................6, 7

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
  2014 WL 2604991 (N.D. Cal. June 10, 2014) ........................................................2

*Shenwick v. Twitter, Inc.*,
  2016 WL 10672428 (N.D. Cal. Dec. 22, 2016) ......................................................8

**Other Authorities**

H.R. Conf. Rep. No. 104-369, at *34 (1995) .............................................................8

**Rules & Statutes**

15 U.S.C. § 78u-4 .............................................................................................passim

Fed. R. Civ. P. 23.............................................................................................5, 6, 7, 8

Fed. R. Civ. P. 42.............................................................................................1, 2, 10

### NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that at 2:00 p.m. on March 10, 2021, or on a date and at a time set by the Court, before the Honorable Jon S. Tigar, at the United States District Court for the Northern District of California, located at the Oakland Courthouse, 1301 Clay Street, Courtroom 6 – 2nd Floor, Oakland, California, Louisiana Sheriffs' Pension & Relief Fund ("Louisiana Sheriffs") will respectfully move this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an Order: (1) appointing Louisiana Sheriffs as Lead Plaintiff in the above-captioned securities class actions (the "Actions"); (2) approving Louisiana Sheriffs' selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") to serve as Lead Counsel for the Class; (3) relating and consolidating the Actions pursuant to Civil Local Rule 3-12(a) ("Local Rule 3-12(a)") and Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"); and (4) granting any such further relief as the Court may deem just and proper.

This Motion is made on the grounds that Louisiana Sheriffs believes it is the "most adequate plaintiff" under the PSLRA and is therefore entitled to be appointed Lead Plaintiff. Specifically, Louisiana Sheriffs believes that it has the "largest financial interest" in the relief sought by the Class in this action by virtue of, among other things, its significant investments in the common stock of Splunk Inc. ("Splunk" or the "Company"). Louisiana Sheriffs also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of other Class members' claims and because it will fairly and adequately represent the interests of the Class.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Jonathan D. Uslaner filed herewith (the "Uslaner Decl."), the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

WHEREFORE, Louisiana Sheriffs respectfully requests that the Court: (1) appoint it as Lead Plaintiff in the Actions pursuant to the PSLRA; (2) approve its selection of Bernstein Litowitz

to serve as Lead Counsel for the Class; (3) relate and consolidate the Actions pursuant to Local Rule 3-12(a) and Rule 42(a); and (4) grant any such further relief as the Court may deem just and proper.

**STATEMENT OF ISSUES**

1. Whether Louisiana Sheriffs is the "most adequate plaintiff," pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i).

2. Whether to approve Louisiana Sheriffs' selection of counsel, Bernstein Litowitz, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

3. Whether to relate and consolidate the Actions pending against Defendants (defined below), which involve common questions of law and fact, pursuant to Local Rule 3-12(a) and Rule 42(a).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    PRELIMINARY STATEMENT**

The Actions allege that Splunk and certain of its senior executives (collectively, "Defendants") violated Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). Specifically, the Actions allege that, from August 26, 2020 to December 2, 2020 (the "Class Period"), Defendants misled investors concerning the Company's ability to secure important customer renewals and thereby deliver on previously announced financial targets.[1] Splunk investors, including Louisiana Sheriffs, incurred significant losses when, on December 2, 2020, the Company disclosed that it had failed to close deals with several of its largest customers

---

[1] The complaints filed against Defendants assert different class periods. The complaint in *Pavlova-Coleman v. Splunk Inc.*, No. 4:20-cv-08600-JST (N.D. Cal.) ("*Pavlova-Coleman*"), asserts a class period of October 21, 2020 through December 2, 20120, while the complaint in *Guirguis v. Splunk Inc.*, No. 4:21-cv-00164-JST (N.D. Cal.) ("*Guirguis*"), asserts a class period of August 26, 2020 through December 2, 2020. For purposes of appointing a Lead Plaintiff, courts generally apply the longest, most inclusive class period. *See Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, 2014 WL 2604991, at *1 n.3 (N.D. Cal. June 10, 2014). As such, the class period alleged in the *Guirguis* action is relied upon for this Motion.

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 4:20-CV-08600-JST                                                                 2

and announced financial results for its third fiscal quarter of 2021 that significantly missed the guidance that Splunk had reaffirmed with just ten days left in the quarter.

The PSLRA provides that the "most adequate plaintiff" is to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PSLRA, the most adequate plaintiff is the movant with the "largest financial interest" in the relief sought by the Class in this litigation that also makes a *prima facie* showing that it is a typical and adequate Class representative under Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Louisiana Sheriffs is the "most adequate plaintiff" by virtue of, among other things, the approximately $443,000 in losses that it incurred on its purchases of 10,080 shares of Splunk common stock during the Class Period.[2]

In addition to asserting the largest financial interest, Louisiana Sheriffs readily satisfies the relevant requirements of Rule 23 because its claims are typical of those of all members of the Class and it will fairly and adequately represent the interests of the Class. Louisiana Sheriffs—with approximately $4 billion in assets—is a paradigmatic Lead Plaintiff under the PSLRA because it is a sophisticated institutional investor, possesses a real financial interest in the litigation, and has experience serving as Lead Plaintiff in securities class actions. By virtue of its previous service as a Lead Plaintiff in other securities class actions prosecuted under the PSLRA, Louisiana Sheriffs fully understands the Lead Plaintiff's obligations to the Class under the PSLRA and is willing and able to undertake those responsibilities to guarantee the vigorous prosecution of this action. Accordingly, Louisiana Sheriffs has both the incentive and ability to supervise and monitor counsel.

Louisiana Sheriffs' adequacy is also demonstrated through its selection of Bernstein Litowitz to serve as Lead Counsel for the Class. Louisiana Sheriffs selected Bernstein Litowitz based on its prior experience working with the firm and the firm's established track record of achieving substantial recoveries for the benefit of investors. Bernstein Litowitz is eminently

---

[2] Louisiana Sheriffs' PSLRA-required Certification is provided as Exhibit A to the Uslaner Decl. In addition, a chart providing calculations of Louisiana Sheriffs' losses is provided as Exhibit B to the Uslaner Decl.

qualified to prosecute this case and has extensive experience in securities fraud litigation, which will benefit the Class.

Based on Louisiana Sheriffs' financial interest in the outcome of this action, and its ability to oversee counsel, Louisiana Sheriffs respectfully requests that the Court appoint it Lead Plaintiff and otherwise grant its Motion.

## II.    SUMMARY OF THE ACTIONS

Splunk develops and markets software solutions that enable organizations to gather, organize, and analyze their enterprise data. The Actions allege that, throughout the Class Period, Defendants made false and misleading statements to investors and/or failed to disclose material adverse facts concerning the Splunk's business, operations, and prospects. Specifically, Defendants touted the Company's "significant and growing customer renewal base" and that the Company's "customers are increasingly committing to bigger deals." Defendants further touted the Company's growth and reaffirmed guidance for the Company's third fiscal quarter of 2021.

In reality, Splunk was facing pushback from its largest and most important clients as it attempted to implement a new pricing model and secure customer renewals. As a result, the Company failed to close deals with several of its largest clients and had fallen far behind previously announced financial targets. As a result of Defendants' misrepresentations and omissions, Splunk common stock traded at artificially inflated prices throughout the Class Period.

The truth emerged on December 2, 2020, after the market closed, when Splunk announced its financial results for its third fiscal quarter of 2021. The results came in far below guidance, despite the fact that Defendants had recently reaffirmed that guidance with just days left in the quarter. For example, Splunk achieved only $559 million in quarterly revenues, down 11% year over year and 9% below the mid-point of previous projections. That same day, the Company also held an earnings call during which the Company's CEO, Defendant Douglas S. Merritt, blamed the terrible results on a "much lower-than-normal close rate among our largest deals, which caused us to fall short of our bookings target." Defendant Jason E. Child, Splunk's CFO, echoed that comment, stating that "close rates for several large transactions slowed significantly in the final weeks of the quarter, resulting in total bookings coming in below plan." As a result of these

disclosures, the Company's stock price declined by $47.88 per share, or over 23%, to close at $158.03 per share on December 3, 2020.

## III.   ARGUMENT

### A.   Louisiana Sheriffs Is The Most Adequate Plaintiff

Louisiana Sheriffs respectfully submits that it is entitled to be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant that has the "largest financial interest" in the relief sought by the Class and satisfies the relevant requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) ("The [PSLRA] provides a simple . . . process for identifying the lead plaintiff pursuant to these criteria.").  As set forth below, Louisiana Sheriffs believes it is the "most adequate plaintiff" and is entitled to be appointed as Lead Plaintiff.

### 1.   Louisiana Sheriffs' Motion Is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  On December 4, 2020, plaintiff Tatiana Pavlova-Coleman filed the first of the Actions in this District.  That same day, counsel for Ms. Pavlova-Coleman published a notice on *Globe Newswire* alerting investors to the pendency of the action and informing them of the February 2, 2021 deadline to seek appointment as Lead Plaintiff.  *See Pavlova-Coleman*, ECF No. 5-1.  Then, on January 8, 2021, plaintiff Daniel Guirguis filed a substantially similar action in this District, which expanded the class period to run from August 26, 2020 through December 2, 2020.  That same day, counsel for Mr. Guirguis published a notice on *PRNewswire* alerting investors to the expanded class period and reiterating the February 2, 2021 deadline to seek Lead Plaintiff appointment.  *See Guirguis*, ECF No. 7-1.  Accordingly, Louisiana Sheriffs has timely moved for appointment as Lead Plaintiff through the filing of this Motion.

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 4:20-CV-08600-JST                                                                                  5

### 2.    Louisiana Sheriffs Has The Largest Financial Interest In The Relief Sought By The Class

Louisiana Sheriffs should be appointed Lead Plaintiff because it has the largest financial interest in the relief sought by the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). As demonstrated herein, Louisiana Sheriffs incurred losses of approximately $443,000, when calculated on a last-in, first-out (LIFO) basis, on its Class Period purchases of 10,080 shares of Splunk common stock. *See* Uslaner Decl., Exs. A-B. To the best of Louisiana Sheriffs' knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation. Accordingly, Louisiana Sheriffs has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 3.    Louisiana Sheriffs Otherwise Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Louisiana Sheriffs satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, a movant "need only make a prima facie showing of its typicality and adequacy." *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018) (Tigar, J.). Here, Louisiana Sheriffs indisputably satisfies the typicality and adequacy requirements.

Louisiana Sheriffs' claims are typical of the claims of other purchasers of Splunk common stock. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Id.* at 1061 (citation omitted). Here, Louisiana Sheriffs' claims and the claims of all other Class members arise from the same course of conduct and their legal arguments to prove Defendants' liability are identical. Indeed, like all other Class members, Louisiana Sheriffs (1) purchased Splunk common stock during the Class Period, (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) was damaged thereby. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (finding typicality requirement met when proposed lead plaintiff "purchased [defendant

corporation] common stock during the Class Period, allegedly in reliance upon Defendants' purported false and misleading statements, and alleged[ly] suffered damages as a result"). As such, Louisiana Sheriffs is a typical Class representative.

Louisiana Sheriffs similarly satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The test for adequacy is whether the class representative and his counsel 'have any conflicts of interest with other class members' and whether the class representative and his counsel will 'prosecute the action vigorously on behalf of the class.'" *Super Micro Comput.*, 317 F. Supp. 3d at 1061 (citation omitted). Louisiana Sheriffs satisfies these elements because its substantial financial stake in the litigation provides the incentive to vigorously represent the Class' claims. Louisiana Sheriffs' interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Louisiana Sheriffs and other Class members.

Further, based on its experience supervising lead counsel in other securities class action litigation, including proposed Lead Counsel, Louisiana Sheriffs is well-aware of the duties of the Lead Plaintiff to oversee the litigation separate and apart from counsel, and Louisiana Sheriffs has submitted a sworn Certification attesting to its willingness and ability to fulfill those duties here. *See* Uslaner Decl., Ex. A. Indeed, Louisiana Sheriffs has achieved outstanding results for investors when serving as a lead plaintiff or class representative in other securities class actions, having recovered approximately $1.8 billion in such cases. *See, e.g.*, *In re Citigroup Inc. Bond Litig.*, No. 08-cv-9522 (S.D.N.Y.) (recovering $730 million for the class, with Bernstein Litowitz serving as lead counsel); *In re Wachovia Preferred Sec. & Bond/Notes Litig.*, No. 09-cv-6351 (S.D.N.Y.) (recovering $627 million for the class, with Bernstein Litowitz serving as co-lead counsel); *In re Symbol Techs., Inc. Sec. Litig.*, No. 02-cv-1383 (E.D.N.Y.) (recovering $139 million for the class, with Bernstein Litowitz serving as co-lead counsel); *La. Sheriffs' Pension & Relief Fund v. Merrill Lynch & Co.*, No. 08-cv-9063 (S.D.N.Y.) (recovering $150 million for the class, with Bernstein Litowitz serving as lead counsel); and *In re Wells Fargo Mortg.-Backed Certificates Litig.*, No.

09-cv-1376 (N.D. Cal.) (recovering $125 million for the class, with Bernstein Litowitz serving as co-lead counsel).

Moreover, Louisiana Sheriffs—a sophisticated institutional investor responsible for managing approximately $4 billion in assets—is exactly the type of Lead Plaintiff that Congress encouraged, through the enactment of the PSLRA, to lead securities class actions. *See Shenwick v. Twitter, Inc.*, 2016 WL 10672428, at *2 (N.D. Cal. Dec. 22, 2016) (Tigar, J.) ("Congress intended that the lead plaintiff provision would encourage institutional investors to take a more active role in securities class action lawsuits[.]") (internal quotations omitted); H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

Finally, Louisiana Sheriffs has demonstrated its adequacy through its selection of Bernstein Litowitz as Lead Counsel to represent the Class in this action. As discussed more fully below, Bernstein Litowitz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively. Thus, as demonstrated herein, Louisiana Sheriffs satisfies the requirements of Rule 23.

**B.     Louisiana Sheriffs Selected Well-Qualified Lead Counsel To Represent The Class**

Pursuant to the PSLRA, a movant shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent, and that selection is to be honored unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.").

Bernstein Litowitz is among the preeminent securities class action law firms in the country. *See* Uslaner Decl., Ex. C (Bernstein Litowitz's Firm Résumé). Bernstein Litowitz served as Lead Counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action

history—were obtained for the class.  Bernstein Litowitz also secured a resolution of $2.43 billion for the class in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y.), a $1.06 billion recovery for the class in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.), and a $730 million settlement on behalf of the class in *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522 (S.D.N.Y.).

Significant examples in which courts in this District, including this Court, have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re McKesson HBOC, Inc. Securities Litigation*, No. 99-cv-20743 (N.D. Cal.) (recovering $1.05 billion for investors, the largest recovery ever in a securities class action in this District); *Hefler v. Wells Fargo & Company*, No. 16-cv-5479 (N.D. Cal.) (Tigar, J.) (recovering $480 million for investors); *In re 3Com Corp. Securities Litigation*, No. 97-cv-21083 (N.D. Cal.) (recovering $259 million for investors); *In re Maxim Integrated Products, Inc. Securities Litigation*, No. 08-cv-832 (N.D. Cal.) (recovering $173 million for investors); *In re Wells Fargo Mortgage-Backed Certificates Litigation*, No. 09-cv-1376 (N.D. Cal.) (recovering $125 million for investors); *In re Clarent Corp. Securities Litigation*, No. 01-cv-3361 (N.D. Cal.) (conducting a four-week trial and obtaining a favorable jury verdict finding the CEO and former auditor of the defendant company liable, leading to a recovery of millions of dollars for investors); and *In re Plantronics, Inc. Securities Litigation*, No. 19-cv-7481 (N.D. Cal.) (Tigar, J.) (currently serving as co-lead counsel).

Thus, the Court may be assured that by granting this Motion, the Class will receive the highest caliber of legal representation.

## C.      The Actions Should Be Deemed Related and Consolidated

Local Rule 3-12(a) defines related cases as those actions that "concern substantially the same parties, property, transaction or event" and where it "appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civ. L.R. 3-12(a).  Additionally, the PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also In re*

*Century Aluminum Co. Sec. Litig.*, 2009 WL 2905962, at \*2 (N.D. Cal. Sept. 8, 2009) ("A court must rule on a motion to consolidate before it can rule on a motion to appoint a lead plaintiff."). As shown in the table below, at least two related securities class actions are pending in this District against Defendants.

| Case | Civil No. | Date Filed |
|---|---|---|
| *Pavlova-Coleman* | 4:20-cv-08600 | December 4, 2020 |
| *Guirguis* | 4:21-cv-00164 | January 8, 2021 |

These actions present virtually identical factual and legal issues because they each allege claims under Sections 10(b) and 20(a) of the Exchange Act against the same Defendants, and are premised upon substantially similar misstatements regarding Splunk's misrepresentations to investors concerning the Company's ability to secure important customer renewals and deliver on previously announced financial targets.[3]  Rule 42(a) grants broad discretion to consolidate cases that involve common questions of law or fact.  *See City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*, 2005 WL 318813, at \*3 (N.D. Cal. Feb. 7, 2005) (finding that consolidating securities class actions "would expedite pretrial proceedings and reduce case duplication, thereby conserving judicial resources").  Accordingly, the Court should relate and consolidate the Actions.

## CONCLUSION

For the reasons discussed above, Louisiana Sheriffs respectfully requests that the Court appoint it as Lead Plaintiff, approve its selection of Bernstein Litowitz as Lead Counsel for the Class, relate and consolidate the Actions, and grant any such further relief as the Court may deem just and proper.

---

[3] While *Pavlova-Coleman* and *Guirguis* assert slightly different class periods, courts have routinely held that such a minor difference does not outweigh the benefits of judicial economy favoring consolidation.  *See, e.g.*, *Lloyd v. CVB Fin. Corp.*, 2011 WL 13128303, at \*3 (C.D. Cal. Jan. 21, 2011) ("Neither Rule 42 nor the PSLRA demands that actions be identical before they may be consolidated. . . .  Rather, in deciding whether to consolidate actions under Rule 42(a), a court must balance the savings of time and effort consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result.").

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 4:20-CV-08600-JST                                                                   10

Dated:  February 2, 2021                     Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470

                    -and-

HANNAH ROSS
(hannah@blbglaw.com)
AVI JOSEFSON
(avi@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

*Counsel for Proposed Lead Plaintiff
Louisiana Sheriffs' Pension & Relief Fund
and Proposed Lead Counsel for the Class*


**KLAUSNER, KAUFMAN, JENSEN
  & LEVINSON**

Robert D. Klausner
Stuart A. Kaufman
7080 Northwest 4th Street
Plantation, FL 33317
Telephone: (954) 916-1202
Facsimile: (954) 916-1232
bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for Proposed Lead Plaintiff
Louisiana Sheriffs' Pension & Relief Fund*

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 4:20-CV-08600-JST                                        11