ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATIANA PAVLOVA-COLEMAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> SPLUNK INC., et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Case No. 4:20-cv-08600-JST

CLASS ACTION

NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF

DATE:    March 10, 2021
TIME:    2:00 p.m.
CTRM:    6, 2nd Floor
JUDGE:   Hon. Jon S. Tigar

4840-3379-5034.v1

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ..................................................................................................................1

II.     STATEMENT OF ISSUES TO BE DECIDED ..................................................................2

III.    STATEMENT OF FACTS ....................................................................................................2

IV.     ARGUMENT .........................................................................................................................3

        A.      This Court Should Consolidate the Related Actions to Promote Efficiency ...........3

        B.      The Pension Fund Is the "Most Adequate Plaintiff" and Should Be
               Appointed Lead Plaintiff........................................................................................4

             1.      This Motion Is Timely ..................................................................................4

             2.      The Pension Fund Has a Substantial Financial Interest in the Relief
                   Sought by the Class.................................................................................5

             3.      The Pension Fund Is Typical and Adequate of the Putative Class ..............5

        C.      The Court Should Approve the Pension Fund's Selection of Counsel....................6

V.      CONCLUSION.......................................................................................................................8

NOT OF MOT & MOT FOR CONSOLIDATION, APPT AS LEAD PLTF & APPROVAL OF LEAD
COUNSEL; MEMORANDUM OF LAW IN SUPPORT - 4:20-cv-08600-JST
4840-3379-5034.v1

- i -

TO:   ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on March 10, 2021, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 6 on the 2nd Floor of the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA, 94612 before the Honorable Jon S. Tigar, class member UA Local 13 Pension Fund (the "Pension Fund") will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) consolidating the related actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Pension Fund as Lead Plaintiff; and (3) approving the Pension Fund's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel.  This Motion is made on the grounds that the related actions allege substantially similar facts and raise identical legal issues, and the Pension Fund is the most adequate plaintiff to serve as lead plaintiff in the consolidated action.  In support of this Motion, the Pension Fund submits herewith a Memorandum of Law and the Declaration of Michael Albert ("Albert Decl.").

## MEMORANDUM OF LAW

## I.   INTRODUCTION

Presently pending before this Court are two related securities class action lawsuits brought pursuant to §10(b) and §20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5: (1) *Pavlova-Coleman v. Splunk Inc.*, No. 4:20-cv-08600-JST; and (2) *Guirguis v. Splunk Inc.*, No. 4:21-cv-00164-JST (the "Related Actions").  Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar legal and factual issues.

Additionally, the PSLRA states that, the Court "shall appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  The Pension Fund should be

appointed as lead plaintiff because it: (1) timely filed this Motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Pension Fund's selection of Robbins Geller to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should consolidate the Related Actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2. Whether the Court should appoint the Pension Fund as lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

3. Whether the Court should approve the Pension Fund's selection of Robbins Geller as lead counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## III. STATEMENT OF FACTS

Splunk provides software solutions that purportedly ingest data from different sources, including systems, devices, and interactions, and turn that data into meaningful business insights across an organization. According to Splunk, its "Data-to-Everything platform enables users to investigate, monitor, analyze and act on data regardless of format or source." *See* ECF No. 1 at ¶20; *Guirguis*, ECF No. 1 at ¶18. Splunk's common stock trades on the NASDAQ under the symbol SPLK.

The complaints allege that defendants failed to disclose that Splunk: (1) was facing pushback from clients across its largest and most important accounts as it attempted to implement a new pricing model and secure customer renewals; (2) was not closing deals with its largest customers in the third fiscal quarter of 2021, ended October 31, 2020; and, therefore (3) it would not hit the financial targets it had previously announced to investors. *See* ECF No. 1 at ¶4; *Guirguis*, ECF No. at ¶3.

On December 2, 2020, Splunk announced its financial results for its third fiscal quarter of 2021. The results came in far below guidance, despite the fact defendants had recently reaffirmed that guidance with just days left in the quarter. That same day, Splunk held an earnings call during

which the Company's President and Chief Executive Officer Douglas S. Merritt blamed the terrible results on a "much lower-than-normal close rate among our largest deals, which caused us to fall short of our bookings target." *See* ECF No. 1 at ¶33; *Guirguis*, ECF No. 1 at ¶27. Chief Financial Officer Jason E. Child echoed that comment, stating that "closing rates for several large transactions slowed significantly in the final weeks of the quarter, resulting in total bookings coming in below plan." *Id*. The sudden and inexplicable failure to close deals with several of Splunk's largest and most important customers across its business surprised the market. For example, analysts at BTIG pointed out that Splunk's explanation "is fairly confusing given that most peers in the software space (and particularly in security software) saw relatively strong trends." *See Guirguis*, ECF No. 1 at ¶28. J.P. Morgan analysts were similarly "blindsided by the magnitude of too many large deals slipping in the final days of October." *See id*.; ECF No. 1 at ¶42. On this news, the price of Splunk's shares declined over 23%, the largest single-day decline in the Company's history, causing substantial harm to investors.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common stock, the Pension Fund and other class members have suffered significant losses and damages.

## IV.   ARGUMENT

### A.   This Court Should Consolidate the Related Actions to Promote Efficiency

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions. Fed. R. Civ. P. 42(a). "'Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved.'" *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018) (Tigar, J.) (citations omitted). Furthermore, "[t]he district court has

broad discretion . . . to consolidate cases pending in the same district." *Invs. Research Co. v. U.S. Dist. Ct. for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989).

The Related Actions present virtually identical factual and legal issues, alleging the same violations of the Exchange Act against the same defendants. While the *Pavlova-Coleman* complaint alleges a class period that begins on October 21, 2020 (and ends on December 2, 2020), the *Guirguis* complaint alleges a class period that begins on August 26, 2020 (and also ends on December 2, 2020). This slight difference in the start dates of the class periods will be reconciled by the lead plaintiff upon the filing of a consolidated complaint.

Because these Related Actions are based on the same facts and legal issues, the same discovery will pertain to both lawsuits. Thus, consolidation is appropriate here.

**B.      The Pension Fund Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedures for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or the group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). The Pension Fund meets each of these requirements and should be appointed Lead Plaintiff.

**1.      This Motion Is Timely**

The statutory notice of the first-filed action was published on December 4, 2020, advising class members of the pendency of the case, the claims asserted and the right to move the Court for

appointment as lead plaintiff by February 2, 2021.  *See* Albert Decl., Ex. A.  Because this Motion is being filed on February 2, it is timely and the Pension Fund is entitled to be considered for appointment as lead plaintiff.

### 2. The Pension Fund Has a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by its PSLRA Certification, the Pension Fund purchased 4,240 shares of Splunk stock during the Class Period and suffered over $191,606 in losses under both the first-in, first-out and last-in, first-out accounting methodologies as a result of defendants' alleged misconduct.[1]  *See* Albert Decl., Exs. B, C.  Therefore, the Pension Fund has a substantial financial interest in the relief sought by the class.

### 3. The Pension Fund Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage); *Super Micro Computer*, 317 F. Supp. 3d at 1060-61 ("Once a movant has demonstrated that it has the largest financial interest, it need only make a prima facie showing of its typicality and adequacy.")

The test of typicality is "'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'"  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted).  The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and able to vigorously prosecute the action on behalf of the class.  *See* Fed. R. Civ. P.

---

[1] For purposes of this Motion, and a determination of the "largest financial interest in the relief sought by the class," the Pension Fund uses the more inclusive class period of the two Related Actions.

23(a)(4).  Here, the Pension Fund purchased Splunk common stock and suffered harm when defendants' alleged misconduct was revealed.  *See* Albert Decl., Exs. B-C.  In addition, the Pension Fund's substantial stake in the outcome of the case indicates it has the requisite incentive to vigorously represent the class's claims.  Moreover, the Pension Fund is not aware of any conflicts between its claims and those asserted on behalf of the putative class and is not subject to any unique defenses.

The Pension Fund is a Rochester, New York-based multiemployer defined benefit non-contributory pension plan with assets of over $315 million.  The Pension Fund provides retirement benefits to eligible employees covered by a collective bargaining agreement between Local Union No. 13 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada and employer contractors.  Not only is the Pension Fund an experienced fiduciary, it is also has experienced serving as lead plaintiff in securities litigation.  *See, e.g.*, Albert Decl., Ex. B.  Indeed, the Pension Fund is precisely the type of institutional investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA:  "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."  *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001).  Finally, as discussed below, the Pension Fund has selected qualified counsel experienced in securities litigation.  The Pension Fund's common interests shared with the class, substantial financial interest in the litigation, and selection of qualified counsel demonstrate that it satisfies the Rule 23 inquiry.

**C.     The Court Should Approve the Pension Fund's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class.  *In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35.  The Pension Fund has selected Robbins Geller as lead counsel in this case.

Robbins Geller, a 200-attorney nationwide law firm with offices in San Francisco, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[2]  Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Bodri v. GoPro, Inc.*, 2016 WL 1718217, at *5 (N.D. Cal. Apr. 28, 2016) (Tigar, J.) (finding that Robbins Geller "has extensive experience in litigating complex securities class actions" and that "the Court is satisfied that the lead plaintiff has made a reasonable choice of lead counsel"); *Super Micro Comput.*, 317 F. Supp. 3d at 1062 (approving Robbins Geller as lead counsel and finding that "Robbins Geller has experience as lead counsel in securities class action lawsuits, including lawsuits in this district."); *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous.").

In the last year, Robbins Geller has recovered more than $2.5 billion on behalf of investors in securities class action cases, including $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), $1.02 billion in *Am. Realty*, and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.).  Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865- AG (C.D. Cal.), where the jury returned a verdict for

---

[2]     For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com.  A paper copy of the Firm's resume is available upon the Court's request, if preferred.

plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3] Accordingly, the Pension Fund's selection of counsel is reasonable and should be approved.

## V.  CONCLUSION

The Related Actions are substantially similar in facts and legal issues, and should be consolidated for all purposes.  Additionally, the Pension Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, the Pension Fund respectfully requests that the Court consolidate the Related Actions, appoint the Pension Fund as Lead Plaintiff, and approve its selection of counsel.

DATED:  February 2, 2021

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT

s/ Michael Albert
MICHAEL ALBERT

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

---

[3]  *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

ASHERKELLY
MICHAEL J. ASHER
JACQUELINE A. KELLY
25800 Northwestern Highway, Suite 1100
Southfield, MI  48075
Telephone:  248/746-2710
248/747-2809 (fax)
masher@asherkellylaw.com
jkelly@asherkellylaw.com

Additional Counsel for Plaintiff

NOT OF MOT & MOT FOR CONSOLIDATION, APPT AS LEAD PLTF & APPROVAL OF LEAD
COUNSEL; MEMORANDUM OF LAW IN SUPPORT - 4:20-cv-08600-JST
4840-3379-5034.v1

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 2, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Michael Albert
MICHAEL ALBERT

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  malbert@rgrdlaw.com

NOT OF MOT & MOT FOR CONSOLIDATION, APPT AS LEAD PLTF & APPROVAL OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT - 4:20-cv-08600-JST

- 1 -

4840-3379-5034.v1

## Mailing Information for a Case 4:20-cv-08600-JST Pavlova-Coleman v. Splunk Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Sara B. Brody**
  sbrody@sidley.com,ddelarocha@sidley.com,msam@sidley.com,sfdocket@sidley.com,sara-brody-9555@ecf.pacerpro.com

- **Thomas James Herron**
  therron@sidley.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Nicole Marie Ryan**
  nicole.ryan@sidley.com,tberninzoni@sidley.com,therron@sidley.com,nicole-ryan-5866@ecf.pacerpro.com,tj-herron-7299@ecf.pacerpro.com,sfdocket@sidley.com,dgiusti@sidley.com,ldonohue@sidley.com

- **Whitney E. Street**
  wstreet@blockesq.com,whitney-street-0082@ecf.pacerpro.com

- **Jonathan Daniel Uslaner**
  jonathanu@blbglaw.com,Khristine.DeLeon@blbglaw.com,Melody.Yaghoubzadeh@blbglaw.com,Scott.Foglietta@blbglaw.com,AdamW@blbglaw.com,Matthew.Maha

- **Jacob Allen Walker**
  jake@blockesq.com,jacob-walker-5598@ecf.pacerpro.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`