**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470

*Counsel for Proposed Lead Plaintiff
Louisiana Sheriffs' Pension & Relief Fund
and Proposed Lead Counsel for the Class*

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| TATIANA PAVLOVA-COLEMAN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>SPLUNK INC., DOUGLAS MERRITT, and JASON CHILD,<br><br>                    Defendants. | Case No. 4:20-cv-08600-JST<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE UNOPPOSED MOTION OF LOUISIANA SHERIFFS' PENSION & RELIEF FUND FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF ITS SELECTION OF LEAD COUNSEL, AND RELATION AND CONSOLIDATION OF ACTIONS**<br><br>Date: March 25, 2021<br>Time: 2:00 p.m.<br>Dept.: Courtroom 6, 2nd Floor<br>Judge: Hon. Jon S. Tigar |

*Captions continued on next page.*

BRIEF IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 4:20-CV-08600-JST

DANIEL GUIRGUIS, on behalf of himself and a class of similarly situated investors,

Plaintiff,

v.

SPLUNK INC., DOUGLAS S. MERRITT, and JASON E. CHILD,

Defendants.

Case No. 4:21-cv-00164-JST

<u>CLASS ACTION</u>

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.    PRELIMINARY STATEMENT .................................................................................1

II.    ARGUMENT ..............................................................................................................2

      A.    Louisiana Sheriffs Is The Most Adequate Plaintiff ..........................................2

            1.    Louisiana Sheriffs Has the Largest Financial Interest ................................3

            2.    Louisiana Sheriffs Otherwise Satisfies the Requirements of Rule 23 .........4

CONCLUSION .............................................................................................................................5

**TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Bodri v. Gopro, Inc.*,
   2016 WL 1718217 (N.D. Cal. Apr. 28, 2016) ............................................................................3

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ......................................................................................................3, 5

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
   2013 WL 2368059 (N.D. Cal. May 29, 2013) ............................................................................4

*Hessefort v. Super Micro Comput., Inc.*,
   317 F. Supp. 3d 1056 (N.D. Cal. 2018) .....................................................................................2, 3

*Richardson v. TVIA, Inc.*,
   2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ...........................................................................3

*Shenwick v. Twitter, Inc.*,
   2016 WL 10672428 (N.D. Cal. Dec. 22, 2016) .........................................................................5

STATUTES

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ..............................................................................................1, 2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ........................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) .........................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ..........................................................................................2, 3, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .......................................................................................4

OTHER AUTHORITIES

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 .................................5

Presumptive Lead Plaintiff Louisiana Sheriffs respectfully submits this memorandum of points and authorities in further support of its unopposed motion for appointment as Lead Plaintiff, approval of its selection of lead counsel, and relation and consolidation of the Actions. *See* ECF No. 28.[1]

## I.    PRELIMINARY STATEMENT

Louisiana Sheriffs should be appointed Lead Plaintiff because it is the "most adequate plaintiff" and has the "largest financial interest" in the securities class action against Splunk under the standards of the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition to Louisiana Sheriffs, four other movants filed motions seeking Lead Plaintiff appointment on February 2, 2021: (1) UA Local 13 Pension Fund; (2) Ka Wah Lui; (3) Tatiana Pavlova-Coleman; and (4) Alexander Wolk.[2] As demonstrated by the chart below, none of the competing movants possess a financial interest that approaches Louisiana Sheriffs' total losses of $443,000 (as calculated under LIFO):



[1] All capitalized terms are defined in Louisiana Sheriffs' initial brief, unless otherwise indicated. *See* ECF No. 28.

[2] The competing movants and Defendants all agree that consolidation of the Actions is appropriate. *See* ECF Nos. 19, 23, 41, 52.

Louisiana Sheriffs' losses are greater than the combined losses of all remaining movants and nearly *two-and-a-half times* greater than the loss asserted by UA Local 13 Pension Fund—the movant with the second largest loss.

In recognition that Louisiana Sheriffs has the largest financial interest of any movant and is otherwise adequate to represent the Class, UA Local 13 Pension Fund, Ms. Pavlova-Coleman and Mr. Lui do not oppose Louisiana Sheriffs' appointment as Lead Plaintiff, and Mr. Wolk has withdrawn his motion. *See* ECF Nos. 49-51, 53.

Louisiana Sheriffs is also perfectly situated to represent all Class members and readily satisfies the typicality and adequacy requirements of Rule 23. *See* ECF No. 28 at 6-8. It is the prototypical Lead Plaintiff envisioned by Congress when it enacted the PSLRA. Louisiana Sheriffs is a sophisticated institutional investor that manages approximately $4 billion in assets and fully understands the Lead Plaintiff's obligations under the PSLRA, having a track record of achieving significant recoveries for investors as lead plaintiff in other securities class actions.

Because Louisiana Sheriffs has the largest financial interest in the litigation and has made a *prima facie* showing of its typicality and adequacy, it is entitled to a strong presumption that it is the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Under the PSLRA, this presumption can only be rebutted "*upon proof*" that Louisiana Sheriffs is inadequate or atypical. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). Here, there are no facts, let alone any "proof," that Louisiana Sheriffs is somehow unfit to represent the Class.

Accordingly, Louisiana Sheriffs should be appointed Lead Plaintiff and its motion should otherwise be granted.

## II.    ARGUMENT

### A.    Louisiana Sheriffs Is The Most Adequate Plaintiff

The PSLRA creates a strong presumption that the lead plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal.

2018) (Tigar, J.).  Once this presumption is triggered, it can only be rebutted upon "proof" that the presumptive lead plaintiff will not fairly represent the interests of the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) (explaining that the PSLRA's presumption is triggered even if the district court believes another movant may be "more typical [] more adequate . . . [or] would do a better job").

### 1.    Louisiana Sheriffs Has the Largest Financial Interest

Louisiana Sheriffs has, by far, the largest financial interest in the relief sought by the Class. Consistent with Ninth Circuit precedent, this Court, as well as others in this District and Circuit, equates a movant's financial interest with its financial loss.  *See, e.g.*, *Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [it] is entitled to lead plaintiff status."); *Bodri v. Gopro, Inc.*, 2016 WL 1718217, at *3 (N.D. Cal. Apr. 28, 2016) ("[T]he weight of authority puts the most emphasis on the competing movants' estimated losses[.]'") (Tigar, J.); *Super Micro Comput.*, 317 F. Supp. 3d at 1059 ("While the PSLRA does not specify how to calculate the largest financial interest, approximate losses in the subject securities is the preferred measure.") (Tigar, J.) (internal quotations omitted).

As illustrated in the following chart, Louisiana Sheriffs' loss is greater than the combined losses of the competing movants and multiples greater than the loss claimed by every remaining plaintiff movant.  Moreover, even under other metrics of financial interest, Louisiana Sheriffs has the largest financial interest, having purchased the most total shares, purchased the most net shares, and expended the most net funds.  *See Richardson v. TVIA, Inc.*, 2007 WL 1129344, at *3 (N.D. Cal. Apr. 16, 2007) ("Courts have typically considered the "Olsten-Lax" factors to determine who has the largest financial interest: '(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.'").

BRIEF IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 4:20-CV-08600-JST                                                                                 3

| Movant | Shares Purchased | Net Shares Purchased | Net Funds Expended | LIFO Loss |
|---|---|---|---|---|
| **Louisiana Sheriffs** | 10,080 | 10,080 | $2,045,131 | $443,032 |
| **UA Local 13 Pension Fund** | 4,240 | 4,240 | $862,707 | $191,606 |
| **Ka Wah Lui** | 2,252 | 2,252 | $459,504 | $82,526 |
| **Tatiana Pavlova-Coleman** | 750 | 205 | $32,840 | $3,861 |
| **Alexander Wolk** | 14 | 14 | $3,011 | $668 |

As such, Louisiana Sheriffs has the "largest financial interest in the relief sought by the class" and is entitled to be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

**2.    Louisiana Sheriffs Otherwise Satisfies the Requirements of Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, Louisiana Sheriffs otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). To overcome the strong presumption entitling Louisiana Sheriffs to appointment as Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists in this case, and there can be no credible arguments to the contrary.

As demonstrated in its opening motion, Louisiana Sheriffs is a typical Class member. *See* ECF No. 28 at 6-7. Here, like all other Class members, Louisiana Sheriffs (1) purchased Splunk common stock during the Class Period, (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) was harmed when the truth was revealed. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013). As such, Louisiana Sheriffs is typical of other Class members.

Louisiana Sheriffs also satisfies Rule 23's adequacy requirement because it is capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). As demonstrated in its opening brief, Louisiana Sheriffs is a sophisticated institutional investor that has a proven track record of obtaining large recoveries on behalf of investors and understands and accepts the duties and responsibilities owed to other Class members to monitor the prosecution of this action in the best interests of the Class. *See* ECF No. 28 at 7-8.

Further, there is no conflict of interest between Louisiana Sheriffs' interests and those of the other Class members. To the contrary, the interests of Louisiana Sheriffs and other Class members are directly aligned because all suffered damages from their purchases of Splunk common stock that was artificially inflated by Defendants' misconduct. As discussed more fully above, Louisiana Sheriffs clearly has a sufficient interest to ensure the vigorous prosecution of this litigation and has demonstrated its commitment to prosecuting this action efficiently and in the best interests of the Class. *See id.*

Moreover, Louisiana Sheriffs—a sophisticated institutional investor responsible for managing approximately $4 billion in assets—is exactly the type of Lead Plaintiff that Congress encouraged, through the enactment of the PSLRA, to lead securities class actions. *See Shenwick v. Twitter, Inc.*, 2016 WL 10672428, at *2 (N.D. Cal. Dec. 22, 2016) (Tigar, J.) ("Congress intended that the lead plaintiff provision would encourage institutional investors to take a more active role in securities class action lawsuits[.]") (internal quotations omitted); H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

Because Louisiana Sheriffs has met all the requirements for appointment as Lead Plaintiff, the Court need not consider the competing motions. *See Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

Accordingly, because Louisiana Sheriffs has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23's requirements, the Court should appoint it as Lead Plaintiff.

## CONCLUSION

For the reasons discussed above, Louisiana Sheriffs respectfully requests that the Court appoint it as Lead Plaintiff, approve its selection of Bernstein Litowitz as Lead Counsel for the

Class, relate and consolidate the Actions, and grant any such further relief as the Court may deem just and proper.

Dated:  February 16, 2021                          Respectfully submitted,

                                                   **BERNSTEIN LITOWITZ BERGER**
                                                   **  & GROSSMANN LLP**

                                                   */s/ Jonathan D. Uslaner*
                                                   JONATHAN D. USLANER (Bar No. 256898)
                                                   (jonathanu@blbglaw.com)
                                                   2121 Avenue of the Stars, Suite 2575
                                                   Los Angeles, CA 90067
                                                   Telephone: (310) 819-3470

                                                             -and-

                                                   HANNAH ROSS
                                                   (hannah@blbglaw.com)
                                                   AVI JOSEFSON
                                                   (avi@blbglaw.com)
                                                   1251 Avenue of the Americas
                                                   New York, NY 10020
                                                   Telephone: (212) 554-1400
                                                   Facsimile: (212) 554-1444

                                                   *Counsel for Proposed Lead Plaintiff*
                                                   *Louisiana Sheriffs' Pension & Relief Fund*
                                                   *and Proposed Lead Counsel for the Class*


                                                   **KLAUSNER, KAUFMAN, JENSEN**
                                                   **  & LEVINSON**

                                                   Robert D. Klausner
                                                   Stuart A. Kaufman
                                                   7080 Northwest 4th Street
                                                   Plantation, FL 33317
                                                   Telephone: (954) 916-1202
                                                   Facsimile: (954) 916-1232
                                                   bob@robertdklausner.com
                                                   stu@robertdklausner.com

                                                   *Additional Counsel for Proposed Lead Plaintiff*
                                                   *Louisiana Sheriffs' Pension & Relief Fund*

BRIEF IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 4:20-CV-08600-JST                                                                6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 16, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**

 */s/ Jonathan D. Uslaner*
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:    (310) 819-3470