Sara B. Brody (SBN 130222)
sbrody@sidley.com
Nicole M. Ryan (SBN 175980)
nicole.ryan@sidley.com
TJ Herron (SBN 331728)
therron@sidley.com
Stephen Tang (SBN 336273)
stang@sidley.com
SIDLEY AUSTIN LLP
555 California St., Suite 2000
San Francisco, CA 94104
Telephone: +1 (415) 772-1200
Facsimile: +1 (415) 772-7400

*Attorneys for Defendants*
SPLUNK INC., DOUGLAS MERRITT, and
JASON CHILD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE SPLUNK INC. SECURITIES LITIGATION | Case No.  4:20-cv-08600-JST |
| | <u>CLASS ACTION</u> |
| | **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT** |
| | Date:   November 18, 2021<br>Time:   2:00 p.m.<br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6 |

## I.   INTRODUCTION

Pursuant to Federal Rule of Evidence 201(b) and the doctrine of incorporation by reference, Defendants Splunk Inc. ("Splunk"), Douglas Merritt, and Jason Child ("Defendants") hereby file this request for judicial notice and/or incorporation by reference of documents ("Request for Judicial Notice") cited in their Motion to Dismiss Consolidated Class Action Complaint for Violations of Federal Securities Laws (ECF No. 65) ("Consolidated Complaint") and the accompanying Memorandum of Points and Authorities.  These documents are attached as exhibits to the concurrently-filed declaration of Nicole M. Ryan ("Ryan Declaration").  Each document is properly subject to judicial notice and/or may be considered under the doctrine of incorporation by reference.

In cases arising under Section 10(b) of the Securities Exchange Act of 1934, defendants' public statements "constitute the subject matter of the claim."  *Wochos v. Tesla, Inc.* ("*Wochos I*"), 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018).  In evaluating motions to dismiss Section 10(b) claims, courts accordingly consider "what representations [defendants] made to the market."  *Id.*  The documents attached to the Ryan Declaration reflect Defendants' public statements during the purported class period and are therefore properly before the Court as a matter of judicial notice.  Nearly all of these documents are also referred to or drawn upon in the Consolidated Complaint and thus are also properly before the Court under the doctrine of incorporation by reference.  *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

Exhibits 1 through 10 to the Ryan Declaration are true and correct copies of the following:[1]

1.   **Exhibit 1: Splunk's March 26, 2020 Form 10-K (excerpted)** (¶¶ 2-3, 43, 45, 47, 51, 55, 65, 93, 103-07, 123-25).  Defendants offer Exhibit 1 to demonstrate what Splunk and/or its employees said to the market about Splunk's hiring and marketing investments, as well as to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements, including but

---

[1] All paragraph designations in the parentheticals refer to the corresponding paragraph(s) in the Consolidated Complaint.

1

not limited to cautionary language subjecting forward-looking statements to dismissal under the Private Securities Litigation Reform Act ("PSLRA").

2.    **Exhibit 2: The transcript of Splunk's May 21, 2020 earnings call for Q1 2021** (¶¶ 45, 47-48, 50, 93, 107, 110-14, 118, 122).  Defendants offer Exhibit 2 to demonstrate what Splunk and/or its employees said to the market about Splunk's hiring and marketing investments, as well as to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements.

3.    **Exhibit 3: Splunk's June 1, 2020 Form 10-Q (excerpted)** (¶¶ 2-3, 43, 45, 47, 55, 65, 93, 108-09, 123-25).  Defendants offer Exhibit 3 to demonstrate what Splunk and/or its employees said to the market about Splunk's hiring and marketing investments, as well as to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements, including but not limited to cautionary language subjecting forward-looking statements to dismissal under the PSLRA.

4.    **Exhibit 4: The June 8, 2020 *Silicon Valley Business Journal* article, "Splunk CEO Doug Merritt on Growing in San Jose and Why He's Not Committing to No Layoffs This Year," regarding its interview with CEO Douglas Merritt** (¶¶ 3, 52, 84, 93, 115-16, 122, 128).  Defendants offer Exhibit 4 to demonstrate what Douglas Merritt said to the market about Splunk's approach to layoffs, as well as to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements.

5.    **Exhibit 5: Splunk's September 3, 2020 Form 10-Q (excerpted)** (¶¶ 2-3, 43, 45, 47, 55, 65, 93, 108-09, 123-25).  Defendants offer Exhibit 5 to demonstrate what Splunk and/or its employees said to the market about Splunk's hiring and marketing investments, as well as to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements, including but

2

not limited to cautionary language subjecting forward-looking statements to dismissal under the PSLRA.

6. **Exhibit 6: The transcript of Splunk's presentation at the September 14, 2020 Jefferies Software Conference** (¶¶ 37, 117-18, 122).  Defendants offer Exhibit 6 to demonstrate what Splunk and/or its employees said to the market about Splunk's hiring and marketing investments, as well as to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements.

7. **Exhibit 7: The transcript of Splunk's December 2, 2020 earnings call for Q3 2021** (¶¶ 95, 132, 134, 144).  Defendants offer Exhibit 7 to demonstrate what Splunk and/or its employees said to the market about Splunk's financial results for the third quarter of FY 2021, as well as to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements.

8. **Exhibit 8: The transcript of Splunk's presentation at the December 3, 2020 KeyBanc Capital Markets Cloud Leadership Conference** (¶¶ 12, 63, 74-75, 96, 105, 107-09, 111-12, 114, 116, 118, 120, 132, 135, 139-40, 144).  Defendants offer Exhibit 8 to demonstrate what Splunk and/or its employees said to the market about Splunk's hiring and marketing investments, as well as to provide the Court with the full, unabridged statements cited by Plaintiff and the accompanying context regarding these statements.

9. **Exhibit 9: *Yahoo! Finance* historical stock price data for Splunk (December 2, 2020 and December 3, 2020)**.  Defendants offer Exhibit 9 to demonstrate the opening and closing prices of Splunk stock on December 2, 2020 and December 3, 2020.

10. **Exhibit 10: *Yahoo! Finance* historical stock price data for the S&P 500 (December 2, 2020 and December 3, 2020)**.  Defendants offer Exhibit 10 to demonstrate the opening and closing prices of the S&P 500 on December 2, 2020 and December 3, 2020.

3

## II.   LEGAL STANDARDS

On a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 322 (2007).  Courts may "judicially notice a fact that is not subject to reasonable dispute," even if it is not relied upon in the complaint, where it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  Courts may consider such facts "at any stage of the proceeding," Fed. R. Evid. 201(d), "even if they are not referenced in the pleading, so long as they meet the requirements for judicial notice set forth in Federal Rule of Evidence 201." *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*, 2012 WL 685344, at *8 n.5 (N.D. Cal. Mar. 2, 2012).  Thus, "[courts] may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (internal quotations marks and citations omitted).

Moreover, under the doctrine of incorporation by reference, courts may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading" on a motion to dismiss.  *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (alteration in original) (internal quotation marks and citations omitted), *superseded by statute on other grounds as stated in In re Quality Sys., Inc. Litig.*, 865 F.3d 1130, 1146 (9th Cir. 2017).  A document may be incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims." *Khoja*, 899 F.3d at 1002 (internal quotation marks and citations omitted).  This "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.*  Documents incorporated by reference are treated "as though they are part of the complaint itself." *Id.*

4

## III. ARGUMENT

### A. Splunk's SEC Filings, Investor Call Transcripts, Conference Transcripts, and the *Silicon Valley Business Journal* News Article Are Subject to Judicial Notice and Incorporated by Reference into the Consolidated Complaint.

#### 1. Judicial Notice

Exhibits 1, 3, and 5 are certain of Splunk's SEC filings during the purported class period and include Forms 10-K and 10-Q. Courts routinely take judicial notice of materials filed with the SEC, particularly in securities cases. *E.g.*, *Metzler Inv. GMBH v. Corinthian Colls. Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings are proper subjects of judicial notice); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (SEC filings are subject to judicial notice); *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) ("SEC filings are routinely subject to judicial notice"); *Wochos v. Tesla, Inc.* ("*Wochos II*"), 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019) (documents filed with the SEC are "appropriate subjects of judicial notice"), *aff'd* 985 F.3d 1180 (9th Cir. 2021); *Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1123 (N.D. Cal. 2017) ("SEC filings . . . are judicially noticeable to show what was available to the market.").

Exhibits 2 and 6-8 are transcripts from earnings calls and investor and analyst conferences, "the accuracy of which is not reasonably subject to dispute." *Wochos I*, 2018 WL 4076437, at *2. As in *Wochos I*, the transcripts in this case "constitute the subject matter of the claim: [Defendants'] public statements." *Id.* The Court may accordingly consider these documents in evaluating the motion to dismiss to determine what Defendants told the market. *Id.*; *see also Wochos II*, 2019 WL 1332395, at *2 ("earnings conference call transcripts" are appropriate subjects of judicial notice, which can be considered to determine what representations defendant made to the market); *McGovney v. Aerohive Networks, Inc.*, 367 F. Supp. 3d 1038, 1050 (N.D. Cal. 2019) (taking judicial notice of earnings call transcripts); *Colyer v. Acelrx Pharms.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015) (finding conference call transcripts subject to judicial notice particularly where "portions of these transcripts are quoted at length in the complaint"); *Bodri v. GoPro, Inc.*, 252 F. Supp. 3d 912, 921 (N.D. Cal. 2017) (taking judicial notice of earnings call and conference transcripts).

5

Exhibit 4 is a news article from the *Silicon Valley Business Journal* about its interview of Douglas Merritt.  Courts have found that news articles are properly the subject of judicial notice to show that "the market was aware of the information contained in [them]."  *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999); *In re Facebook, Inc.*, 405 F. Supp. 3d 809, 828 (N.D. Cal. 2019) (taking judicial notice of news articles "to show that the market was aware of the information contained in the articles"); *In re Kalobios Pharm., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1003-04 (N.D. Cal. 2017) (collecting cases and taking judicial notice of news articles offered "for the purposes of showing that the market was [already] aware of the information contained in news articles") (alteration in original, internal quotation omitted); *Shenwick*, 282 F. Supp. 3d at 1123 (N.D. Cal. 2017) ("[N]ews articles are judicially noticeable to show what was available to the market."); *Bodri*, 252 F. Supp. 3d at 921 (taking judicial notice of transcript of CEO's interview with CNBC).

Accordingly, the Court should take judicial notice of Exhibits 1-8.

### 2.    Incorporation by Reference

Exhibits 1, 3, and 5 (SEC filings), 2 and 6 (transcripts), and 4 (article) also may be incorporated by reference because Plaintiff explicitly and extensively relies upon statements in these documents as the bases of the alleged misstatements in the Complaint.  *See Khoja*, 899 F.3d at 1002; *In re Leapfrog Enter., Inc. Sec. Litig.*, 200 F. Supp. 3d 987, 993 (N.D. Cal. 2016) (where "[p]laintiffs expressly referred to these exhibits in the [First Amended Complaint], and relied on them as sources of the allegedly fraudulent statements" it was appropriate to consider them incorporated by reference); *Curry v. Yelp*, 2015 WL 1849037, at *4 (N.D. Cal. Apr. 21, 2015) (finding that documents are properly incorporated by reference when "Plaintiffs quote and cite to [those documents] at length in their complaint").  Incorporation by reference "prevents plaintiffs from selecting only portions of documents that support their claims."  *Khoja*, 899 F.3d at 1002.  *See also Colyer*, 2015 WL 7566809, at *3 ("Plaintiffs cannot selectively quote from one part of a publicly-available transcript and then object to Defendants' decision to provide the Court with the complete transcript.").

Exhibits 7 and 8 (transcripts) may also be incorporated by reference because Plaintiff explicitly and extensively relies upon statements in these documents as the bases of the alleged corrective disclosures in the Complaint.  *See Khoja*, 899 F.3d at 1005 (where a complaint "alleges the loss in . . . stock price occurred because of [an] article's revelations," it was not an abuse of discretion to incorporate that article); *Oracle Partners, L.P. v. Concentric Analgesics, Inc.*, 2021 WL 2322351, at *3 (N.D. Cal. June 7, 2021) (corrective disclosures subject to incorporation by reference); *In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *4 (N.D. Cal. July 21, 2020) (transcript which "[the complaint] repeatedly references to illustrate the materialization of previously undisclosed risks" was subject to incorporation by reference) (internal quotations marks and citations omitted); *Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 593 (N.D. Cal. 2019) (corrective disclosures subject to incorporation by reference).

Accordingly, Exhibits 1-8 are incorporated by reference into the Consolidated Complaint.

**B.   The Court Should Take Judicial Notice of Historical Stock Prices for Splunk and the S&P 500.**

Exhibits 9 and 10 contain online historical price stock data from *Yahoo! Finance* for Splunk and the S&P 500 on December 2, 2020 and December 3, 2020.  Courts regularly take judicial notice of such information.  *E.g.*, *In re Atossa Genetics Inc. Sec. Litig.*, 868 F.3d 784, 799 (9th Cir. 2017) (granting motion for judicial notice of historical stock prices); *Metzler*, 540 F.3d at 1064 n.7 (stock price history is a proper subject of judicial notice); *In re Facebook*, 405 F. Supp. 3d at 828 ("Information about the stock price of publicly traded companies [is] the proper subject of judicial notice.") (alteration in original, quotations omitted); *Hefler v. Wells Fargo & Co.*, 2018 WL 1070116, at *3 (N.D. Cal. Feb. 27, 2018)  (holding that historical stock prices are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned") (citation omitted); *In re Verifone Sec. Litig.*, 784 F. Supp. 1471, 1475 n.2 (N.D. Cal. 1992) ("The court takes judicial notice of the daily closing prices of Verifone common stock.").  Stock price data in Exhibits 9 and 10 demonstrate how the market behaved following Splunk's December 2, 2020 earnings call and press release as well as the December 3, 2020 KeyBanc Capital Markets Conference.  Accordingly, the Court should take

7

judicial notice of the publicly available S&P 500 and Splunk stock price data because they "are not subject to reasonable dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *In re Atossa*, 868 F.3d at 799 (internal quotation marks and citations omitted).

**IV.     CONCLUSION**

Defendants respectfully request that the Court take judicial notice of and/or consider under the doctrine of incorporation by reference the ten exhibits referenced in this Request for Judicial Notice, attached to the Ryan Declaration, and cited in Defendants' motion to dismiss.

Date: July 27, 2021                                     SIDLEY AUSTIN LLP


                                                        By: /s/ Nicole M. Ryan
                                                            Nicole M. Ryan

                                                            *Counsel for Defendants*
                                                            SPLUNK INC., DOUGLAS MERRITT, and
                                                            JASON CHILD

8