**BERNSTEIN LITOWITZ BERGER**
   **& GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
lauren.cruz@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

*Lead Counsel for Lead Plaintiff and
the Class*

[Additional Counsel Appear on Signature Page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE SPLUNK INC. SECURITIES LITIGATION | Case No. 4:20-cv-08600-JST |
| | <u>CLASS ACTION</u> |
| | **LEAD PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT** |
| | Date: November 18, 2021<br>Time: 2:00 p.m.<br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6 |

LEAD PLAINTIFF'S OPP. TO DEFS'
REQUEST FOR JUDICIAL NOTICE
Master File No. 4:20-cv-08600-JST

Lead Plaintiff respectfully objects, in part, to Defendants' Request For Judicial Notice and Consideration of Documents Incorporated by Reference in Support of Motion To Dismiss Consolidated Class Action Complaint ("Request," ECF No. 68, and "Motion," ECF No. 67).[1]

## I.  **<u>INTRODUCTION</u>**

The Ninth Circuit in *Khoja v. Orexigen Therapeutics, Inc.* warned of the "concerning pattern" of defendants in securities cases "exploiting" the incorporation-by-reference doctrine and judicial notice to improperly present a one-sided version of events at the pleading stage in an attempt to undermine well-pled allegations. 899 F.3d 988, 998 (9th Cir. 2018). The Ninth Circuit made clear that defendants may not "present their own version of the facts at the pleading stage" through documents deemed incorporated by reference or judicially noticed. *Id.* at 999. Such "unscrupulous use of extrinsic documents to resolve competing theories against the complaint" is impermissible at this stage in the proceedings because doing so "risks premature dismissals of plausible claims that may turn out to be valid after discovery," which is "especially significant in SEC fraud matters." *Id.* at 998. Thus, a court may neither "take judicial notice of disputed facts" nor "assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 999, 1003. "Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine." *Id.* at 999.

Defendants' Request and Motion are perfect examples of the abuses that the *Khoja* court denounced. Defendants invite the Court to take judicial notice of and deem incorporated into the Complaint eight documents (Exs. 1-8) and to take judicial notice of two documents not mentioned in the Complaint (Exs. 9-10). Defendants then try to misuse those documents in their Motion to construct an alternative version of events that purports to explain away, excuse, or contradict the well-pled factual allegations in the Complaint. The end result is no more than a series of factual disputes that cannot be resolved now. While the Court may properly consider Defendants' SEC filings and other public documents to determine what Defendants told investors during the Class Period, it cannot accept Defendants' invitation to use these exhibits at this stage to introduce alternative facts or to

---

[1] Unless otherwise noted, all "Exhibit" references herein are to the Exhibits to the Declaration of Nicole M. Ryan ("Ryan Declaration") (ECF No. 69).

resolve factual disputes in Defendants' favor.

## II.   LEGAL STANDARDS

"'As a general rule, [courts] may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1121-22 (N.D. Cal. 2017) (citing *U.S. v. Corinthian Colls.*, 655 F.3d 984, 998-99 (9th Cir. 2011) (quoting *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001))). "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Khoja*, 899 F.3d at 998. "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute,'" meaning "it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* at 999 (citing Fed. R. Evid. 201). Incorporation by reference allows a court to consider documents to which the complaint "refers extensively" or "forms the basis of the plaintiff's claim." *Id.* at 1002. Under neither, however, are courts permitted to assume the truth of disputed facts "if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 999, 1003.

## III.   ARGUMENT

Throughout their Motion, Defendants ask the Court to consider documents and the statements and content contained therein to directly contradict the well-pled allegations in the Complaint under the guise of the "incorporation-by-reference" doctrine and "judicial notice." Defendants' concoction of a series of fact-intensive challenges run afoul of *Khoja*'s proscriptions. As the Ninth Circuit warned, "what inferences a court may draw from an incorporated document should [] be approached with caution," lest the doctrine operate as "a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Khoja*, 899 F.3d at 1003. That is precisely what Defendants seek to do here and should be disallowed. To the extent that Defendants invite this Court to improperly accept their competing factual inferences against the well-pled allegations in the Complaint, this runs afoul of the well-established "prohibition against resolving factual disputes at the pleading stage." *Id.* (collecting cases).

For example, Defendants offer Splunk's SEC filings (Exs. 1, 3, 5) for the "truth" of Splunk's reported "sales and marketing expenses" and particular line items within this bucket to try to rebut

the well-pled allegations that Splunk had frozen hiring of sales personnel and suspended marketing investments. But as this Court explained in *Shaev v. Baker*, because these are facts subject to reasonable dispute, "the Court takes judicial notice only of the statements [in the SEC filings], but not for the purpose of determining the truth of those statements." 2017 WL 1735573, at *7 (N.D. Cal. May 4, 2017); *see also Shenwick*, 282 F. Supp. 3d at 1122–23 (same); *In re Mattel, Inc. Sec. Litig.*, 2021 WL 1259405, at *6 (C.D. Cal. Jan. 26, 2021) (same). As this Court has also recognized, even where "[i]t is not disputed that Defendants *actually* made the statements contained in" the documents incorporated into the complaint, "that does not mean the Court may assume that the *contents* of these documents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Shenwick*, 282 F. Supp 3d at 1123 n.2 (emphasis in original); *see also Lynch v. Rawls*, 429 F. App'x 641, 643, n.1 (9th Cir. 2011) (noting that while doctrine of completeness may require consideration of an SEC filing to determine what investors were told, "it does not require that the entire content of the document be taken as true in ruling on a defendant's motion to dismiss"). "To do otherwise would be to assume the truth of defendants' regulatory filings despite plaintiffs' underlying contention that defendants were not truthful in their public representations." *In re Impinj, Inc., Sec. Litig.*, 414 F. Supp. 3d 1327, 1333 (W.D. Wash. 2019).

Defendants likewise offer the transcript of Child's misleading May 21, 2020 statement (Ex. 2) in which he discussed "some kind of hiring freeze" to argue (baselessly) that, in this statement, Child fully disclosed that Splunk had implemented and maintained a complete hiring freeze of sales personnel. But this Court has rejected consideration of a document to decide "whether the document[] actually disclosed" what is alleged to have been omitted because this is a dispute "that the Court cannot resolve via judicial notice" at the pleading stage. *Eastman v. Apple, Inc.*, 2019 WL 3934805, at *5 (N.D. Cal. Aug. 20, 2019). The Ninth Circuit in *Khoja* likewise found it to be an abuse of discretion when a lower court made factual determinations based on a transcript that contained statements "subject to varying interpretations" and where "[r]easonable people could debate what exactly this conference call disclosed." *Khoja*, 899 F.3d at 1000 (finding it to be an abuse of discretion to use judicially noticed documents "to determine what the investors knew"); *see also In re Snap Inc. Sec. Litig.*, 2018 WL 2972528, at *4, n.12 (C.D. Cal. June 7, 2018) (refusing to take judicial notice

of documents offered to show what "'the market understood'" because resolving competing inferences and factual disputes is "improper at this stage of litigation").

Defendants similarly attempt to misuse the transcript of Splunk's presentation at the December 3, 2020 KeyBanc Capital Markets Cloud Leadership Conference (Ex. 5), asking the Court to accept Defendants' counter-factual narrative that Child admitted during that conference only to having implemented a "short-term" suspension of "certain" marketing investments. Mot. at 16. Though Child nowhere said these words, Defendants then attempt to assert that their interpretation of Child's admission is "not inconsistent" with Defendants' additional counter-factual interpretation of their Class Period statements. *Id.* In *Shenwick*, when faced with the defendants' proffer of a counter-factual interpretation of their statements in an effort to reject the plaintiffs' well-pled allegations of falsity, this Court declined to accept the defendants' interpretation, reasoning that it "amounts to a dispute over the inferences to be drawn from [the defendants'] two statements" and holding that "[o]n a motion to dismiss, the Court draws reasonable inferences in favor of Plaintiff." 282 F. Supp. 3d at 1139 n.24. As this Court has done before when "Defendants repeatedly do what *Khoja* forbids – ask the Court to take judicial notice of documents that they then use as a basis to challenge the factual averments in the complaint" – the Court should reject Defendants' improperly interjected alternative reality. *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018).

Likewise, under the incorporation by reference doctrine, "it is improper" to use incorporated documents "to resolve factual disputes against the plaintiff's well-pled allegations in the complaint," as "[t]he incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage." *Khoja*, 899 F.3d at 1014 (collecting cases); *see also In re Silver Wheaton Corp. Sec. Litig.*, 2019 WL 1512269, at *8 (C.D. Cal. Mar. 25, 2019) (denying defendants' requests for judicial notice of incorporated documents "to the extent the defendants seek to have this Court rely on these documents to adopt defendants' version of facts at the pleading stage"). This Court should therefore refuse Defendants' invitation to accept their version of events and resolve factual disputes in their favor based on Defendants' self-serving statements in their documents.

## IV.    CONCLUSION

In accordance with the Ninth Circuit's decision in *Khoja*, Lead Plaintiff respectfully submits that the Court should not assume the truth of Defendants' statements in their exhibits or accept Defendants' proffered inferences based on their self-serving version of the statements contained therein to dispute the Complaint's well-pled allegations.

DATED:  September 15, 2021

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
lauren.cruz@blbglaw.com
2121 Avenue of the Stars
Los Angeles, California  90067
Tel: (310) 819-3470

*-and-*

John Rizio-Hamilton (admitted *pro hac vice*)
johnr@blbglaw.com
1251 Avenue of the Americas
New York, New York  10020
Tel: (212) 554-1400
Fax: (212) 554-1444

*Attorneys for Lead Plaintiff Louisiana Sheriffs'*
*Pension & Relief Fund and Lead Counsel for the*
*Class*

**KLAUSNER, KAUFMAN, JENSEN & LEVINSON**
Robert D. Klausner (*pro hac vice* forthcoming)
bob@robertdklausner.com
7080 NW 4th Street
Plantation, Florida 33317
(954) 916-1202
(954) 916-1232 (fax)

*Additional Counsel for Louisiana Sheriffs'*
*Pension & Relief Fund*