Sara B. Brody (SBN 130222)
sbrody@sidley.com
Nicole M. Ryan (SBN 175980)
nicole.ryan@sidley.com
TJ Herron (SBN 331728)
therron@sidley.com
Stephen Tang (SBN 336273)
stang@sidley.com
SIDLEY AUSTIN LLP
555 California St., Suite 2000
San Francisco, CA 94104
Telephone: +1 (415) 772-1200
Facsimile: +1 (415) 772-7400

*Attorneys for Defendants*
SPLUNK INC., DOUGLAS MERRITT, and
JASON CHILD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE SPLUNK INC. SECURITIES LITIGATION | Case No. 4:20-cv-08600-JST |
| | <u>CLASS ACTION</u> |
| | **DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT** |
| | Date:  November 18, 2021 <br> Time:  2:00 p.m. <br> Judge: Hon. Jon S. Tigar <br> Courtroom: 6 |

## I.   INTRODUCTION

Plaintiff does not dispute that the Court may incorporate by reference and/or take judicial notice of Defendants' Exhibits 1-10.  Plaintiff agrees that the Court "may properly consider Defendants' SEC filings and other public documents to determine what Defendants told investors during the Class Period."  Lead Plaintiff's Partial Opposition to Defendants' Request for Judicial Notice and Consideration of Documents Incorporated by Reference ("RJN Opp.") at 1.  In addition, Plaintiff does *not* contend that the legal standard for judicial notice or incorporation by reference is not satisfied for any of the proffered exhibits.  Plaintiff instead lodges a separate (and ineffective) challenge to the inferences that can be drawn from those exhibits, inviting the Court to turn a blind eye to the "portions of those very documents that weaken—or doom" Plaintiff's claims.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  Ninth Circuit law allows the Court to consider the documents in the manner set forth in Defendants' Motion to Dismiss ("Mot.") and Request for Judicial Notice and Consideration of Documents Incorporated by Reference ("RJN").  The Court should therefore grant the RJN and consider the documents accordingly.

## II.   ARGUMENT

### A.   Exhibits 1-10 Are Properly Before the Court.

The Court can and should take judicial notice of Exhibits 1-10.  *See* RJN at 5-6, 7-8.  Courts routinely take judicial notice of SEC filings (Exs. 1, 3, and 5), transcripts of earnings calls and conferences (Exs. 2 and 6-8), news articles (Ex. 4), and historical stock price data (Exs. 9 and 10) on motions to dismiss.  *E.g.*, *Smith v. NetApp, Inc.*, 2021 WL 1233354, at *4 (N.D. Cal. Feb. 1, 2021) (SEC filings and historical stock price data); *Haideri v. Jumei Int'l Holding Ltd.*, 2021 WL 4170791, at *13 (N.D. Cal. Sep. 14, 2021) (historical stock price data); *Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019) (earnings and conference call transcripts), *aff'd*, 985 F.3d 1180 (9th Cir. 2021); *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 828 (N.D. Cal. 2019) (news articles).  Exhibits 1-10 are "not subject to reasonable dispute," Fed. R. Evid. 201(b)(2), and Plaintiff does not question their authenticity or argue that the standard for judicial notice is not met.

Exhibits 1-8 are also properly incorporated by reference.  *See* RJN at 6-7.  Plaintiff relies

1

extensively on these documents, which form the bases of the alleged misstatements and corrective disclosures in the Consolidated Complaint, and which Plaintiff uses to allege falsity, scienter, and loss causation.  RJN 1-3, 6-7; *see Khoja*, 899 F.3d at 1002.  Plaintiff does not dispute this.  In such circumstances, SEC filings and transcripts of earnings calls and conferences (Exs. 1-3 and 5-8) are routinely incorporated by reference on motions to dismiss.  *E.g.*, *NetApp*, 2021 WL 1233354, at *3 (transcripts and SEC filings); *Haideri*, 2021 WL 4170791, at *12 (SEC filings); *Sanders v. RealReal, Inc.*, 2021 WL 1222625, at *4-5 (N.D. Cal. Mar. 31, 2021) (same); *Hessefort v. Super Micro Comput., Inc.*, 2020 WL 1551140, at *5 n.3 (N.D. Cal. Mar. 23, 2020) (same); RJN at 6-7 (citing additional cases).  News articles (Ex. 4) are also frequently incorporated by reference.  *E.g.*, *Haideri*, 2021 WL 4170791, at *12.  Plaintiff does not argue that any of these documents fail to meet the standard for incorporation by reference.  Accordingly, the Court should take judicial notice of Exhibits 1-10 and incorporate by reference Exhibits 1-8.

> **B.**     **Defendants' Use of Exhibits 1-10 Is Appropriate and Well-Accepted.**

Plaintiff's objections to the permissible uses of Exhibits 1-10 vastly overstate the holding in *Khoja*.  While *Khoja* urged caution, it nevertheless recognized that the doctrines of judicial notice and incorporation by reference continue to play important roles at the pleading stage.  899 F.3d at 998.  Judicial notice allows courts to take "notice of matters of public record without converting a motion to dismiss into a motion for summary judgment."  *Id.* at 999 (internal quotation omitted).  Incorporation by reference allows courts to treat incorporated documents "as though they are part of the complaint itself."  *Id.* at 1002.  Thus, it "is generally true" that a court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  *Id.* at 1003 (alteration in original, internal quotation omitted).  The one exception to this rule is that the court cannot assume the truth of matters asserted in the document "only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint."  *Id.* at 1014; *see also id.* at 1003.

In addition, it has always been the rule, and remains the rule post-*Khoja*, that allegedly false statements "must be analyzed in context."  *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (citing *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1408 (9th Cir. 1996);

2

*Khoja*, 899 F.3d at 1002); *see also NetApp*, 2021 WL 1233354, at *3-4 (incorporating 10-Q by reference for "additional context and detail," and taking judicial notice of 10-K risk disclosures as "context for the PSLRA safe harbor").  The Court may consider exhibits to determine whether alleged misstatements, "when read in light of all the information then available to the market," actually "conveyed a false or misleading impression."  *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 390 (9th Cir. 2010) (quoting *In re Convergent Techs. Sec. Litig.*, 948 F.2d 507, 512 (9th Cir. 1991)); *see also In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *5 (N.D. Cal. July 21, 2020).

**1.    Exhibits 1-10 Have Been Submitted For Proper Purposes.**

*First*, Defendants offer Exhibits 1-6 (SEC filings, transcripts, and a news article) to provide complete and accurate copies of the statements by Defendants that Plaintiff claims were false or misleading.  Defendants offer Exhibits 7 and 8 (transcripts) to provide complete and accurate copies of the statements by Defendants that Plaintiff alleges to be corrective disclosures.  Defendants also offer Exhibits 1, 2, 3, and 5 (SEC filings and a transcript) to provide complete and accurate copies of additional disclosures by Defendants.  These materials are presented to show what Defendants told investors during the Class Period.  As Plaintiff acknowledges and its cited authorities confirm, this is unquestionably a proper purpose.  *See, e.g.*, RJN Opp. at 1; *Shenwick v. Twitter*, 282 F. Supp. 3d 1115, 1123 (N.D. Cal. 2017); *In re Mattel, Inc. Sec. Litig.*, 2021 WL 1259405, at *6 (C.D. Cal. Jan. 26, 2021).

*Second*, Defendants offer Exhibits 1, 3, and 5 (SEC filings) to show that Splunk provided cautionary language in connection with the applicability of the PSLRA safe harbor.  Mot. at 10-11.  This Court recently reiterated that risk disclosures contained in public filings are "properly considered as context for the PSLRA safe harbor for forward looking statements."  *NetApp*, 2021 WL 1233354, at *4.  Nowhere does Plaintiff dispute "their authenticity or the fact that they were made."  *Id.*  And any dispute over the legal effect of the risk disclosures does not preclude their factual consideration by the Court.  *See id.*; *Hong v. AXA Equitable Life Ins. Co.*, 2018 WL 6331012, at *2-3 (N.D. Cal. Dec. 4, 2018).

*Third*, Defendants also offer Exhibits 1, 3, and 5 to show Splunk's sales and marketing expenses during the relevant period.  Mot. at 14-15, 17-18, 21-22, 25.  This is proper because courts

3

generally "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Khoja*, 899 F.3d at 1003 (alteration in original, internal quotation omitted). Thus, in other similar securities cases, courts have considered and assumed the truth of sales and marketing expenses reported in SEC filings. *See Scheller v. Nutanix, Inc.*, 450 F. Supp. 3d 1024, 1033 & n.1 (N.D. Cal. 2020); *In re Nimble Storage, Inc. Sec. Litig.*, 2016 WL 7209826, at *1 n.1, 6 (N.D. Cal. Dec. 9, 2016). Moreover, whether or not the truth of the information is assumed, it can be considered to assess if the alleged misstatements were misleading in light of all the information then available to the market. *See, e.g.*, *NetApp, Inc.*, 2021 WL 1233354, at *4; *Oracle*, 627 F.3d at 390.

*Fourth*, Defendants offer Exhibits 9 and 10 to establish Splunk's publicly available stock price in the period surrounding the alleged corrective disclosures. Again, Plaintiff's own authority supports this use. *E.g.*, *Shaev v. Baker*, 2017 WL 1735573, at *8 (N.D. Cal. May 4, 2017). Plaintiff does not contest the accuracy of Exhibits 9 and 10 and does not dispute that the Court can consider these exhibits for this purpose.

### 2. Plaintiff's Specific Objections Miss the Mark.

Plaintiff argues that Defendants seek to use Exhibits 1-10 to improperly "concoct[] a series of fact-intensive challenges." RJN Opp. at 2. Specifically, Plaintiff contends that the Court should not accept the truth of Splunk's sales and marketing expenses as disclosed in its SEC filings (Exs. 1, 3, and 5), and that Defendants misuse the May 21, 2020 earnings call transcript (Ex. 2) and December 3, 2020 KeyBanc conference transcript (Ex. 8)[1] to make arguments about Defendants' disclosures. RJN Opp. at 2-4. These challenges are meritless.

*First*, Plaintiff fails to grapple with well-settled law that, because Exhibits 1, 3, and 5 are incorporated by reference, the truth of their contents generally can be assumed. *E.g.*, *NetApp*, 2021 WL 1233354, at *2 ("The court treats documents that are incorporated by reference 'as though they are part of the complaint itself,' assuming the truth of their contents.") (quoting *Khoja*, 899 F.3d at 1002-03); *Iron Workers Local 580 Joint Funds v. NVIDIA Corp.*, 2020 WL 1244936, at *6 (N.D.

---

[1] Plaintiff mistakenly refers to the December 3, 2020 transcript as "Ex. 5." RJN Opp. at 4. It is Exhibit 8. *See* ECF No. 69-8.

Cal. Mar. 16, 2020) ("Because the [complaint] relies on Exhibit I (a Form 4) to support a 'scienter inference' as to Defendant Huang, the Court will consider this document for its truth."); *Haideri*, 2021 WL 4170791, at *12, 14-15 (considering SEC filings for their truth); *Sanders*, 2021 WL 1222625, at *1-2, 4-5 (same).[2]  Plaintiff does not allege that Splunk's quarterly sales and marketing expenses were misstated, and thus accepting them for their truth does not, by definition, dispute any "well-pled allegations." *Khoja*, 899 F.3d at 1002.  While Plaintiff now makes the conclusory assertion that the expense disclosures in Exhibits 1, 3, and 5 generate a "factual dispute" (Opp. at 13, 22 n.14), Plaintiff does *not* allege in the Consolidated Complaint that the reported expenses are inaccurate and does not even argue in its Opposition that they are inaccurate.  To the contrary, Plaintiff asserts that the reported expenses are consistent with its theory of liability.  *Id.* at 13 n.7, 18 n.13.  Accepting the truth of the sales and marketing expenses is thus proper under *Khoja* and the doctrine of incorporation by reference.  *See, e.g.*, *Eventbrite*, 2020 WL 2042078, at *7 ("*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations.") (emphasis in original); *Scheller*, 450 F. Supp. 3d at 1033 n.1 (rejecting the plaintiffs' argument that "whether these expenses actually increased is a factual dispute that is inappropriate at this stage" because the relevant sections of the SEC filings "are properly considered in ruling on a Rule 12(b)(b) motion under the doctrine of incorporation by reference").

Moreover, the evenhanded use of Exhibits 1, 3, and 5 is a safeguard to prevent Plaintiff from unfairly "selecting only portions of documents that support [its] claims, while omitting portions of those very documents that weaken—or doom—[its] claims." *Khoja*, 899 F.3d at 1002.  *Khoja* does not give Plaintiff a free pass to disregard portions of incorporated documents that undermine its theory of liability, especially when those *same* documents form the backbone of the Consolidated Complaint.  *E.g.*, ¶¶ 103-09.  It may be true that "introduc[ing] facts . . . which are *not relevant* to

---

[2] Plaintiff improperly relies on judicial notice cases rather than incorporation-by-reference cases to argue that the Court cannot assume the truth of the reported sales and marketing expenses.  *See* RJN Opp. at 3.  *Khoja* specifically states that "*unlike judicial notice*, a court 'may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'"  899 F.3d at 1003 (emphasis added, alteration in original) (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).

Plaintiff's allegations" can give rise to the kind of "alternative narrative" that *Khoja* precludes, *NetApp*, 2021 WL 1233354, at *3 (emphasis added), but Defendants do not do that here.  Splunk's sales and marketing expense disclosures bear directly on Plaintiff's allegations of falsity, scienter, and loss causation.  Mot. at 14-15, 17-18, 21-22, 25.  At a minimum, it is proper for the Court to consider Exhibits 1, 3, and 5 to analyze the alleged misstatements in context, to evaluate scienter and loss causation in light of the disclosures made, and to determine whether the alleged misstatements were materially misleading or false in light of all the information then available to the market.  *See, e.g.*, *Eventbrite*, 2020 WL 2042078, at *7; *Oracle*, 627 F.3d at 390.

*Second*, it is proper for the Court to consider the disclosures made by Defendants in Exhibits 2 and 8.  Defendants offer Exhibits 2 and 8 to provide "additional context and detail," *NetApp*, 2021 WL 1233354, at *3, for key statements that Plaintiff itself quotes—in heavily truncated form— numerous times.  *See, e.g.*, ¶¶ 50-51, 139-44 (truncated quotes); Mot. at 12, 16 (providing context and detail).  Apparently recognizing that there is nothing challengeable about this, Plaintiff resorts to attacking the contextual inferences flowing from those statements.  But, even on a motion to dismiss, Plaintiff is not automatically entitled to its preferred interpretation of a statement.  *E.g.*, *Wochos v. Tesla*, 985 F.3d 1180, 1193 (9th Cir. 2021) (holding that the argument that the court must accept plaintiffs' proffered meaning of one of defendants' statements to be contrary to the PSLRA's heightened pleading standard).  It is appropriate for the Court to consider Exhibits 2 and 8 to determine whether the alleged misstatements actually "conveyed a false or misleading impression" "when read in light of all the information then available to the market," *Oracle*, 627 F.3d at 390 (internal quotations omitted), as well as to evaluate scienter and loss causation in light of Defendants' disclosures.  *See, e.g.*, *Sanders*, 2021 WL 1222625, at *4 (considering SEC filings, transcripts, and a press release "to show that certain information was available to investors in the market"); *Iron Workers*, 2020 WL 1244936, at *5 ("The Court will consider the SEC filings . . . , earnings call transcripts, and articles that Plaintiffs allege contain false and/or misleading statements for the purpose of determining what was disclosed to the market."); *Bodri v. GoPro, Inc.*, 252 F. Supp. 3d 912, 924 (N.D. Cal. 2017) (considering disclosures in a conference call transcript to

6

conclude that alleged misstatements were not false or misleading in context).[3]

## III.    CONCLUSION

Defendants respectfully request that the Court take judicial notice of and/or consider under the doctrine of incorporation by reference Exhibits 1-10 and consider the documents for the purposes addressed herein.

Date: October 20, 2021                                        SIDLEY AUSTIN LLP


By: /s/ Nicole M. Ryan
    Nicole M. Ryan

    *Counsel for Defendants*
    SPLUNK INC., DOUGLAS MERRITT, and
    JASON CHILD

---

[3] None of Plaintiff's cited cases are to the contrary.  Indeed, *Shenwick* specifically holds that "SEC filings and . . . news articles are judicially noticeable to show what was available to the market." 282 F. Supp. 3d at 1123.  Similarly, *In re Snap Inc. Securities Litigation* holds that courts may consider exhibits "to indicate what was in the public realm at the time." 2018 WL 2972528, at *4 n.12 (C.D. Cal. June 7, 2018).  In *Snap*, the court declined to take judicial notice of certain documents because "*Defendants unequivocally directed investors not to consider any information beyond the four corners of the S-1.*"  *Id.* (emphasis added).  Defendants made no comparable statements here.

7