Sara B. Brody (SBN 130222)
sbrody@sidley.com
Nicole M. Ryan (SBN 175980)
nicole.ryan@sidley.com
TJ Herron (SBN 331728)
therron@sidley.com
Stephen Tang (SBN 336273)
stang@sidley.com
SIDLEY AUSTIN LLP
555 California St., Suite 2000
San Francisco, CA 94104
Telephone: +1 (415) 772-1200
Facsimile: +1 (415) 772-7400

*Counsel for Defendants*
SPLUNK INC., DOUGLAS MERRITT, and
JASON CHILD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE SPLUNK INC. SECURITIES LITIGATION | Case No. 4:20-cv-08600-JST |
| | <u>CLASS ACTION</u> |
| | **DEFENDANTS SPLUNK INC., DOUGLAS MERRITT, AND JASON CHILD'S ANSWER TO LEAD PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS** |
| | Honorable Jon S. Tigar |

ANSWER TO PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT – CASE NO. 4:20-CV-08600-JST

Defendants Splunk Inc. ("Splunk" or the "Company"), Douglas Merritt, and Jason Child (the "Individual Defendants" and together with Splunk, "Defendants"), through their undersigned attorneys, hereby answer Lead Plaintiff's Consolidated Class Action Complaint for Violations of Federal Securities Laws ("Complaint"). Defendants provide this Answer subject to, and without waiving, their right to protect from disclosure all communications protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or applicable discovery protection.

On March 21, 2022, the Court granted in part and denied in part Defendants' motion to dismiss the Complaint. Dkt. 77. The Court dismissed Lead Plaintiff's claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder that were "predicated on the challenged statements made in the Form 10-K of March 26, 2020, and the Forms 10-Q of June 1, 2020 and September 3, 2020." *Id.* at 41. The Court allowed Lead Plaintiff to proceed with claims under Sections 10(b) and 20(a) of the Exchange Act, but only to the extent those claims were "predicated on the challenged statements made on May 21, 2020, June 8, 2020, and September 14, 2020." *Id.* at 42. No response is required in this Answer with respect to any allegations pertaining to the alleged misrepresentations and omissions dismissed by the Court.

Except as expressly admitted herein, Defendants deny any and all allegations set forth in the Complaint. Insofar as the section headings and subheadings of the Complaint (which are not repeated below) purport to state factual allegations, Defendants deny each and every allegation in the section headings and subheadings. Paragraph numbers in this Answer correspond to paragraph numbers in the Complaint and respond to the allegations in each such paragraph.

With regard to the unnumbered paragraphs on page one of the Complaint, Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of Lead Plaintiff's allegations about their personal knowledge or their counsel's purported investigation, including whether any such investigation may or may not have occurred and whether it relied on the documents and sources listed by Lead Plaintiff. Defendants otherwise deny the factual allegations

in the unnumbered paragraphs.

**<u>RESPONSE TO ALLEGATIONS</u>**

AND NOW, incorporating the foregoing, Defendants further answer the allegations in the Complaint as follows:

1. To the extent the allegations in Paragraph 1 consist of legal conclusions, no response is required. Further, no response is required for those allegations in Paragraph 1 relating to Lead Plaintiff's Exchange Act claims dismissed by the Court. Defendants respectfully refer the Court to Splunk's 10-Ks and 10-Qs for FY 2013 through FY 2022 for a complete and accurate account of Splunk's financial results. Defendants admit that Mr. Merritt was formerly Splunk's CEO. Defendants otherwise deny the allegations in Paragraph 1.

2. The allegations in Paragraph 2 relate to portions of Lead Plaintiff's Exchange Act claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any response is required, Defendants state that Splunk's 10-Ks and 10-Qs are the best statements of their contents and speak for themselves. Defendants otherwise deny the allegations in Paragraph 2.

3. To the extent the allegations in Paragraph 3 consist of legal conclusions, no response is required. Further, no response is required for those allegations in Paragraph 3 relating to Lead Plaintiff's Exchange Act claims dismissed by the Court. Defendants admit that on June 8, 2020, the Silicon Valley Business Journal published an article titled "Splunk CEO Doug Merritt on growing in San Jose and why he's not committing to no layoffs this year," regarding an interview with Mr. Merritt, which Lead Plaintiff appears to be referencing in the fourth and fifth sentences of Paragraph 3. Defendants state that to the extent the article's contents differ from what Mr. Merritt actually said, Defendants deny the allegations. In all other respects, the article is the best statement of its contents and speaks for itself. Defendants otherwise deny the allegations in Paragraph 3.

4. To the extent the allegations in Paragraph 4 consist of legal conclusions, no response is required. Where the allegations in Paragraph 4 are based on non-party statements that

ANSWER TO LEAD PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT – CASE NO. 4:20-CV-08600-JST

purport to characterize, quote, and/or paraphrase statements made by Mr. Merritt, Defendants deny those allegations to the extent they differ from what was actually said. Defendants otherwise deny the allegations in Paragraph 4.

5. To the extent the allegations in Paragraph 5 consist of legal conclusions, no response is required. With respect to the alleged stock price increases referenced in the third sentence of Paragraph 5, Defendants respectfully refer the Court to publicly reported market services for the trading price of Splunk's common stock. Defendants otherwise deny the allegations in Paragraph 5.

6. To the extent the allegations in Paragraph 6 consist of legal conclusions, no response is required. Defendants admit that Splunk completed a private placement bond offering on June 5, 2020, and that on June 11, 2020, a majority of the Company's stockholders, in a non-binding advisory vote, voted to approve the compensation of the named executive officers as disclosed in Splunk's Definitive Proxy on Schedule 14A filed on April 28, 2020, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants further admit that Mr. Child has served as the Company's CFO since May 2019. Defendants otherwise deny the allegations in Paragraph 6.

7. To the extent the allegations in Paragraph 7 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 7.

8. To the extent the allegations in Paragraph 8 consist of legal conclusions, no response is required. Further, where the allegations in Paragraph 8 are based on non-party statements that purport to characterize, quote, and/or paraphrase statements made by Mr. Merritt, Defendants deny those allegations to the extent they differ from what was actually said. Defendants otherwise deny the allegations in Paragraph 8.

9. To the extent the allegations in Paragraph 9 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 9.

10. To the extent the allegations in Paragraph 10 consist of legal conclusions, no response is required. Defendants admit that in June 2020, Splunk laid off approximately 70

ANSWER TO LEAD PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT – CASE NO. 4:20-CV-08600-JST

employees (out of approximately 5,800 total employees companywide at that time), including its 24-person new logo group.  Defendants otherwise deny the allegations in Paragraph 10.

11.    To the extent the allegations in Paragraph 11 consist of legal conclusions, no response is required.  Further, with respect to the allegations in the fourth sentence of Paragraph 11, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with unidentified former employees of Splunk.  Defendants otherwise deny the allegations in Paragraph 11.

12.    To the extent the allegations in Paragraph 12 consist of legal conclusions, no response is required.  Defendants admit that on December 3, 2020, Splunk presented at the KeyBanc Capital Markets investor conference, which Lead Plaintiff appears to be referencing in Paragraph 12, and that Mr. Child was among the participants.  Defendants state that transcripts are recorded by third parties, and Defendants deny the allegations to the extent the transcript differs from what was actually said.  In all other respects, the transcript speaks for itself and is the best statement of its contents.  Further, with respect to Lead Plaintiff's allegations regarding Splunk's quarterly financial results and guidance reported in the Company's December 2, 2020 quarterly press release, which Lead Plaintiff also appears to be referencing, Defendants respectfully refer the Court to that press release for the best statements of its contents.  Defendants otherwise deny the allegations in Paragraph 12.

13.    To the extent the allegations in Paragraph 13 consist of legal conclusions, no response is required.  Defendants state that Lead Plaintiff's allegations in Paragraph 13 purport to quote from and/or paraphrase what appear to be the following documents:  a December 2, 2020 analyst report published by Summit Insights Group titled "Splunk (SPLK: HOLD) – Downgrading to HOLD and setting a new $160PT"; a December 3, 2020 analyst report published by J. P. Morgan titled "ARR Growth Still Strong at Scale, but Bookings Dip a Surprise; Downgrading to N"; and a December 3, 2020 online video posted by TheStreet.com titled "Jim Cramer: Software

Companies to Buy That Aren't Splunk." Defendants state that these analyst reports and online video speak for themselves and are the best statements of their contents. Further, with respect to the alleged stock price decrease in the last sentence of Paragraph 13, Defendants respectfully refer the Court to publicly reported market services for the trading price of Splunk's common stock. Defendants otherwise deny the allegations in Paragraph 13.

14. To the extent that the allegations in Paragraph 14 consist of legal conclusions, no response is required. And to the extent the allegations in Paragraph 14 relate to portions of Lead Plaintiff's claims dismissed by the Court, no response is required. Defendants admit that Lead Plaintiff purports to bring claims against them under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder. Defendants otherwise deny the allegations in Paragraph 14.

15. To the extent that the allegations in Paragraph 15 consist of legal conclusions, no response is required. Defendants admit that Lead Plaintiff purports to base jurisdiction over the subject of this action on the statutes cited in Paragraph 15. Defendants otherwise deny the allegations in Paragraph 15.

16. To the extent that the allegations in Paragraph 16 consist of legal conclusions, no response is required. Defendants admit that venue is proper in this District and that Splunk's principal executive offices are located in this District. Defendants otherwise deny the allegations in Paragraph 16.

17. To the extent the allegations in Paragraph 17 consist of legal conclusions, no response is required. Defendants admit that Splunk has used the United States mails, telephone communications, and/or a national securities exchange. Defendants otherwise deny the allegations in Paragraph 17.

18. To the extent that the allegations in Paragraph 18 consist of legal conclusions, no response is required. Defendants admit that Lead Plaintiff purports to identify the basis for this case to be assigned to a particular location or division of the Court pursuant to N.D. Cal. Civ. L.R.

3-2(c), and further admit that Splunk Inc. has its principal place of business in San Francisco, California. Defendants otherwise deny the allegations in Paragraph 18.

19.     Defendants deny they made any misrepresentations or omissions and deny that Lead Plaintiff suffered damages as a result of any conduct alleged in the Complaint.  Defendants otherwise lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19, except to admit that Lead Plaintiff has filed certifications with the Court in connection with its motion for appointment as Lead Plaintiff and with the Complaint. Defendants otherwise deny the allegations in Paragraph 19.

20.     Defendants admit that Splunk is a software company that trades on the NASDAQ exchange under the ticker symbol "SPLK."  Defendants further admit that Splunk is incorporated under the laws of the State of Delaware, with its principal place of business in San Francisco, California.  Defendants otherwise deny the allegations in Paragraph 20.

21.     To the extent the allegations in the second and third sentences of Paragraph 21 relate to portions of Lead Plaintiff's Exchange Act claims dismissed by the Court, no response is required.  The allegations in Paragraph 21 are directed at Individual Defendant Merritt, and the remaining Defendants are not required to answer such allegations.  Mr. Merritt admits that he served as Splunk's President and Chief Executive Officer from 2015 until November 2021.  Mr. Merritt respectfully refers the Court to the Company's SEC filings for the best statement of their contents. Mr. Merritt admits that he signed the Company's quarterly and annual SEC filings during the purported Class Period and signed certifications pursuant to the Sarbanes-Oxley Act of 2002 in connection with those filings.  Mr. Merritt further admits that he communicated with investors during the purported Class Period.  Mr. Merritt otherwise denies the allegations in Paragraph 21.

22.     To the extent the allegations in the second sentence of Paragraph 22 relate to portions of Lead Plaintiff's Exchange Act claims dismissed by the Court, no response is required. The allegations in Paragraph 22 are directed at Individual Defendant Child, and the remaining Defendants are not required to answer such allegations.  Mr. Child admits that he has served as Splunk's Chief Financial Officer since May 2019.  Mr. Child further admits that he signed the

Company's quarterly and annual SEC filings during the purported Class Period and signed certifications pursuant to the Sarbanes-Oxley Act of 2002 in connection with those filings. Mr. Child further admits that he communicated with investors during the purported Class Period. Mr. Child otherwise denies the allegations in Paragraph 22.

23. To the extent the allegations in the last sentence of Paragraph 23 relate to portions of Lead Plaintiff's claims dismissed by the Court, no response is required. To the extent that the allegations in Paragraph 23 consist of legal conclusions, no response is required. Where the allegations contain definitional assertions, no response is required. Defendants otherwise deny the allegations in Paragraph 23.

24. Defendants admit that Splunk sells software that can be used to search, monitor, and analyze large quantities of electronic data, among other things. Defendants admit that the Company's software can index real-time data and allow users to produce graphs, dashboards, and visualizations of the indexed data, among other things. Defendants admit that the Company's software can provide users the capability to diagnose network problems and protect against cybersecurity threats, among other things. Defendants otherwise deny the allegations in Paragraph 24.

25. Defendants admit that Splunk operates on a fiscal year ending January 31. Defendants respectfully refer the Court to Splunk's 10-Ks and 10-Qs for FY 2013 through FY 2022 for complete and accurate accounts of Splunk's financial results and performance. Defendants otherwise deny the allegations in Paragraph 25.

26. Defendants admit that on January 23, 2020, Zacks published an analyst report titled "Splunk, Inc.," but state that the analyst report speaks for itself and is the best statement of its contents. Defendants respectfully refer the Court to Splunk's 10-Ks for FY 2013 through FY 2022 for complete and accurate accounts of Splunk's equity and debt offerings. Defendants otherwise deny the allegations in Paragraph 26.

27. Defendants admit that Splunk held an earnings call for its Q3 FY 2020 on November 21, 2019. To the extent that Lead Plaintiff purports to quote from or paraphrase

Splunk's Q3 FY 2020 earnings call transcript in Paragraph 27, Defendants state that transcripts are recorded by third parties, and to the extent the transcript differs from what was actually said, Defendants deny the allegations. In all other respects, the transcript speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in Paragraph 27, except to admit that Splunk does not sell perpetual licenses for new products or services sold after November 2019.

28.     Defendants admit that Splunk held an earnings call for its Q2 FY 2020 on August 21, 2019. To the extent that Lead Plaintiff purports to quote from or paraphrase Splunk's Q2 FY 2020 earnings call transcript in Paragraph 28, Defendants state that transcripts are recorded by third parties, and to the extent the transcript differs from what was actually said, Defendants deny those allegations. In all other respects, the transcript speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in Paragraph 28.

29.     To the extent the allegations in Paragraph 29 consist of legal conclusions, no response is required. Defendants admit that Bloomberg Intelligence published an analyst report titled "Stock Compensation Exceeds Cash Flow" on December 13, 2019; Zacks published an analyst report on Splunk Inc. on December 31, 2019; UBS published an analyst report titled "Market Dislocation = Attractive Opportunity for Secular Winner" on March 3, 2020; and Morningstar published an analyst report titled "Light Fiscal 2021 Guidance Overshadows Strong Growth Story for Splunk; Raising FVE to $182" on March 4, 2020. Defendants state that these analyst reports speak for themselves and are the best statements of their contents. Defendants further admit that Bank of America Merrill Lynch held a conference on June 4, 2020 and state that conference transcripts are recorded by third parties. Defendants deny the allegations to the extent the conference transcript differs from what was actually said; in all other respects, the transcript speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in Paragraph 29.

30.     Defendants admit that Splunk held an earnings call for its Q2 FY 2020 on August 21, 2019. To the extent that Lead Plaintiff purports to quote from or paraphrase Splunk's Q2 FY

2020 earnings call transcript in Paragraph 30, Defendants state that transcripts are recorded by third parties, and to the extent the transcript differs from what was actually said, Defendants deny those allegations. In all other respects, the transcript speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in Paragraph 30.

31.    To the extent the allegations in Paragraph 31 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 31.

32.    Defendants admit that Splunk held an earnings call for its Q3 FY 2020 on November 21, 2019. To the extent that Lead Plaintiff purports to quote from or to paraphrase Splunk's Q3 FY 2020 earnings call transcript in Paragraph 32, Defendants state that transcripts are recorded by third parties, and to the extent the transcript differs from what was actually said, Defendants deny those allegations. In all other respects, the transcript speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in Paragraph 32.

33.    Defendants admit that on October 13, 2020, Wells Fargo published an analyst report titled "SPLK: Pushbacks On Our Positive Thesis Ahead Of conf.20." Defendants further admit that on March 5, 2020, Credit Suisse published an analyst report titled "F4Q20 – Rapid Transition to Cloud; In ARR We Trust." Defendants further admit that Credit Suisse maintains a regularly updated company report titled "Splunk, Inc. (SPLK)." Defendants state that these analyst reports speak for themselves and are the best statements of their contents. Defendants further admit that on December 3, 2019, Splunk presented at the Credit Suisse Technology Media & Telecom Conference, and that Mr. Merritt and Mr. Child were among the participants. Defendants further admit that on June 15, 2020, Splunk presented at the 42nd Nasdaq Investor Conference, which Lead Plaintiff appears to be referencing, and that Mr. Child was among the participants. Defendant state that transcripts of these investor conferences are recorded by third parties, and to the extent the presentation transcripts differ from what was actually said, Defendants deny the allegations. In all other respects, the transcripts speak for themselves and are the best statements of their contents. Defendants otherwise deny the allegations in Paragraph 33.

34.    Defendants admit that on April 28, 2020, Splunk filed a Definitive Proxy on

Schedule 14A, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants otherwise deny the allegations in Paragraph 34.

35. To the extent the allegations in Paragraph 35 consist of legal conclusions, no response is required. Defendants admit that on March 27, 2018, Splunk hosted an Investor and Analyst meeting, and that Mr. Merritt was among the participants. Defendants further admit that on December 4, 2018, Splunk presented at the Wells Fargo Securities Technology Summit, and that Mr. Merritt was among the participants. Defendants further admit that Splunk held an earnings call for its Q1 FY 2020 on May 23, 2019. Defendants state that transcripts of this investor conference and earnings call are recorded by third parties, and to the extent the transcripts differ from what was actually said, Defendants deny the allegations. In all other respects, the transcripts speak for themselves and are the best statements of their contents. Defendants otherwise deny the allegations in Paragraph 35.

36. Defendants admit that on December 3, 2019, Splunk presented at the Credit Suisse Technology Media & Telecom Conference, and that Mr. Child was among the participants. Defendants further admit that on October 21, 2020, Splunk hosted a Virtual Investor & Analyst Session at .conf20, and that Mr. Child was among the participants. Defendants further admit that on June 5, 2019, Splunk presented at the Bank of America Merrill Lynch Global Technology Conference, and that Mr. Child was among the participants. Defendants state that transcripts of these conferences are recorded by third parties, and to the extent the transcripts differ from what was actually said, Defendants deny the allegations. In all other respects, the transcripts speak for themselves and are the best statements of their contents. Defendants otherwise deny the allegations in Paragraph 36.

37. Defendants admit that Splunk held an earnings call for its Q3 FY 2020 on November 21, 2019. Defendants further admit that on September 14, 2020, Splunk presented at the Jefferies Software Conference, which Lead Plaintiff appears to be referencing, and that Mr. Child was among the participants. Defendants state that Lead Plaintiff also purports to quote from and/or paraphrase the transcript of an unspecified investor conference in Paragraph 37. Defendants

further state that transcripts of these investor conferences and earnings call are recorded by third parties, and to the extent the transcripts differ from what was actually said, Defendants deny the allegations. In all other respects, the transcripts speak for themselves and are the best statements of their contents. Defendants otherwise deny the allegations in Paragraph 37.

38.    To the extent the allegations in Paragraph 38 consist of legal conclusions, no response is required. Defendants admit that on January 21, 2020, Argus Research Company published an analyst report titled "Splunk Inc.: Maintaining BUY; raising target to $190." Defendants further admit that on March 5, 2020, Oppenheimer Co. Equity Research published an analyst report titled "SPLUNK Inc.: Raising Price Target as Accelerating ARR Points To Strong Underlying Demand." Defendants further admit that on May 26, 2020, William O'Neil & Co. published an analyst report titled "Buy Recommendation: Splunk Inc (SPLK)." Defendants further admit that on November 28, 2019, an analyst report titled "Splunk: Avoid This Stock" authored by Michael Wiggins De Oliveira was published on Seeking Alpha's website. Defendants state that these analyst reports speak for themselves and are the best statements of their contents. Defendants otherwise deny the allegations in Paragraph 38.

39.    To the extent the allegations in Paragraph 39 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 39.

40.    To the extent the allegations in Paragraph 40 consist of legal conclusions, no response is required. Defendants admit that on March 23, 2020, an online document authored by Ryan Law and Emily Smith titled "The Ultimate Guide to SAAS Marketing Strategies & Tactics" was published on Cobloom's website. Defendants further admit that on January 8, 2019, an online article titled "Marketing Matters Now More Than Ever" authored by Denise Lee Yohn was published on Forbes' website. Defendants state that this online document and online article speak for themselves and are the best statements of their contents. Defendants otherwise deny the allegations in Paragraph 40.

41.    To the extent the allegations in Paragraph 41 consist of legal conclusions, no response is required. Defendants admit that on October 22, 2019, a video was posted on the

YouTube website in which Carrie Palin, Splunk's former Chief Marketing Officer, participated in an interview during Splunk's ".conf19" annual customer conference the Company hosted from October 21-24, 2019.  Defendants further admit that on December 19, 2019, Carrie Palin was interviewed in an episode of the "Lochhead on Marketing" podcast.  Where the allegations in Paragraph 41 are based on non-party statements from Carrie Palin that purport to characterize, quote, and/or paraphrase statements made by Mr. Merritt, Defendants deny those allegations to the extent they differ from what was actually said.  Defendants state that online video recordings of these interviews referenced in Paragraph 41 are available, and respectfully refer the Court to those recordings, which are the best statements of their contents.  Defendants otherwise deny the allegations in Paragraph 41.

42.    To the extent the allegations in Paragraph 42 consist of legal conclusions, no response is required.  Defendants admit that Splunk held an earnings call for its Q3 FY 2020 on November 21, 2019.  To the extent that Lead Plaintiff purports to quote from or paraphrase Splunk's Q3 FY 2020 earnings call transcript, Defendants state that transcripts are recorded by third parties, and to the extent the transcript differs from what was actually said, Defendants deny the allegations.  In all other respects, the transcript speaks for itself and is the best statement of its contents.  Defendants further admit that on April 3, 2020, Mr. Merritt was interviewed in an episode of the "Futurum Tech Podcast Interview Series."  Defendants further admit that on April 10, 2020, a video was posted on the YouTube website in which Carrie Palin, Splunk's former Chief Marketing Officer, participated in a roundtable discussion hosted by "DisrupTV," a weekly web series.  Defendants state that online video recordings of these interviews are available, and respectfully refer the Court those recordings, which are the best statements of their contents.  Defendants otherwise deny the allegations in Paragraph 42.

43.    The allegations in Paragraph 43 relate to portions of Lead Plaintiff's Exchange Act claims that have been dismissed by the Court.  Defendants are not required to answer these allegations. To the extent any response is required, Defendants state that Splunk's SEC filings are the best statements of their contents and speak for themselves.  Defendants otherwise deny the

allegations in Paragraph 43.

44.    To the extent the allegations in Paragraph 44 consist of legal conclusions, no response is required. Further, no response is required for those allegations in Paragraph 44 relating to Lead Plaintiff's Exchange Act claims dismissed by the Court. Defendants admit that on September 18, 2019, an online article titled "Marketing Matters Now More Than Ever" authored by Dawn Kawamoto was published on the San Francisco Business Times website. Defendants admit that on October 28, 2019, an online article titled "Splunk strengthens its brand by showing the data potential of everything" authored by Silvia Fregoni was published by SiliconANGLE. Defendants admit that on March 4, 2020, Morningstar Equity Research published an analyst report titled "Light Fiscal 2021 Guidance Overshadows Strong Growth Story for Splunk; Raising FVE to $182." Defendants state that these online articles and analyst report speak for themselves and are the best statements of their contents. Defendants otherwise deny the allegations in Paragraph 44.

45.    To the extent the allegations in Paragraph 45 consist of legal conclusions, no response is required. Further, no response is required for those allegations in Paragraph 45 relating to Lead Plaintiff's Exchange Act claims dismissed by the Court. Defendants admit that Splunk held an earnings call for its Q1 FY 2020 on May 21, 2020, which Lead Plaintiff appears to be referencing. Where Lead Plaintiff purports to quote from or paraphrase Splunk's Q1 FY 2020 earnings call transcript in Paragraph 45, Defendants state that transcripts are recorded by third parties, and to the extent the transcript differs from what was actually said, Defendants deny the allegations. In all other respects, the transcript speaks for itself and is the best statement of its contents. Defendants further state that Splunk's SEC filings are the best statements of their contents and speak for themselves. Defendants otherwise deny the allegations in Paragraph 45.

46.    To the extent the allegations in Paragraph 46 consist of legal conclusions, no response is required. Defendants admit that on March 6, 2020, Argus Research Company published an analyst report titled "Splunk, Inc." Defendants state that this analyst report speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in

Paragraph 46.

47. To the extent that the allegations in Paragraph 47 relate to Lead Plaintiff's Exchange Act claims dismissed by the Court, no response is required. Defendants admit that Splunk held an earnings call for its Q1 FY 2020 on May 21, 2020, which Lead Plaintiff appears to be referencing. Where Lead Plaintiff purports to quote from or paraphrase Splunk's Q1 FY 2020 earnings call transcript in Paragraph 47, Defendants state that transcripts are recorded by third parties, and to the extent the transcript differs from what was actually said, Defendants deny the allegations. In all other respects, the transcript speaks for itself and is the best statement of its contents. Defendants further state that Splunk's SEC filings are the best statements of their contents and speak for themselves. Defendants otherwise deny the allegations in Paragraph 47.

48. Defendants admit that Splunk held an earnings call for its Q1 FY 2020 on May 21, 2020, which Lead Plaintiff appears to be referencing. Where Lead Plaintiff purports to quote from or paraphrase Splunk's Q1 FY 2020 earnings call transcript in Paragraph 48, Defendants state that transcripts are recorded by third parties, and to the extent the transcript differs from what was actually said, Defendants deny the allegations. In all other respects, the transcript speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in Paragraph 48.

49. To the extent the allegations in Paragraph 49 consist of legal conclusions, no response is required. Defendants admit that on May 22, 2020, William Blair published an analyst report titled "Splunk Inc.: Solid First Quarter Print Underpinned by ARR Growth Acceleration; COVID-19 Driving Faster Transition to the Cloud," which Lead Plaintiff appears to reference in the second sentence of Paragraph 49. Defendants further admit that on March 4, 2020, Futurum published an analyst report titled "Splunk's Transformation to Cloud Continues With Strong Q4." Defendants further admit that on May 26, 2020, William O'Neil & Co. published an analyst report titled "Buy Recommendation: Splunk Inc (SPLK)." Defendants state that these analyst reports speak for themselves and are the best statements of their contents. Defendants otherwise deny the allegations in Paragraph 49.

50. Defendants admit that Splunk held an earnings call for its Q1 FY 2020 on May 21, 2020. Where Lead Plaintiff purports to quote from or paraphrase Splunk's Q1 FY 2020 earnings call transcript in Paragraph 50, Defendants state that transcripts are recorded by third parties, and to the extent the transcript differs from what was actually said, Defendants deny the allegations. In all other respects, the transcript speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in Paragraph 50.

51. The allegations in Paragraph 51 relate to portions of Lead Plaintiff's Exchange Act claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any response is required, Defendants state that Splunk's 10-K (for the year ended January 31, 2020) filed March 26, 2020 is the best statement of its contents and speaks for itself. Defendants otherwise deny the allegations in Paragraph 51.

52. To the extent the allegations in Paragraph 52 consist of legal conclusions, no response is required. Defendants admit that on June 8, 2020, the Silicon Valley Business Journal published an article titled "Splunk CEO Doug Merritt on growing in San Jose and why he's not committing to no layoffs this year," regarding an interview with Mr. Merritt, which Lead Plaintiff appears to be referencing. Defendants state that to the extent the article's contents differ from what Mr. Merritt actually said, Defendants deny the allegations. In all other respects, the article speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in Paragraph 52.

53. To the extent the allegations in Paragraph 53 consist of legal conclusions, no response is required. Defendants admit that Salsbury & Co. published an article authored by April Salsbury titled "The Sales Function: The Key to Survival in a Highly Competitive World." Defendants state that this article speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in Paragraph 53.

54. Defendants admit that Splunk held an earnings call for its Q3 FY 2020 on December 3, 2019 and that Mr. Child was a participant. Defendants further admit that Splunk held an earnings call for its Q3 FY 2019 on November 29, 2018 and that Mr. Child was a participant.

Where Lead Plaintiff purports to quote from or paraphrase Splunk's Q3 FY 2019 or Q3 FY 2020 earnings call transcripts in Paragraph 54, Defendants state that these transcripts are recorded by third parties, and to the extent the transcripts differ from what was actually said, Defendants deny the allegations. In all other respects, the transcripts speak for themselves and are the best statements of their contents. Defendants otherwise deny the allegations in Paragraph 54.

55. The allegations in Paragraph 55 relate to portions of Lead Plaintiff's Exchange Act claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent any response is required, Defendants state that Splunk's SEC filings are the best statements of their contents and speak for themselves. Defendants otherwise deny the allegations in Paragraph 55.

56. To the extent the allegations in Paragraph 56 consist of legal conclusions, no response is required. Defendants admit that on March 6, 2020 and August 31, 2020, Argus published two separate analyst reports, both titled "Splunk Inc.," which Lead Plaintiff appears to be referencing in the second sentence of Paragraph 56. Defendants further admit that on October 22, 2020, William Blair published an analyst report titled "Splunk Inc.: Day Two of .conf20: In Pole Position of Long-Term Success." Defendants further admit that on December 13, 2019, Bloomberg Intelligence published an article titled "Splunk: New Customer Additions" authored by Mandeep Singh and Matthew Martino. Defendants state that these analyst reports and article speak for themselves and are the best statements of their contents. Defendants otherwise deny the allegations in Paragraph 56.

57. To the extent the allegations in Paragraph 57 consist of legal conclusions, no response is required. To the extent that the allegations in Paragraph 57 relate to Lead Plaintiff's Exchange Act claims dismissed by the Court, no response is required. Defendants admit that Splunk held an earnings call for its Q2 FY 2021 on August 26, 2020, which Lead Plaintiff appears to be referencing in the third, fourth, and fifth sentences of Paragraph 57. To the extent that Lead Plaintiff purports to quote from or paraphrase Splunk's Q2 FY 2021 earnings call transcript in Paragraph 57, Defendants state that transcripts are recorded by third parties, and to the extent the

transcript differs from what was actually said, Defendants deny the allegations. In all other respects, the transcript speaks for itself and is the best statement of its contents. Defendants further respectfully refer the Court to Splunk's SEC filings for a complete and accurate statement of their contents. Defendants otherwise deny the allegations in Paragraph 57.

58. With respect to the alleged stock price increases referenced in Paragraph 58, Defendants respectfully refer the Court to publicly reported market services for the trading price of Splunk's common stock. Defendants otherwise deny the allegations in Paragraph 58.

59. To the extent the allegations in Paragraph 59 consist of legal conclusions, no response is required. Defendants respectfully refer the Court to Splunk's 10-Ks and 10-Qs for FY 2013 through FY 2022 for complete and accurate accounts of Splunk's financial results and performance. Defendants otherwise deny the allegations in Paragraph 59.

60. To the extent the allegations in Paragraph 60 consist of legal conclusions, no response is required. Defendants admit that on April 2, 2021, The Technology Letter published an article titled "Splunk Has Been a Hot Mess, But That's Changing, Says CFO Jason Child" authored by Tiernan Ray relating to an interview with Mr. Child. Defendants state that to the extent the article's contents differ from what Mr. Child actually said, Defendants deny the allegations. In all other respects, the article speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in Paragraph 60.

61. Defendants admit that on June 1, 2020, Splunk issued a press release titled "Splunk Announces Proposed Private Placement of $900 Million of Convertible Senior Notes," which Lead Plaintiff appears to be referencing in the first sentence of Paragraph 61. Defendants admit that on June 2, 2020, Splunk issued a press release titled "Splunk Announces Pricing of Upsized $1.1 Billion Convertible Senior Notes Offering," which Lead Plaintiff appears to be referencing in the second sentence of Paragraph 61. Defendants admit that Splunk filed a Form 8-K on June 5, 2020 announcing a private placement debt offering, which Lead Plaintiff appears to be referencing in the third sentence of Paragraph 61. Defendants admit that in June 2020, J. Wood Capital Advisors issued a press release titled "JWCA Advises Splunk On Its $1,265 Million Convertible Bond And

Capped Call Offering, And Simultaneous Repurchase." Defendants state that these press releases and Form 8-K speak for themselves and are the best statements of their contents. Defendants otherwise deny the allegations in Paragraph 61.

62.     To the extent the allegations in Paragraph 62 consist of legal conclusions, no response is required. Defendants admit that on June 11, 2020, a majority of the Company's stockholders, in a non-binding advisory vote, voted to approve the compensation of the named executive officers as disclosed in Splunk's Definitive Proxy on Schedule 14A filed on April 28, 2020, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents. Defendants otherwise deny the allegations in Paragraph 62.

63.     To the extent the allegations in Paragraph 63 consist of legal conclusions, no response is required. To the extent the allegations in Paragraph 63 relate to portions of Lead Plaintiff's Exchange Act claims dismissed by the Court, no response is required. Defendants admit that on December 3, 2020, Splunk presented at the KeyBanc Capital Markets investor conference, which Lead Plaintiff appears to be referencing in Paragraph 63, and that Mr. Child was among the participants. Defendants state that transcripts are recorded by third parties, and Defendants deny the allegations to the extent the transcript differs from what was actually said. In all other respects, the transcript speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in paragraph 63.

64.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with unidentified former employees of Splunk. Defendants admit that on December 3, 2020, Splunk presented at the KeyBanc Capital Markets investor conference, which Lead Plaintiff appears to be referencing in the first and fifth sentences of Paragraph 64, and that Mr. Child was among the participants. Defendants state that transcripts are recorded by third parties, and Defendants deny the allegations to the extent the transcript differs from what was actually said. In all other respects, the transcript speaks for itself and is the best statement of its contents.

Defendants otherwise deny the allegations in Paragraph 64.

65.    To the extent that the allegations in Paragraph 65 relate to Lead Plaintiff's Exchange Act claims dismissed by the Court, no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with unidentified former employees of Splunk. Defendants otherwise deny the allegations in Paragraph 65.

66.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with unidentified former employees of Splunk. Defendants otherwise deny the allegations in Paragraph 66.

67.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with FE 1. Defendants otherwise deny the allegations in Paragraph 67.

68.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with FE 1 and/or FE 2. Defendants otherwise deny the allegations in Paragraph 68.

69.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with FE 3, FE 4 and/or FE 5. Defendants otherwise deny the allegations in Paragraph 69, except to admit that Carrie Palin formerly was the Chief Marketing Officer of Splunk.

70.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not

have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with FE 3. Defendants otherwise deny the allegations in Paragraph 70.

71. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with FE 3 and/or FE 5. Defendants otherwise deny the allegations in Paragraph 71.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with FE 1 and/or FE 5. Defendants otherwise deny the allegations in Paragraph 72.

73. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with FE 5. Defendants otherwise deny the allegations in Paragraph 73.

74. Defendants admit that on December 3, 2020, Splunk presented at the KeyBanc Capital Markets investor conference, which Lead Plaintiff appears to be referencing in the first sentence of Paragraph 74, and that Mr. Child was among the participants. Defendants state that transcripts are recorded by third parties, and Defendants deny the allegations to the extent the transcript differs from what was actually said. In all other respects, the transcript speaks for itself and is the best statement of its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with FE 1, FE 2, FE 4, and/or FE 6. Defendants otherwise deny the allegations in Paragraph 74.

75. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted

with unidentified former Splunk employees.  Defendants admit that on December 3, 2020, Splunk presented at the KeyBanc Capital Markets investor conference, which Lead Plaintiff appears to be referencing in the third sentence of Paragraph 75, and that Mr. Child was among the participants. Defendants state that transcripts are recorded by third parties, and Defendants deny the allegations to the extent the transcript differs from what was actually said.  In all other respects, the transcript speaks for itself and is the best statement of its contents.  Defendants otherwise deny the allegations in Paragraph 75.

76.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with FE 3.  Defendants otherwise deny the allegations in Paragraph 76.

77.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with FE 4.  Defendants otherwise deny the allegations in Paragraph 77.

78.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with FE 7.  Defendants otherwise deny the allegations in Paragraph 78.

79.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with FE 4.  Defendants otherwise deny the allegations in Paragraph 79.

80.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with FE 4.  Defendants otherwise deny the allegations in Paragraph 80.

81.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with FE 4.  Defendants otherwise deny the allegations in Paragraph 81.

82.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with FE 8.  Defendants otherwise deny the allegations in Paragraph 82.

83.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with FE 8.  Defendants admit that Susan St. Ledger was formerly Splunk's President of Worldwide Field Operations and that her forthcoming departure from Splunk was announced on September 24, 2020.  Defendants further admit that on September 24, 2020, Splunk announced that Carrie Palin, Senior Vice President and Chief Marketing Officer, would be elevated, that John Sabino would be promoted from Senior Vice President, Customer Services to Chief Customer Officer, that Christian Smith would be promoted from Senior Vice President, Global Sales to Chief Revenue Officer, and that all three would report directly to Mr. Merritt.  Defendants otherwise deny the allegations in Paragraph 83.

84.    Defendants admit that on June 8, 2020, the Silicon Valley Business Journal published an article titled "Splunk CEO Doug Merritt on growing in San Jose and why he's not committing to no layoffs this year," regarding an interview with Mr. Merritt, which Lead Plaintiff appears to be referencing in Paragraph 84.  Defendants state that to the extent the article's contents differ from what Mr. Merritt actually said, Defendants deny the allegations.  In all other respects, the article speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in Paragraph 84.

85.    Defendants lack knowledge or information sufficient to form a belief as to the truth

or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with FE 9. Defendants otherwise deny the allegations in Paragraph 85.

86. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with FE 6. Defendants otherwise deny the allegations in Paragraph 86.

87. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with FE 6. Defendants otherwise deny the allegations in Paragraph 87.

88. Defendants admit that on September 14, 2020, Splunk presented at the Jefferies Software Conference, which Lead Plaintiff appears to be referencing in the first quote of the third sentence of Paragraph 88, and that Mr. Child was among the participants. Where Lead Plaintiff purports to quote from or paraphrase the Jefferies Software Conference transcript, Defendants state that transcripts are recorded by third parties, and to the extent the transcript differs from what was actually said, Defendants deny the allegations. Defendants further admit that Splunk held an earnings call for its Q1 FY 2020 on May 21, 2020, which Lead Plaintiff appears to be referencing in the second quote in the third sentence of Paragraph 88. Where Lead Plaintiff purports to quote from or paraphrase Splunk's Q1 FY 2020 earnings call transcript, Defendants state that transcripts are recorded by third parties, and to the extent the transcript differs from what was actually said, Defendants deny the allegations. In all other respects, the conference and earnings call transcripts speak for themselves and are the best statements of their contents. Defendants admit that in June 2020, Splunk laid off approximately 70 employees (out of approximately 5,800 total employees companywide at that time), including its 24-person new logo group. Defendants otherwise deny the allegations in Paragraph 88.

89. Defendants lack knowledge or information sufficient to form a belief as to the truth

or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with FE 10. Defendants otherwise deny the allegations in Paragraph 89.

90.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with FE 10. Defendants admit that in June 2020, Splunk laid off approximately 70 employees (out of approximately 5,800 total employees companywide at that time), including its 24-person new logo group. Defendants otherwise deny the allegations in Paragraph 90.

91.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with FE 11. Defendants otherwise deny the allegations in Paragraph 91.

92.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with FE 1. Defendants otherwise deny the allegations in Paragraph 92.

93.     To the extent that the allegations in Paragraph 93 relate to Lead Plaintiff's Exchange Act claims dismissed by the Court, no response is required. Defendants admit that Splunk held an earnings call for its Q1 FY 2020 on May 21, 2020, which Lead Plaintiff appears to be referencing in the second quote in the second sentence of Paragraph 93. Where Lead Plaintiff purports to quote from or paraphrase Splunk's Q1 FY 2020 earnings call transcript, Defendants state that transcripts are recorded by third parties, and to the extent the transcript differs from what was actually said, Defendants deny the allegations. In all other respects, the transcript speaks for itself and is the best statement of its contents. Defendants further admit that on June 8, 2020, the Silicon Valley Business Journal published an article titled "Splunk CEO Doug Merritt on growing in San Jose and why he's not committing to no layoffs this year," regarding an interview with Mr.

Merritt, which Lead Plaintiff appears to be referencing in the third quote in the second sentence of Paragraph 93. Defendants state that to the extent the article's contents differ from what Mr. Merritt actually said, Defendants deny the allegations. In all other respects, the article speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in Paragraph 93.

94.     Defendants admit that Splunk issued a press release announcing its Q3 FY 2021 financial results on December 2, 2020. Defendants state that the press release speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in Paragraph 94.

95.     Defendants admit that Splunk held an earnings call for its Q3 FY 2021 on December 2, 2020, and that Mr. Merritt was among the participants. Where Lead Plaintiff purports to quote from or paraphrase Splunk's Q3 FY 2021 earnings call transcript, Defendants state that transcripts are recorded by third parties, and to the extent the transcript differs from what was actually said, Defendants deny the allegations. In all other respects, the transcript speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in Paragraph 95.

96.     Defendants admit that on December 3, 2020, Splunk presented at the KeyBanc Capital Markets investor conference, and that Mr. Child was among the participants. Defendants state that transcripts are recorded by third parties, and Defendants deny the allegations to the extent the transcript differs from what was actually said. In all other respects, the transcript speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in Paragraph 96.

97.     To the extent the allegations in Paragraph 97 consist of legal conclusions, no response is required. With respect to the alleged stock price changes referenced in Paragraph 97, Defendants respectfully refer the Court to publicly reported market services for the trading price of Splunk's common stock. Defendants otherwise deny the allegations in Paragraph 97.

98.     To the extent the allegations in Paragraph 98 consist of legal conclusions, no response is required. Defendants admit that on December 2, 2020, Summit Insights Group

published an analyst report titled "Splunk (SPLK: HOLD) – Downgrading to HOLD and setting a new $160PT." Defendants further admit that on December 3, 2020, Cowen Research published an analyst report titled "Misses 3Q and Rescinds FY23 Targets; Lowering PT to $175"; J.P. Morgan published an analyst report titled "ARR Growth Still Strong at Scale, but Bookings Dip a Surprise; Downgrading to N"; Stifel Nicolaus published an analyst report titled "Downgrading to Hold and Lowering Target to $160"; BTIG published an analyst report titled "SPLK: Too Hard to Defend. Downgrade to Neutral"; Guggenheim published an analyst report titled "SPLK – Revenue and ARR Miss; FY23 ARR Guide Withdrawn"; Truist published an analyst report titled "You Got Splunk(ed)!"; William O'Neil published an analyst report titled "Remove Buy Recommendation: Splunk Inc (SPLK)"; Investing.com published an article titled Splunk Spelunked After Disappointing Earnings; Analysts Drop Price Targets" authored by Christiana Sciaudone; and TheStreet.com posted an online video titled "Jim Cramer: Software Companies to Buy That Aren't Splunk." Defendants state that these analyst reports, article, and online video speak for themselves and are the best statements of their contents. Defendants otherwise deny the allegations in Paragraph 98.

99.    Defendants admit that on December 3, 2020, Bloomberg published an article titled "Splunk Results Look Even Worse Against Blowouts From Peers" authored by Ryan Vlastelica. Defendants state that this article speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in Paragraph 99.

100.    Defendants admit that Splunk announced Susan St. Ledger's forthcoming departure in September 2020, that Splunk announced Tim Tully's forthcoming departure in April 2021, and that Carrie Palin departed Splunk in May 2021. Defendants otherwise deny the allegations in Paragraph 100.

101.    To the extent the allegations in Paragraph 101 consist of legal conclusions, no response is required. Defendants deny that Splunk's investors suffered damages as a result of the conduct alleged in the Complaint. Defendants admit that on April 18, 2021, Seeking Alpha published an article titled "Splunk – Still In Transition." Defendants admit that on March 22,

2021, Barron's published an article titled "Splunk Fell Behind in the Cloud Era. Now It's Catching Up and Stock Could Soar" authored by Eric J. Savitz.  Defendants state that these articles speak for themselves and are the best statements of their contents.  With respect to the alleged stock price changes referenced in the fourth sentence of Paragraph 101, Defendants respectfully refer the Court to publicly reported market services for the trading price of Splunk's common stock.  Defendants otherwise deny the allegations in Paragraph 101.

102.    The allegations in Paragraph 102 are a series of legal conclusions to which no response is response is required.  Further, no response is required for those allegations in Paragraph 102 relating to Lead Plaintiff's Exchange Act claims dismissed by the Court.  To the extent that a response is required, Defendants deny the allegations in Paragraph 102.

103.    To the extent that the allegations in Paragraph 103 relate to Lead Plaintiff's Exchange Act claims dismissed by the Court, no response is required.  Defendants admit that on March 26, 2020, Splunk filed its Form 10-K for the fiscal year ended January 31, 2020 and that Mr. Merritt and Mr. Child signed the Form 10-K.  Defendants otherwise deny the allegations in Paragraph 103.

104.    The allegations in Paragraph 104 relate to portions of Lead Plaintiff's Exchange Act claims that have been dismissed by the Court.  Defendants are not required to answer these allegations. To the extent any response is required, Defendants state that Splunk's 10-K (for the year ended January 31, 2020) filed with the SEC on March 26, 2020 is the best statement of its contents and speaks for itself.  Defendants otherwise deny the allegations in Paragraph 104.

105.    The allegations in Paragraph 105 relate to Lead Plaintiff's Exchange Act claims that have been dismissed by the Court.  Defendants are not required to answer these allegations. Furthermore, to the extent the allegations in Paragraph 105 consist of legal conclusions, no response is required.  To the extent any response is required, Defendants state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations in the third sentence of Paragraph 105 related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have

conducted with unidentified former Splunk employees. Defendants admit that on December 3, 2020, Splunk presented at the KeyBanc Capital Markets investor conference which Lead Plaintiff appears to be referencing in the second and fourth sentences of Paragraph 105, and that Mr. Child was among the participants. Defendants state that transcripts are recorded by third parties, and Defendants deny the allegations to the extent the transcript differs from what was actually said.  In all other respects, the transcript speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in Paragraph 105.

106.    The allegations in Paragraph 106 relate to portions of Lead Plaintiff's Exchange Act claims that have been dismissed by the Court.  Defendants are not required to answer these allegations. To the extent any response is required, Defendants state that Splunk's 10-K (for the year ended January 31, 2020) filed with the SEC on March 26, 2020 is the best statement of its contents and speaks for itself.  Defendants otherwise deny the allegations in Paragraph 106.

107.    The allegations in Paragraph 107 relate to portions of Lead Plaintiff's Exchange Act claims that have been dismissed by the Court.  Defendants are not required to answer these allegations. In addition, to the extent the allegations in Paragraph 107 consist of legal conclusions, no response is required.  To the extent any response is required, Defendants state that they lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations in the second and third sentences of Paragraph 107 related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with unidentified former Splunk employees.  Defendants admit that on December 3, 2020, Splunk presented at the KeyBanc Capital Markets investor conference which Lead Plaintiff appears to be referencing in the second, fifth and sixth sentences of Paragraph 107, and that Mr. Child was among the participants. Defendants state that transcripts are recorded by third parties, and Defendants deny the allegations to the extent the transcript differs from what was actually said.  In all other respects, the transcript speaks for itself and is the best statement of its contents.  Defendants otherwise deny the allegations in Paragraph 107.

108.    The allegations in Paragraph 108 relate to portions of Lead Plaintiff's Exchange

Act claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent that a response is required, Defendants admit that on June 1, 2020, Splunk filed its Form 10-Q (for the quarter ended on April 30, 2020), and on September 3, 2020, Splunk filed its Form 10-Q (for the quarter ended on July 31, 2020). Defendants otherwise deny the allegations in Paragraph 108.

109. The allegations in Paragraph 109 relate to portions of Lead Plaintiff's Exchange Act claims that have been dismissed by the Court. Defendants are not required to answer these allegations. To the extent that a response is required, Defendants admit that on June 1, 2020, Splunk filed its Form 10-Q (for the quarter ended on April 30, 2020), and on September 3, 2020, Splunk filed its Form 10-Q (for the quarter ended on July 31, 2020). Defendants otherwise deny the allegations in Paragraph 109.

110. Defendants admit that on May 21, 2020, Splunk held an earnings call for its Q1 FY 2021, and that Mr. Merritt and Mr. Child were among the participants. Defendants state that transcripts are recorded by third parties, and Defendants deny the allegations to the extent the transcript differs from what was actually said. In all other respects, the transcript speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in Paragraph 110.

111. To the extent the allegations in Paragraph 111 consist of legal conclusions, no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations in the fourth sentence of Paragraph 111 related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with unidentified former Splunk employees. Defendants admit that on May 21, 2020, Splunk held an earnings call for its Q1 FY 2021 which Lead Plaintiff appears to be referencing in the second sentence of Paragraph 111, and that Mr. Merritt was among the participants. Defendants further admit that on December 3, 2020, Splunk presented at the KeyBanc Capital Markets investor conference which Lead Plaintiff appears to be referencing in the third and fifth sentences of Paragraph 111, and that Mr. Child was among the

participants. Defendants state that transcripts of the May 21, 2020 earnings call and December 3, 2020 conference presentation are recorded by third parties, and Defendants deny the allegations to the extent the transcripts differ from what was actually said. In all other respects, the transcripts speak for themselves and are the best statements of their contents. Defendants otherwise deny the allegations in Paragraph 111.

112. To the extent the allegations in Paragraph 112 consist of legal conclusions, no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations in the third and fourth sentences of Paragraph 112 related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with unidentified former Splunk employees. Defendants admit that on May 21, 2020, Splunk held an earnings call for its Q1 FY 2021 which Lead Plaintiff appears to be referencing in the second sentence of Paragraph 112, and that Mr. Merritt was among the participants. Defendants further admit that on December 3, 2020, Splunk presented at the KeyBanc Capital Markets investor conference which Lead Plaintiff appears to be referencing in the third sentence of Paragraph 112, and that Mr. Child was among the participants. Defendants state that transcripts of the May 21, 2020 earnings call and December 3, 2020 conference presentation are recorded by third parties, and Defendants deny the allegations to the extent the transcripts differ from what was actually said. In all other respects, the transcripts speak for themselves and are the best statements of their contents. Defendants otherwise deny the allegations in Paragraph 112.

113. Defendants admit that on May 21, 2020, Splunk held an earnings call for its Q1 FY 2021 which Lead Plaintiff appears to be referencing in Paragraph 113, and that Mr. Child was among the participants. Defendants state that transcripts are recorded by third parties, and Defendants deny the allegations to the extent the transcript differs from what was actually said. In all other respects, the transcript speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in Paragraph 113.

114. To the extent the allegations in Paragraph 114 consist of legal conclusions, no

response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations in the second sentence of Paragraph 114 related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with unidentified former Splunk employees. Defendants admit that on December 3, 2020, Splunk presented at the KeyBanc Capital Markets investor conference which Lead Plaintiff appears to be referencing in the third and fourth sentences of Paragraph 114, and that Mr. Child was among the participants. Defendants state that the transcript is recorded by third parties, and Defendants deny the allegations to the extent the transcript differs from what was actually said. In all other respects, the transcript speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in Paragraph 114.

115. Defendants admit that on June 8, 2020, the Silicon Valley Business Journal published an article titled "Splunk CEO Doug Merritt on growing in San Jose and why he's not committing to no layoffs this year," regarding an interview with Mr. Merritt. Defendants state that to the extent the article's contents differ from what Mr. Merritt actually said, Defendants deny the allegations. In all other respects, the article speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in Paragraph 115.

116. To the extent the allegations in Paragraph 116 consist of legal conclusions, no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations in the third sentence of Paragraph 116 related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with unidentified former Splunk employees. Defendants admit that on June 8, 2020, the Silicon Valley Business Journal published an article titled "Splunk CEO Doug Merritt on growing in San Jose and why he's not committing to no layoffs this year," regarding an interview with Mr. Merritt, which Lead Plaintiff appears to be referencing in the second sentence of Paragraph 116. Defendants further admit that on December 3, 2020, Splunk presented at the KeyBanc Capital Markets investor conference, which Lead

Plaintiff appears to be referencing in the fourth sentence of Paragraph 116, and that Mr. Child was among the participants. Defendants state that the June 8, 2020 article and December 3, 2020 conference transcript are prepared by third parties, and Defendants deny the allegations to the extent the article and/or transcript differ from what was actually said. In all other respects, the article and transcript speak for themselves and are the best statements of their contents. Defendants otherwise deny the allegations in Paragraph 116.

117. Defendants admit that on September 14, 2020, Splunk presented at the Jefferies Software Conference and that Mr. Child was among the participants. Defendants state that transcripts are recorded by third parties, and Defendants deny the allegations to the extent the transcript differs from what was actually said. In all other respects, the transcript speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in Paragraph 117.

118. To the extent the allegations in Paragraph 118 consist of legal conclusions, no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations in the third and fourth sentences of Paragraph 118 related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with unidentified former Splunk employees. Defendants admit that on December 3, 2020, Splunk presented at the KeyBanc Capital Markets investor conference, which Lead Plaintiff appears to be referencing in the second and fifth sentences of Paragraph 118, and that Mr. Child was among the participants. Defendants state that transcripts are recorded by third parties, and Defendants deny the allegations to the extent the transcript differs from what was actually said. In all other respects, the transcript speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in Paragraph 118.

119. The allegations in Paragraph 119 consist of legal conclusions, and therefore no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 119.

ANSWER TO LEAD PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT – CASE NO. 4:20-CV-08600-JST

120.    To the extent the allegations in Paragraph 120 consist of legal conclusions, no response is required.  And to the extent that the allegations in Paragraph 120 relate to Lead Plaintiff's Exchange Act claims dismissed by the Court, no response is required.  Defendants admit that on December 3, 2020, Splunk presented at the KeyBanc Capital Markets investor conference, which Lead Plaintiff appears to be referencing in the first and second sentences of Paragraph 120, and that Mr. Child was among the participants.  Defendants state that transcripts are recorded by third parties, and Defendants deny the allegations to the extent the transcript differs from what was actually said.  In all other respects, the transcript speaks for itself and is the best statement of its contents.  Defendants otherwise deny the allegations in Paragraph 120.

121.    To the extent the allegations in Paragraph 121 consist of legal conclusions, no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations in Paragraph 121 related to any investigation that Lead Plaintiff's counsel may or may not have conducted, including any interviews Lead Plaintiff's counsel may or may not have conducted with unidentified former Splunk employees.  Defendants otherwise deny the allegations in Paragraph 121.

122.    Defendants admit that Splunk held an earnings call for its Q1 FY 2020 on May 21, 2020, which Lead Plaintiff appears to be referencing in the fourth sentence of Paragraph 122, and that Mr. Child was among the participants.  Defendants further admit that on September 14, 2020, Splunk presented at the Jefferies Software Conference, which Lead Plaintiff appears to be referencing in the fifth sentence of Paragraph 122, and that Mr. Child was among the participants. Defendants state that transcripts of this earnings call and investor conference are recorded by third parties, and to the extent the transcripts differ from what was actually said, Defendants deny the allegations.  In all other respects, the transcripts speak for themselves and are the best statements of their contents.  Defendants further admit that on June 8, 2020, the Silicon Valley Business Journal published an article titled "Splunk CEO Doug Merritt on growing in San Jose and why he's not committing to no layoffs this year," regarding an interview with Mr. Merritt, which Lead Plaintiff references in the fifth sentence of Paragraph 122.  Defendants state that to the extent the

article's contents differ from what Mr. Merritt actually said, Defendants deny the allegations.  In all other respects, the article speaks for itself and is the best statement of its contents.  Defendants otherwise deny the allegations in Paragraph 122.

123.    To the extent the allegations in Paragraph 123 consist of legal conclusions, no response is required.  Defendants repeat and reallege their answers to Paragraphs 39 through 43 as if fully set forth herein.  Defendants otherwise deny the allegations in Paragraph 123.

124.    To the extent the allegations in Paragraph 124 consist of legal conclusions, no response is required.  Defendants repeat and reallege their answers to Paragraphs 53 through 55 as if fully set forth herein.  Defendants otherwise deny the allegations in Paragraph 124.

125.    To the extent the allegations in Paragraph 125 consist of legal conclusions, no response is required.  Defendants repeat and reallege their answers to Paragraphs 21 and 60 as if fully set forth herein.  Defendants otherwise deny the allegations of Paragraph 125.

126.    To the extent the allegations in Paragraph 126 consist of legal conclusions, no response is required.  Defendants repeat and reallege their answers to Paragraphs 59 through 61 as if fully set forth herein.  Defendants otherwise deny the allegations of Paragraph 126.

127.    To the extent the allegations in Paragraph 127 consist of legal conclusions, no response is required.  Defendants respectfully refer the Court to publicly reported market services for the trading price of Splunk's common stock.  Defendants otherwise deny the allegations in Paragraph 127.

128.    To the extent the allegations in Paragraph 128 consist of legal conclusions, no response is required.  Defendants repeat and reallege their answers to Paragraph 52 and 62 as if fully set forth herein.  Defendants otherwise deny the allegations of Paragraph 128.

129.    With respect to Lead Plaintiff's allegations in the third and fifth sentences of Paragraph 129, Defendants respectfully refer the Court to Splunk's Schedule 14A, filed on May 4, 2021, for a complete and accurate account of Mr. Merritt's compensation.  With respect to Lead Plaintiff's allegations in the fourth sentence, Defendants respectfully refer the Court to Splunk's 10-K for FY 2021 for a complete and accurate account of Splunk's cash flows.  Defendants

otherwise deny the allegations in Paragraph 129.

130.    To the extent the allegations of Paragraph 130 consist of legal conclusions, no response is required.  Defendants otherwise deny the allegations in Paragraph 130.

131.    The allegations in Paragraph 131 consist of legal conclusions, and therefore no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 131.

132.    To the extent the allegations in Paragraph 132 consist of legal conclusions, no response is required.  Defendants otherwise deny the allegations in Paragraph 132, except that Defendants respectfully refer the Court to publicly reported market services for the trading price of Splunk stock.

133.    Defendants admit that on December 2, 2020, Splunk issued a press release regarding its financial results for Q3 FY 2021.  Defendants state that the press release speaks for itself, and is the best statement of its contents.  Defendants otherwise deny the allegations in Paragraph 133.

134.    Defendants admit that Splunk held an earnings call for its Q3 FY 2021 on December 2, 2020 and that Mr. Merritt was among the participants.  To the extent that Lead Plaintiff purports to quote from or paraphrase Splunk's Q3 FY 2021 earnings call transcript in Paragraph 134, Defendants state that transcripts are recorded by third parties, and to the extent the transcript differs from what was actually said, Defendants deny the allegations.  In all other respects, the transcript speaks for itself and is the best statement of its contents.  Defendants otherwise deny the allegations in Paragraph 134.

135.    Defendants admit that on December 3, 2020, Splunk presented at the KeyBanc Capital Markets investor conference, which Lead Plaintiff appears to be referencing in Paragraph 135, and that Mr. Child was among the participants. To the extent that Lead Plaintiff purports to quote from or paraphrase Splunk's KeyBanc Capital Markets conference transcript in Paragraph 135, Defendants state that transcripts are recorded by third parties, and Defendants deny the allegations to the extent the transcript differs from what was actually said.  In all other respects,

ANSWER TO LEAD PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT – CASE NO. 4:20-cv-08600-JST

the transcript speaks for itself and is the best statement of its contents.  Defendants otherwise deny the allegations in Paragraph 135.

136.    To the extent the allegations in Paragraph 136 consist of legal conclusions, no response is required.  Defendants otherwise deny the allegations in Paragraph 136, except that Defendants respectfully refer the Court to publicly reported market services for the trading price of Splunk stock.

137.    To the extent the allegations in Paragraph 137 consist of legal conclusions, no response is required.  Defendants admit that on December 2, 2020, Summit Insights Group published an analyst report titled "Splunk (SPLK: HOLD) – Downgrading to HOLD and setting a new $160PT." Defendants further admit that on December 3, 2020, Cowen Research published an analyst report titled "Misses 3Q and Rescinds FY23 Targets; Lowering PT to $175";  J.P. Morgan published an analyst report titled "ARR Growth Still Strong at Scale, but Bookings Dip a Surprise; Downgrading to N";  Stifel Nicolaus published an analyst report titled "Downgrading to Hold and Lowering Target to $160"; BTIG published an analyst report titled "SPLK: Too Hard to Defend. Downgrade to Neutral"; Guggenheim published an analyst report titled "SPLK – Revenue and ARR Miss; FY23 ARR Guide Withdrawn"; Truist published an analyst report titled "You Got Splunk(ed)!"; William O'Neil published an analyst report titled "Remove Buy Recommendation: Splunk Inc (SPLK)"; Investing.com published an article titled Splunk Spelunked After Disappointing Earnings; Analysts Drop Price Targets" authored by Christiana Sciaudone; and TheStreet.com posted an online video titled "Jim Cramer: Software Companies to Buy That Aren't Splunk."  Defendants state that these analyst reports, article, and online video speak for themselves and are the best statements of their contents.  Defendants otherwise deny the allegations in Paragraph 137.

138.    To the extent the allegations in Paragraph 138 consist of legal conclusions, no response is required.  Defendants admit that Splunk held an earnings call for its Q3 FY 2021 on December 2, 2020, which Lead Plaintiff appears to be referencing in the second sentence of Paragraph 138.  To the extent that Lead Plaintiff purports to quote from or paraphrase the

ANSWER TO LEAD PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT – CASE NO. 4:20-cv-08600-JST

December 2, 2020 earnings call transcript in Paragraph 138, Defendants state that transcripts are recorded by third parties, and Defendants deny the allegations to the extent the transcript differs from what was actually said. In all other respects, the transcript speaks for itself and is the best statement of its contents. Defendants further admit that on December 3, 2020, Morgan Stanley published an analyst report titled "3Q21 Results – Growth Engine Stalls, But Not Blown"; SMBC Group published an analyst report titled "A Rare Whiff Raises Questions"; Guggenheim published an analyst report titled "SPLK – Revenue and ARR Miss; FY23 ARR Guide Withdrawn"; and BTIG published an analyst report titled "SPLK: Too Hard to Defend. Downgrade to Neutral." Defendants state that these analyst reports speak for themselves and are the best statements of their contents. Defendants otherwise deny the allegations in Paragraph 138.

139. To the extent the allegations of Paragraph 139 consist of legal conclusions, no response is required. Defendants admit that on December 3, 2020, Splunk presented at the KeyBanc Capital Markets investor conference, which Lead Plaintiff appears to be referencing in Paragraph 139, and that Mr. Child was among the participants. To the extent that Lead Plaintiff purports to quote from or paraphrase Splunk's KeyBanc Capital Markets conference transcript in Paragraph 139, Defendants state that transcripts are recorded by third parties, and Defendants deny the allegations to the extent the transcript differs from what was actually said. In all other respects, the transcript speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in Paragraph 139.

140. To the extent the allegations of Paragraph 140 consist of legal conclusions, no response is required. Defendants admit that on December 3, 2020, Splunk presented at the KeyBanc Capital Markets investor conference, which Lead Plaintiff appears to be referencing in the first sentence of Paragraph 140, and that Mr. Child was among the participants. To the extent that Lead Plaintiff purports to quote from or paraphrase Splunk's KeyBanc Capital Markets conference transcript in Paragraph 140, Defendants state that transcripts are recorded by third parties, and Defendants deny the allegations to the extent the transcript differs from what was actually said. In all other respects, the transcript speaks for itself and is the best statement of its

contents. Defendants otherwise deny the allegations in Paragraph 140.

141.    To the extent the allegations in Paragraph 141 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 141.

142.    To the extent the allegations in Paragraph 142 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 142.

143.    To the extent the allegations of Paragraph 143 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 143.

144.    To the extent the allegations in Paragraph 144 consist of legal conclusions, no response is required. Defendants admit that Splunk held an earnings call for its Q3 FY 2021 on December 2, 2020, which Lead Plaintiff appears to be referencing in the second and third sentences of Paragraph 144. Defendants further admit that on December 3, 2020, Splunk presented at the KeyBanc Capital Markets investor conference, which Lead Plaintiff appears to be referencing in the second and third sentences of Paragraph 144. To the extent that Lead Plaintiff purports to quote from or paraphrase transcripts of Splunk's Q3 FY 2021 earnings call or KeyBanc Capital Markets investor conference presentation, Defendants state that the transcripts are recorded by third parties, and to the extent the transcripts differ from what was actually said, Defendants deny the allegations. In all other respects, the transcripts speak for themselves and are the best statements of their contents. Defendants otherwise deny the allegations in Paragraph 144.

145.    To the extent the allegations in Paragraph 145 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 145, except that Defendants respectfully refer the Court to publicly reported market services for the trading price and volume of Splunk stock.

146.    To the extent the allegations in Paragraph 146 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in Paragraph 146.

147.    To the extent the allegations in Paragraph 147 consist of legal conclusions, no response is required. And to the extent that the allegations in Paragraph 147 relate to Lead Plaintiff's Exchange Act claims dismissed by the Court, no response is required. Defendants

otherwise deny the allegations in Paragraph 147.

148. To the extent the allegations in Paragraph 148 consist of legal conclusions, no response is required. And to the extent that the allegations in Paragraph 148 relate to Lead Plaintiff's Exchange Act claims dismissed by the Court, no response is required. Defendants otherwise deny the allegations in Paragraph 148.

149. To the extent the allegations in Paragraph 149 consist of legal conclusions, no response is required. And to the extent that the allegations in Paragraph 149 relate to Lead Plaintiff's Exchange Act claims dismissed by the Court, no response is required. Defendants otherwise deny the allegations in Paragraph 149.

150. To the extent the allegations in Paragraph 150 consist of legal conclusions, no response is required. Defendants further answer sub-parts a. – h. of Paragraph 150 as follows:

a. Defendants admit that Splunk common stock traded on the NASDAQ during the purported Class Period. The assertion that the market was efficient as to Splunk's stock is a matter of legal and economic expert opinion and accordingly no response is required at this time.

b. Defendants respectfully refer the Court to publicly reported market services for information regarding Splunk's trading volumes.

c. Defendants admit that Splunk files periodic reports with the SEC.

d. Defendants admit that Splunk is eligible to file registration statements with the SEC on Form S- 3.

e. Admitted.

f. Defendants admit that Splunk common stock was covered by securities analysts, but lack knowledge or information sufficient to form a belief as to the precise mechanisms concerning how each of those analyst reports were distributed, or to whom.

g. Defendants deny the allegations in part g. of Paragraph 150.

h. To the extent part h. of Paragraph 150 consists of legal conclusions, no

response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations regarding whether Lead Plaintiff or any other investors purchased Splunk securities. Defendants otherwise deny the allegations in Paragraph 150.

151.    To the extent the allegations in Paragraph 151 consist of legal conclusions, no response is required.  Defendants otherwise deny the allegations in Paragraph 151.

152.    The allegations in Paragraph 152 are legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 152.

153.    To the extent that the allegations in Paragraph 153 related to Lead Plaintiff's Exchange Act claims that have been dismissed by the Court, no response is required.  To the extent that the allegations in Paragraph 153 consist of definitions and characterizations of the purported class, no response is required.  Defendants otherwise deny the allegations in Paragraph 153, except to admit that Lead Plaintiff purports to bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3).

154.    To the extent the allegations in paragraph 154 consist of legal conclusions or relate to portions of Lead Plaintiffs' claims dismissed by the Court, no response is required.  Defendants admit that Splunk common stock traded on the NASDAQ during the purported Class Period, and had approximately 158.6 million shares of common stock outstanding as of March 19, 2020.  Defendants respectfully refer the Court to Splunk's 10-K (for the year ended January 31, 2020) filed with the SEC on March 26, 2020 for a complete account of shares of common stock outstanding as of March 19, 2020.  Defendants otherwise deny the allegations in paragraph 154.

155.    To the extent the allegations in Paragraph 155 consist of legal conclusions or relate to portions of Plaintiffs' claims dismissed by the Court, no response is required.  Defendants otherwise deny the allegations in paragraph 155.

156.    To the extent the allegations in Paragraph 156 consist of legal conclusions or relate to portions of Plaintiffs' claims dismissed by the Court, no response is required.  Defendants otherwise deny the allegations in paragraph 156.

157. To the extent the allegations in Paragraph 157 consist of legal conclusions or relate to portions of Plaintiffs' claims dismissed by the Court, no response is required. Defendants otherwise deny the allegations in paragraph 157.

158. To the extent the allegations in Paragraph 158 consist of legal conclusions or relate to portions of Plaintiffs' claims dismissed by the Court, no response is required. Defendants otherwise deny the allegations in paragraph 158.

159. Defendants repeat and reallege each of the answers set forth above as if fully set forth herein.

160. The allegations in Paragraph 160 consist of legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 160.

161. The allegations in Paragraph 161 consist of legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 161.

162. The allegations in Paragraph 162 consist of legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 162.

163. The allegations in Paragraph 163 consist of legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 163.

164. The allegations in Paragraph 164 consist of legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 164.

165. The allegations in Paragraph 165 consist of legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 165.

166. The allegations in Paragraph 166 consist of legal conclusions to which no response

ANSWER TO LEAD PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT – CASE NO. 4:20-CV-08600-JST

is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 166.

167.    The allegations in Paragraph 167 consist of legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 167.

168.    Defendants repeat and reallege each of the answers set forth above as if fully set forth herein.

169.    The allegations in Paragraph 169 consist of legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 169.

170.    The allegations in Paragraph 170 consist of legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 170.

171.    The allegations in Paragraph 171 consist of legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 171.

172.    The allegations in Paragraph 172 consist of legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 172.

173.    The allegations in Paragraph 173 consist of legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 173.

174.    The allegations in Paragraph 174 consist of legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph 174.

175.    The allegations in Paragraph 175 consist of legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in Paragraph

ANSWER TO LEAD PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT – CASE NO. 4:20-CV-08600-JST

175.

176.    Defendants deny the allegations in Paragraph 176 (the Prayer for Relief) and deny that Lead Plaintiff or the purported class are entitled to any of the requested relief.

177.    Defendants deny the allegations in Paragraph 177 (the Jury Demand) and deny that Lead Plaintiff has any valid claims against them, except admit that Lead Plaintiff purports to demand a jury trial.

**<u>AFFIRMATIVE DEFENSES</u>**

Without admitting any wrongful conduct, and without admitting that Lead Plaintiff or the members of the putative class have suffered any loss, damage, or injury, Defendants allege the following affirmative defenses to the allegations set forth in the Complaint.  By designating the following affirmative defenses, Defendants do not in any way waive or limit any defenses raised by the denials, allegations, and averments set forth elsewhere in this Answer.  Defendants also do not, by alleging any such affirmative defenses, admit that Lead Plaintiff does not have the burden of proof as to those defenses, and the statement of any defense hereinafter does not assume the burden of proof for any issue as to which applicable law places the burden upon Lead Plaintiff.  These defenses are pleaded in the alternative, are raised to preserve Defendants' right to assert such defenses, and are without prejudice to Defendants' ability to raise other and further defenses.  Defendants expressly reserve the right to amend and/or supplement their defenses as may be necessary.

**<u>FIRST DEFENSE</u>**

**<u>(Failure to State a Claim)</u>**

The Complaint, and each of its purported claims, fails to state a claim upon which relief can be granted.

**<u>SECOND DEFENSE</u>**

**<u>(No False Statement)</u>**

Defendants are not liable on the claims alleged in the Complaint because no actionable false or misleading statements or omissions were made by or can be attributed to Defendants.

## THIRD DEFENSE

### (No Duty to Disclose)

The claims alleged in the Complaint are barred, in whole or in part, because Defendants had no duty to disclose the information allegedly omitted in any statement made by Defendants.

## FOURTH DEFENSE

### (Lack of Materiality)

The claims alleged in the Complaint are barred, in whole or in part, because the alleged misstatements and omissions were not material to the investment decisions of a reasonable investor in view of, *inter alia*, the total mix of available information.

## FIFTH DEFENSE

### (Reliance on Others)

The claims alleged in the Complaint are barred, in whole or in part, because at all relevant times Defendants reasonably relied in good faith on information, representations, reports, expert opinions, and advice provided by others upon whom Defendants were entitled to rely.

## SIXTH DEFENSE

### (Good Faith)

The claims alleged in the Complaint cannot be maintained, in whole or in part, because Defendants at all times acted in good faith and with good cause.

## SEVENTH DEFENSE

### (Conduct of Third Parties)

The claims alleged in the Complaint cannot be maintained, in whole or in part, because the conduct of parties other than Defendants proximately caused the alleged harms, if any, complained of in the Complaint.

## EIGHTH DEFENSE

### (Imputation)

The claims alleged in the Complaint cannot be maintained, in whole or in part, because

- 44 -

the conduct of parties other than Defendants cannot be imputed to Defendants.

**NINTH DEFENSE**

**(Equitable Defenses)**

The claims alleged in the Complaint are barred under such equitable defenses as the evidence demonstrates, including but not limited to the doctrines of estoppel, unclean hands, waiver, and laches.

**TENTH DEFENSE**

**(Safe Harbor)**

To the extent that the claims alleged in the Complaint are based on predictions or other forward-looking statements, Lead Plaintiff and members of the putative class are barred from recovery in whole or in part by the safe harbor provisions of the Private Securities Litigation Reform Act of 1995 and the bespeaks caution doctrine.

**ELEVENTH DEFENSE**

**(Opinion Statements)**

To the extent that the claims alleged in the Complaint are based on opinion statements, Lead Plaintiff and members of the putative class are barred in whole or in part from recovery under the framework set forth in *Omnicare, Inc. v. Laborers District Council*, 575 U.S. 175 (2015).

**TWELFTH DEFENSE**

**(Lack of Causation)**

The losses of Lead Plaintiff and members of the putative class, if any, were caused by market factors, superseding or intervening causes, or other factors for which Defendants are not responsible, or acts of other persons for whom Defendants are not responsible, and did not result from any acts or omissions of Defendants.

**THIRTEENTH DEFENSE**

**(Failure to Mitigate Damages)**

To the extent that they have been damaged, if at all, the failure of Lead Plaintiff and

members of the putative class to mitigate their damages bars or reduces any recovery.

## FOURTEENTH DEFENSE

### (Contribution and/or Indemnity)

Defendants are entitled to receive contribution and/or indemnity from others for any liability they incur as a result of the alleged misrepresentations, omissions, and conduct alleged in the Complaint.

## FIFTEENTH DEFENSE

### (Independent Causation)

The claims alleged in the Complaint are barred, in whole or in part, because the depreciation in the price of Splunk securities, if any, resulted from factors other than the purportedly false or misleading statements or omissions alleged in the Complaint.

## SIXTEENTH DEFENSE

### (Assumption of Risk)

The losses of Lead Plaintiff and members of the putative class, if any, were caused by their assumption of the risks of investment, including but not limited to the material facts and risks that were publicly disclosed or in the public domain.

## SEVENTEENTH DEFENSE

### (Offset of Damages)

Defendants are entitled to offset damages, if any, by benefits received by Lead Plaintiff and members of the putative class through their investments in Splunk.

## EIGHTEENTH DEFENSE

### (Lack of Standing)

The Complaint, and each and every cause of action contained therein, is barred, in whole or in part, because some or all of the putative class members do not have standing to bring the causes of action alleged in the Complaint.

**NINETEENTH DEFENSE**

**(No Reliance)**

The Complaint, and each and every cause of action set forth therein, is barred, in whole or in part, because Lead Plaintiff and members of the putative class did not rely on any alleged misrepresentations or omissions by Defendants.

**TWENTIETH DEFENSE**

**(Independent Investment Decision)**

The claims alleged in the Complaint are barred, in whole or in part, because Lead Plaintiff and members of the putative class relied upon their own independent investigations, own decisions, and the advice of professional investment advisors.

**TWENTY-FIRST DEFENSE**

**(Truth on the Market)**

The claims alleged in the Complaint are barred, in whole or in part, to the extent that the substance of the information that Lead Plaintiff alleges to have been omitted or misrepresented was in fact publicly disclosed and/or was otherwise publicly available and in the public domain, and thus was available to Lead Plaintiff and members of the putative class, the market, and the investing community.

**TWENTY-SECOND DEFENSE**

**(No Damages)**

The claims alleged in the Complaint are barred, in whole or in part, because Lead Plaintiff and members of the putative class suffered no damages.

**TWENTY-THIRD DEFENSE**

**(Speculative Damages)**

The claims alleged in the Complaint are barred, in whole or in part, because the damages allegedly sustained by Lead Plaintiff and members of the putative class are speculative.

## TWENTY-FOURTH DEFENSE

### (Damages Exceed Permitted Amount)

The claims alleged in the Complaint are barred, in whole or in part, to the extent that the damages sought exceed those permitted under the Private Securities Litigation Reform Act, common law, or any other applicable statute, rule, or regulation.

## TWENTY-FIFTH DEFENSE

### (No Equitable Remedies)

Any claim for equitable relief, including any claim for injunctive relief, is barred because Lead Plaintiff and members of the putative class have an adequate remedy at law.

## TWENTY-SIXTH DEFENSE

### (No Costs or Expenses)

Lead Plaintiff and members of the putative class are not entitled to recover the costs and expenses of this litigation, including attorneys' fees, accountants' fees, experts' fees, and other costs and disbursements.

## TWENTY-SEVENTH DEFENSE

### (Lack of Inducement and Good Faith Conduct Under Section 20(a) of the Exchange Act

Defendants cannot be held liable as control persons under Section 20(a) of the Exchange Act because Defendants at all times acted in good faith and did not directly or indirectly induce any act or acts constituting a violation of the Exchange Act. *See* 15 U.S.C. § 78t(a).

## TWENTY-EIGHTH DEFENSE

### (Improper Class Action)

The claims alleged by Lead Plaintiff are not properly the subject of a class action, including but not limited to by virtue of the fact that Lead Plaintiff's claims include questions of law and fact that are not common to the class.

## TWENTY-NINTH DEFENSE

### (Necessary and Indispensable Parties )

Other parties not named in the Complaint may be necessary and indispensable parties to

this action.

## THIRTIETH DEFENSE

### (Dismissed Claims)

The claims alleged by Lead Plaintiff are barred, in whole or in part, to the extent the claims were dismissed by the Court in its March 21, 2022 Order (Dkt. 77).

## THIRTY-FIRST DEFENSE

### (Additional Defenses, Cross-Claims and Third-Party Claims)

Defendants hereby reserve and reassert all affirmative defenses available under any applicable federal and/or state law.  Defendants reserve the right to assert and pursue any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation.

WHEREFORE, Defendants respectfully request that the Court dismiss the claims alleged against them, award costs, disbursements, and attorneys' fees to Defendants, and grant such other and further relief that the Court deems just and proper.

Dated:  May 13, 2022                              **SIDLEY AUSTIN LLP**

*/s/ Sara B. Brody*
Sara B. Brody (SBN 130222)
Nicole M. Ryan (SBN 175980)
TJ Herron (SBN 331728)
Stephen Tang (SBN 336273)
555 California St., Suite 2000
San Francisco, CA 94104
Telephone: +1 (415) 772-1200
Facsimile: +1 (415) 772-7400

*Attorneys for Defendants*
SPLUNK INC., DOUGLAS MERRITT, and
JASON CHILD

- 49 -

ANSWER TO LEAD PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT – CASE NO. 4:20-CV-08600-JST