# Exhibit D



SIDLEY AUSTIN LLP
555 CALIFORNIA STREET
SUITE 2000
SAN FRANCISCO, CA 94104
+1 415 772 1200
+1 415 772 7400 FAX

+1 415 772 1250
NICOLE.RYAN@SIDLEY.COM

AMERICA  •  ASIA PACIFIC  •  EUROPE

August 18, 2022

**CONFIDENTIAL**

**By Email**

Jonathan D. Uslaner
Bernstein Litowitz Berger & Grossman LLP
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
jonathanu@blbglaw.com

      Re:    *In re Splunk Inc. Securities Litigation*, Case No. 4:20-cv-08600-JST

Dear Jonathan:

We write in response to your August 5 letter responding to my July 27 meet-and-confer response letter regarding Defendants' Objections and Responses to Lead Plaintiff's First Request for the Production of Documents, as well as Lead Plaintiff's non-party subpoenas propounded to former Splunk employees Carrie Palin and Susan St. Ledger.

**Requests for Production[1]**

**Request Nos. 1, 5, 6, 8, 11, 12, 14, 18, 22, and 27 (which your letter describes as "Requests on which the Parties Appear to Agree")**

For each of these Requests, my detailed, seventeen-page July 27 letter specifies precisely what documents Defendants have agreed to produce. We stand by those agreements, which are

---

[1] The parties appear to be in agreement on the compromise time period for Defendants' production in response to Lead Plaintiff's Requests. As we have explained to you in the context of our meet and confer regarding Defendants' Requests, the relevant time period for those requests is different than the relevant time period for Lead Plaintiff's Requests. We will address the appropriate time period for those requests in our forthcoming response to your August 9 letter.

Sidley Austin (CA) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Jonathan D. Uslaner
August 18, 2022
Page 2

not changed by your over-generalized summary descriptions purporting to characterize what documents Defendants have agreed to produce.[2]

In addition, we respond as follow to your letter's specific requests.

- **Request No. 1** (organization charts). There are nine current employees who fall within the scope of the two categories set forth in your letter.[3] At your request, Splunk will provide snapshots for these nine employees.

- **Request No. 8** (regarding investments in marketing and sales). Defendants will produce the documents specified in my July 27 letter:

   "Defendants have already agreed to produce responsive, reasonably available, non-privileged documents sufficient to show (i) the amounts Splunk budgeted for and spent on marketing in FY 2021; (ii) Splunk weekly sales hiring data for FY 2021; (iii) the amounts Splunk spent on marketing from FY 2019 through FY 2021; and (iv) Splunk monthly sales hiring data from FY 2019 through FY 2021 in response to this Request. In addition, Defendants will produce responsive, reasonably available, non-privileged documents concerning Splunk's investments in and budgets for marketing from agreed-upon custodians for the agreed-upon time period."

   This encompasses responsive documents from the agreed-upon time period even if those documents relate to budgets or expenditures from outside that time period. As for your request regarding "investments in sales," as my letter explains, that term is extremely vague and does not form the basis for Plaintiff's allegations in the Complaint. If by "investments in sales," Plaintiff means sales hiring, then Defendants have agreed to produce sales hiring data in response to this Request, documents about hiring plans, goals, forecasts, and trends in response to Request No. 9, and documents about general hiring decisions, including any alleged hiring freezes, in response to

---

[2] For instance, my July 27 letter specifies that Defendants will produce "responsive, reasonably available, non-privileged documents that discuss (i) Splunk's sales forecasts, deals in the pipeline, and closed deals for Q3 FY 2021; (ii) the missed sales forecasts for that quarter and the reasons for such misses; and (iii) the deals that were expected to, but did not, close in the quarter, and the actual or contemplated reasons those deals did not close in the quarter" in response to Request No. 22, whereas your letter simply asserts that "Defendants have agreed to produce the documents responsive to" Request No. 22.

[3] Jason Child, Claire Hockin, Ken Tinsley. Kari Matalone, Erin Earle, Christian Smith, Jay Beckstoffer, Frank Dimina, and Ammar Maraqa.

# SIDLEY

Jonathan D. Uslaner
August 18, 2022
Page 3

Request No. 10. Defendants do not agree to separately search for all documents regarding "investments in sales."

- **Request No. 18** (regarding the impact of Covid-19). Request No. 18 seeks all documents concerning the actual or potential impact of Covid-19 on Splunk's "financial performance and operations." My July 27 letter states that Defendants will produce responsive, reasonably available, non-privileged documents "that discuss the impact of Covid-19, if any, on the Company's financial performance" for the full compromise time period of January 1, 2020 to March 2, 2021. That fully addresses the Request's request for documents related to Covid-19's impact on the Company's financial performance; there is no separate request for documents related to the impact of Covid-19 on "the timing and/or closing of deals in the pipeline." In addition, my July 27 letter states that Defendants will produce responsive, reasonably available, non-privileged documents that discuss the impact of Covid-19, if any, on the Company's "sales, marketing, hiring, or layoffs," which necessarily encompasses "hiring freezes," and that, in response to Request No. 6, Defendants will produce responsive documents about the New Logo Team, which necessarily encompasses documents that discuss the impact of Covid-19, if any, on the New Logo Team.

**Request Nos. 9, 25, and 26 (which your letter characterizes as requests on which "the parties may reach compromise with certain modifications")**

- **Request No. 9** (regarding Spunk's hiring plans, goals, forecasts, and trends). Your letter incorrectly states that "Defendants have proposed to produce the responsive documents for the time period from <u>March 1, 2020, to December 31, 2020.</u>" (emphasis added). My July 27 letter specifically states that Defendants will produce responsive documents for the longer compromise time period starting <u>January 1, 2020</u>. There is no basis for your additional request that Defendants produce such documents going back to <u>August 1, 2019</u>. That is inconsistent with the compromise time period of January 1, 2020 to March 2, 2021, and is overbroad, unduly burdensome, and irrelevant to Plaintiff's claims for all the reasons set forth in Defendants' Objections and Responses and my July 27 letter.

- **Request No. 25** (regarding Splunk's stock price). Defendants have already agreed to produce responsive, reasonably available, non-privileged documents "regarding Splunk's stock price, or stock price changes, on May 21-22, 2020, June 8-9, 2020, September 14-15, 2020, and December 2-3, 2020"—i.e., the dates of the challenged statements and alleged corrective disclosures. Defendants do not agree to search for and produce documents about Splunk's stock price on additional dates that *are not* the dates of the alleged misstatements or corrective disclosures. As explained in my July 27 letter, such a request is unnecessary, unduly burdensome, and irrelevant to

# SIDLEY

Jonathan D. Uslaner
August 18, 2022
Page 4

Plaintiff's claims. If a document is otherwise relevant to the substantive topics at issue in the case, it will get picked up in response to other Requests.

- **Request No. 26** (regarding communications with securities analysts and investors). Your letter is not clear and does not accurately reflect what Defendants have agreed to produce. As detailed in my July 27 letter, Defendants have agreed to produce responsive communications with <u>analysts and investors</u> regarding the <u>challenged statements and alleged corrective disclosures</u> for the full compromise time period of January 1, 2020 to March 2, 2021. In addition, Defendants have agreed to produce communications with <u>analysts</u> on <u>any topic</u> related to Splunk for the narrower time period of May 21, 2020 to December 31, 2020. At your request, in order to reach a compromise, Defendants will agree to produce such analyst communications for the full compromise time period of January 1, 2020 to March 2, 2021. However, Defendants cannot agree to produce communications with <u>investors</u> on any topic related to Splunk, wholly unrelated to the challenged statements and alleged corrective disclosures. As explained in my July 27 letter, such a request is overbroad, unduly burdensome, and irrelevant to Plaintiff's claims. For instance, it would include all documents related to every instance in which any investor contacted the Company for an investor package. Moreover, there is simply no feasible way to search for all communications with any "investor" (i.e., any shareholder) of the Company.

**<u>Request Nos. 2, 3 & 4, 7, 10, 15 & 20, 19, 24, 28, 30, and 31 (which your letter characterizes as "Requests on which the Parties May Be at an Impasse")</u>**

- **Request No. 2** (calendar, diary, and journal entries). Defendants have already agreed to produce responsive calendar notices related to the topics at issue in the case, and will agree to do so for the full compromise time period of January 1, 2020 to March 2, 2021. However, Plaintiff's continued request for additional irrelevant calendar notices—including, for instance, personal items such as doctors' appointments and unrelated business meetings—remains improper, overbroad, unduly burdensome, invasive of the individuals' privacy interests, and irrelevant to Plaintiff's claims for all the reasons set forth in Defendants' Objections and Responses and my July 27 letter.

- **Request Nos. 3 and 4** (regarding earnings calls, investor presentations, SEC filings, and press releases). Defendants maintain and reiterate their prior objections and responses, agreements, and statements. As explained in detail in my July 27 letter, there is no basis to require Defendants to search for and produce all documents regarding numerous earnings calls, earnings releases, analyst presentations, investor presentations, and SEC filings that are *not* the subject of this lawsuit. If such documents are responsive to other Requests for which Defendants have agreed to

# SIDLEY

Jonathan D. Uslaner
August 18, 2022
Page 5

produce documents—e.g., because they discuss hiring plans—they will be produced in response to those other Requests.

- **Request No. 7** (regarding "New Logos," defined to include "all actual or potential sources of new business and pipeline generation"). Defendants maintain and reiterate their prior objections and responses, agreements, and statements. As explained in detail in my July 27 letter, this Request, as framed, improperly seeks all documents about all actual or potential sources of new business and pipeline generation anywhere at the Company—which could be deemed to encompass nearly all the Company's documents—and is plainly overbroad, vague, unduly burdensome, and irrelevant to Plaintiff's claims. As detailed in my letter, Defendants have already reasonably addressed this Request by agreeing to produce responsive documents regarding the New Logo Team as well as documents regarding Splunk's sales forecasts, deals in the pipeline, and closed deals for Q3 FY 2021.

- **Request No. 10** (regarding Splunk's "actual or contemplated hiring decisions"). Defendants maintain and reiterate their prior objections and responses, agreements, and statements. Your letter misrepresents Defendants' position, stating that "Defendants have refused to produce documents responsive to this Request." To the contrary, as detailed in my July 27 letter, Defendants have *agreed* to produce responsive documents concerning "general hiring decisions, such as an alleged hiring freeze, slowdown, increase, or resumption" for the full compromise time period of January 1, 2020 to March 2, 2021.[4]

- **Request Nos. 15 and 20** (regarding Splunk's "potential market access, market share, or the total addressable market" for its products as well as its "Financial Performance" following its transition to a "'term licensing model'" for a four-and-a-half year time period). Defendants maintain and reiterate their prior objections and responses, agreements, and statements. As explained in detail in my July 27 letter, these Requests touch on nearly every aspect of Splunk's business and are extremely overbroad, vague, unduly burdensome, and irrelevant to Plaintiff's claims. Defendants have agreed to produce documents in response to other Requests that satisfy any reasonable request for documents related to the issues in the case.

- **Request No. 19** (regarding "Splunk's historical net revenues and losses," the "reasons" for those financial results, and the "impact" of those results on Splunk's

---

[4] As further explained in my letter, Defendants do not agree to produce all documents about actual or contemplated *individualized* hiring decisions, which encompasses the consideration of thousands of people for individual sales and marketing positions. Such a Request is plainly overbroad, unduly burdensome, invades the privacy of thousands of Splunk employees and non-employees who applied and/or were hired for sales and marketing positions, and is irrelevant to Plaintiff's claims.

# SIDLEY

Jonathan D. Uslaner
August 18, 2022
Page 6

"operations" for a three-and-a-half year time period). Defendants maintain and reiterate their prior objections and responses, agreements, and statements. As explained in detail in my July 27 letter, this Request could be deemed to encompass practically every Company document and is plainly overbroad, vague, unduly burdensome, and irrelevant to Plaintiff's claims. Defendants have agreed to produce documents in response to other Requests that are more appropriately tailored to the issues and relevant time period in this case and which satisfy any reasonable request for documents. For instance, Defendants have agreed to produce documents concerning Splunk's sales forecasts, deals in the pipeline, and closed deals for Q3 FY 2021 and the reasons for the missed forecasts and deals that did not close in Q3 in response to Request No. 22.

- **Request No. 24** (regarding Mr. Child's post-Class Period "statement that Splunk was 'in the valley of death'" (citing Compl. ¶ 101)). Defendants maintain and reiterate their prior objections and responses, agreements, and statements. As explained in detail in my July 27 letter, this statement from a March 20, 2021 article in Barron's Magazine is irrelevant to Plaintiff's claims and has nothing to do with the accuracy of the alleged misstatements or Mr. Child's scienter as to those statements. Moreover, this statement is publicly available, and there is no basis to require Defendants to search for and produce any documents that relate in any way to this irrelevant statement.

- **Request No. 28** (regarding "any actual, contemplated, potential, or proposed" "Capital Raise" over a three-year period). Defendants maintain and reiterate their prior objections and responses, agreements, and statements. As explained in detail in my July 27 letter, this Request is overbroad, unduly burdensome, and irrelevant to Plaintiff's claims. The only "Capital Raise" alleged in the Complaint is the Debt Offering, for which Defendants have already agreed to produce documents in response to Request No. 27. My July 27 letter makes no representations about whether Splunk conducted or considered any other capital raises in fiscal years 2019-2021.

- **Request No. 30** (regarding the departures of Susan St. Ledger, Tim Tully, Carrie Palin, and Mr. Merritt from Splunk and associated compensation information). Defendants maintain and reiterate their prior objections and responses, agreements, and statements. As explained in detail in my July 27 letter, this Request is overbroad, not proportional to the needs of the case, invades the individuals' privacy interests, and is irrelevant to Plaintiff's claims. Your letter does not refute our showing that the existence of a protective order does not resolve these privacy concerns. Nor does it dispute our showing that there was nothing suspicious about these departures.

# SIDLEY

Jonathan D. Uslaner
August 18, 2022
Page 7

- **Request No. 31** (regarding "any formal or informal performance reviews or evaluations" of Mr. Merritt and Mr. Child, any of Splunk's sales and marketing personnel, and any other Splunk employee identified in Defendants' Rule 26(a)(1) disclosures over a five-and-a-half year time period). Defendants maintain and reiterate their prior objections and responses, agreements, and statements. As explained in detail in my July 27 letter, this Request is overbroad, unduly burdensome, invades the privacy of thousands of individuals, and is irrelevant to Plaintiff's claims. Your letter does not refute our showing that the existence of a protective order, and the redaction of information like social security numbers, does not resolve these privacy concerns.

### Subpoenas

Your letter does not even address or attempt to refute the detailed showing made in my July 27 letter and Ms. Palin and Ms. St. Ledger's objections and responses that the non-party subpoenas to Ms. Palin and Ms. St. Ledger are vastly overbroad, unduly burdensome, unreasonably intrusive and violative of their privacy rights, seek information that is not relevant to Plaintiff's claims or proportional to the needs of the case, and seek documents that are duplicative of those in Splunk's possession. Ms. Palin and Ms. St. Ledger maintain and reiterate their prior statements, objections and responses.

Very truly yours,

*/s/ Nicole M. Ryan*

Nicole M. Ryan