# Exhibit H

Sara B. Brody (SBN 130222)
sbrody@sidley.com
Nicole M. Ryan (SBN 175980)
nicole.ryan@sidley.com
TJ Herron (SBN 331728)
therron@sidley.com
Stephen Tang (SBN 336273)
stang@sidley.com
SIDLEY AUSTIN LLP
555 California St., Suite 2000
San Francisco, CA 94104
Telephone: +1 (415) 772-1200
Facsimile: +1 (415) 772-7400

*Attorneys for Defendants*
SPLUNK INC., DOUGLAS MERRITT, and
JASON CHILD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE SPLUNK INC. SECURITIES LITIGATION | Case No. 4:20-cv-08600-JST |
| | **DEFENDANTS' OBJECTIONS AND RESPONSES TO LEAD PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS** |
| | Honorable Jon S. Tigar |

Defendants Splunk Inc. ("Splunk" or "the Company"), Douglas Merritt, and Jason Child (collectively, "Defendants'), through their undersigned attorneys, hereby object and respond to Lead Plaintiff's ("Plaintiff") First Request for the Production of Documents ("Requests").

**GENERAL OBJECTIONS**

1. Defendants object to these Requests to the extent they seek information outside the scope of this action, as defined by the Court's March 21, 2022 Order. Dkt. 77. Defendants further object to Lead Plaintiff's definition of "Relevant Time Period" (November 1, 2019 – Present) as overbroad, unduly burdensome, and not proportional to the needs of the case and as seeking documents outside the scope of this action, as defined by the March 21, 2022 Order.

2. Defendants will only produce documents following entry of an appropriate Protective Order(s) by the Court in this case.

3. Defendants object to any attempt by Lead Plaintiff to claim that Defendants' responses to the Requests set forth herein are an admission by Defendants of the recitation of facts set forth in any such Request or in the Definitions.

4. Defendants object to any and all Requests to the extent that they call for the disclosure of any information or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendants make any productions and otherwise respond on the condition that the production of documents or information covered by such privilege or protection does not waive any of Defendants' rights to assert such privilege or protection and that Defendants may withdraw any such document or information produced or provided as soon as identified.

5. Defendants object to the Requests to the extent that they seek documents not within Defendants' possession, custody or control. Defendants will produce documents only in their own possession, custody or control, to the extent any such documents exist. Defendants' agreement to produce documents in response to a Request does not constitute an admission that any such documents exist. Moreover, Defendants note that Lead Plaintiff's Requests primarily seek documents maintained under the custody and control of Splunk, and Messrs. Merritt and Child do

1

not take on any obligation to direct or control Splunk's production of documents.

6.    Defendants object to Lead Plaintiff's "Instructions" to the extent that they attempt to impose any obligation on Defendants beyond the obligations imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.  Defendants will meet and confer with Lead Plaintiff regarding the entry of an appropriate stipulated ESI Order, and will make any productions pursuant to the specifications of that Order.  Where Defendants have agreed to produce documents, they will produce documents on a rolling basis.

## DEFINITIONS

1.    As used herein, "Remaining Challenged Statements" refers to the surviving challenged statements attributed to Defendants (i) during Splunk's May 21, 2020 Q1 FY 2021 earnings call, (ii) in a June 8, 2020 article in the *Silicon Valley Business Journal*, and (iii) during a September 14, 2020 Jefferies Virtual Software Conference, as defined in the Court's March 21, 2022 order.  *See* Dkt. 77.

2.    As used herein, "Alleged Corrective Disclosures" refers to (i) Splunk's December 2, 2020 Q3 FY 2021 earnings call and accompanying press release, and (ii) the statements attributed to Defendants during a December 3, 2020 KeyBanc Capital Markets investor conference.

3.    "FY 2021" means February 1, 2020 – January 31, 2021.

## DEFINITIONAL OBJECTIONS

Defendants object to Lead Plaintiff's definitions as follows:

1.    Defendants object to the definition of "All-Hands Meetings" as vague, overbroad, unduly burdensome, and not proportional to the needs of the case in that it purports to encompass "*all* internal company-wide Splunk meetings," regardless of whether such meetings were actually characterized as "all-hands" meetings or have any relevance to the case.  Defendants will interpret the term "All-Hands Meeting" to mean the all-hands meeting alleged in Paragraph 69 of the Complaint.

2.    Defendants object to the definition of "Capital Raise(s)" as overbroad, unduly burdensome, and not proportional to the needs of the case in that it encompasses "*any* capital or

2

money that Splunk obtained from investors," without any time limitation and regardless of any connection or relevance to the specific allegations in the Complaint. Defendants will interpret the term "Capital Raise(s)" in the same manner as Defendants interpret the term "Debt Offering." *See* Definitional Objection No. 3.

3.    Defendants object to the definition of "Debt Offering" as vague because it purports to describe an "offering of convertible debt" announced on June 1, 2020 with then-pending terms and conditions. Defendants will interpret "Debt Offering" to mean the Rule 14A private offering by Splunk Inc. of $1.265 billion aggregate principal amount of 1.125% convertible senior notes, as announced on June 5, 2020.

4.    Defendants object to the definition of "Financial Performance" as vague, overbroad, unduly burdensome, and not proportional to the needs of the case in it encompasses a sweeping array of "metrics or indicators" that generally touch upon the "financial health or performance" of Splunk, without any connection or relevance to the subject matter of this action.

5.    Defendants object to the definition of "New Logos" as vague, overbroad, unduly burdensome, and not proportional to the needs of the case in that it references all "potential sources of new business and pipeline generation" without further specification. The term "potential sources" could refer to sales leads, imminent deal closures, or untapped customer markets, among other possible meanings. Defendants will interpret "New Logos" to mean actual new customer accounts generated in a given period by the "New Logos Team." *See* Definitional Objection No. 6.

6.    Defendants object to the definition of "New Logos Team" as vague, overbroad, unduly burdensome, and not proportional to the needs of the case in that it encompasses any Splunk employee or contractor who has any responsibility for "identifying, attracting, or generating actual or potential sources of new business and pipeline," which would be a significant portion of Splunk's workforce and is not relevant to Lead Plaintiff's claims. Defendants also object that Lead Plaintiff inconsistently uses the defined term "New Logos Team" and the capitalized but undefined term "New Logo Team" in the Requests. Defendants will interpret the terms "New Logos Team" and "New Logo Team" to mean the U.S.-based team within Splunk's AMER Field Sales department

3

known as the New Logo Team that disbanded in June 2020.

7.    Defendants object to the definition of "Q&As" as vague, overbroad, unduly burdensome, and not proportional to the needs of the case in that it encompasses any kind of question-and-answer document from anyone within Splunk, without further specification or discernible connection to the subject matter of this action.  Defendants will interpret the term "Q&As" to mean scripted question-and-answer documents prepared for Mr. Merritt and/or Mr. Child in advance of and specifically for Splunk's earnings calls or investor conferences during the period May 21, 2020 to December 3, 2020.

8.    Defendants object to the definition of "Third Quarter" as vague and ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case in that it encompasses any "third quarter" within any fiscal year, which is outside the scope of this action.  Defendants will interpret the terms "Third Quarter" and "Third Quarter of 2020" to mean Q3 FY 2021 (i.e., August 1, 2020 – October 31, 2020).

9.    Defendants object to the definition of "Relevant Time Period" ("November 1, 2019, through the present") as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks information that pre-dates the purported class period by over six months and post-dates the purported class period by almost 1.5 years—the vast majority of which is outside the scope of and not relevant to the subject matter of this action.  Unless otherwise specified, Defendants will limit their response to each of Lead Plaintiff's Requests to the time period from March 1, 2020 to December 31, 2020.

**OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION**

**DOCUMENT REQUEST NO. 1:**

Documents sufficient to show Splunk's Organizational Structure and any changes thereto, including organizational charts showing reporting lines to the Executive Defendants and for all personnel with job responsibilities or roles Concerning Splunk's (i) marketing; (ii) sales; (iii) New Logo Team; and (iv) human resources.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case insofar as the Request seeks documents from an unreasonably expansive time period and related to employees that have no connection to Lead Plaintiff's claims.

Subject to and without waiving the foregoing objections, and following entry of a protective order, Defendants will produce responsive, reasonably available, non-privileged documents, if any, in Defendants' possession, custody, or control for the time period May 21, 2020 to December 3, 2020.

**DOCUMENT REQUEST NO. 2:**

The calendar, diary, and journal entries for each of the Executive Defendants and all other current or former Splunk employees, officers, and directors identified in Defendants' Rule 26(a)(1) Disclosures.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendants object to this Request as vague and ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is irrelevant to Lead Plaintiff's claims because the Request broadly calls for the production of any and all "calendar, diary, and journal entries" from a broad swath of individuals for an unreasonably expansive time period and on any conceivable topic, personal or business-related, encompassing materials far outside the subject matter of this action, namely Defendants' basis for and knowledge in connection with the Remaining Challenged Statements.  Defendants further object to this Request as improperly seeking private information of the Executive Defendants and other current and former Splunk employees.

Subject to and without waiving the foregoing objections, and following entry of a protective order, Defendants will produce responsive, reasonably available, non-privileged calendar notices sent and received from agreed-upon custodians for the time period March 1, 2020 to December 31,

2020 for those topics on which Defendants agree to produce responsive documents in response to other Requests.

**DOCUMENT REQUEST NO. 3:**

All Documents and Communications Concerning Splunk's quarterly and annual investor earnings calls, investor presentations, periodic SEC filings, Forms 8-K, and press releases.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendants object to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is irrelevant to Lead Plaintiff's claims because it calls for the production of documents regarding all of Splunk's numerous earnings calls, investor presentations, SEC filings, and press releases over a two-and-a-half year time period, which are not only equally available to Lead Plaintiff, but also far outside the subject matter of this action: Defendants' basis for and knowledge in connection with the Remaining Challenged Statements.  Defendants further object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks "*All* Documents and Communications" within that unreasonably expansive time period.

Subject to and without waiving the foregoing objections, and following entry of a protective order, Defendants will produce responsive, reasonably available, non-privileged documents regarding the Remaining Challenged Statements and Alleged Corrective Disclosures from agreed-upon custodians for the time period March 1, 2020 to December 31, 2020.

**DOCUMENT REQUEST NO. 4:**

All Documents and Communications Concerning the Executive Defendants' preparation for or participation in Splunk's quarterly and annual investor earnings calls, including the preparation, drafting, review, discussion, or approval of scripts, talking points, and Q&As.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendants object to this Request to the extent that it calls for the disclosure of documents

that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendants object to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is irrelevant to Lead Plaintiff's claims because it seeks documents regarding all of Splunk's earnings calls over a two-and-a-half year time period, encompassing materials far outside the subject matter of this action: Defendants' basis for and knowledge in connection with the Remaining Challenged Statements. Defendants further object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it is duplicative of Request No. 3 and also seeks "*All* Documents and Communications" from an unreasonably expansive time period and which are equally available to Lead Plaintiff.

Subject to and without waiving the foregoing objections, and following entry of a protective order, Defendants will produce responsive, reasonably available, non-privileged documents regarding the Remaining Challenged Statements and Alleged Corrective Disclosures from agreed-upon custodians for the time period March 1, 2020 to December 31, 2020.

**DOCUMENT REQUEST NO. 5:**

All Documents and Communications Concerning the Challenged Statements, including (i) any scripts, talking points, Q&As, and Communications with analysts, investors, the media, the public, or the SEC Concerning the Challenged Statements; and (ii) any information supporting, underlying, undermining, or contradicting the Challenged Statements.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it is duplicative of Request Nos. 3 and 4 and also seeks "*All* Documents and Communications" from an unreasonably expansive time period and that are equally available to Lead Plaintiff.

Subject to and without waiving the foregoing objections, and following entry of a protective

7

order, Defendants will produce responsive, reasonably available, non-privileged documents regarding the Remaining Challenged Statements from agreed-upon custodians for the time period March 1, 2020 to December 31, 2020.

**DOCUMENT REQUEST NO. 6:**

All Documents and Communications Concerning the New Logo Team, including (i) the purpose, plans, expectations, objectives, and goals for the New Logo Team or its members; (ii) the members of the New Logo Team; (iii) the sales quotas or any other performance metrics for the New Logo Team or its members; (iv) the results or accomplishments of the New Logo Team or its members; and (vi) the actual or potential termination or elimination of the New Logo Team or any of its members and any actual, contemplated, or stated reasons for such termination or elimination.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks "*All* Documents and Communications" from an unreasonably expansive time period and goes beyond seeking information related to the disbanding of the New Logo Team.

Subject to and without waiving the foregoing objections, and following entry of a protective order, Defendants will produce responsive, reasonably available, non-privileged documents regarding the disbanding of the New Logo Team from agreed-upon custodians for the time period March 1, 2020 to December 31, 2020.

**DOCUMENT REQUEST NO. 7:**

All Documents and Communications Concerning New Logos, including Splunk's actual, contemplated, expected, forecasted, or projected sales or revenues directly or indirectly attributed to any actual or potential New Logos.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendants object to this Request to the extent that it calls for the disclosure of documents

that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendants object to this Request as overbroad, unduly burdensome, vague, not reasonably particularized, not proportional to the needs of the case, and seeking information that is irrelevant to Lead Plaintiff's claims because it seeks "*All* Documents and Communications" for a two-and-a-half year period concerning all potential sources of new business and pipeline generation for the Company, as well as all related "actual," "contemplated," or "projected" sales and revenues "directly or indirectly attributed" to those potential sources of new business, which goes far beyond the subject matter of this action: Defendants' basis for and knowledge in connection with the Remaining Challenged Statements. Defendants further object to this Request to the extent it is duplicative of Request No. 6.

Defendants will not produce documents in response to this Request, except to the extent that Defendants' productions in response to other Requests are also responsive to this Request.

**DOCUMENT REQUEST NO. 8:**

All Documents and Communications Concerning Splunk's actual or potential investments in and budgets for marketing and sales for fiscal years 2019 forward, including (i) any investments in marketing or sales that Splunk completed, did not complete, revised, planned, considered, or contemplated; (ii) any changes to, reductions in, delay of, suspension of, or elimination of such investments or budgets; (iii) agendas, minutes, notes, or talking points for any meetings at which Splunk employees, officers, or directors discussed such actual or potential investments or budgets; (iv) the Executive Defendants' knowledge of, role in, or participation in any aspect of such actual or potential investments or budgets; and (v) any factors, forecasts, or other analyses Concerning the impact of such actual or potential investments or changes in such investments or budgets on the Company's Financial Performance.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendants object to this Request as overbroad,

9

unduly burdensome, not reasonably particularized, and not proportional to the needs of the case because it seeks "*All* Documents and Communications" regarding all "actual or potential investments in and budgets for marketing and sales" company-wide for an unreasonably expansive time period and seeks information outside the scope of the subject matter of this action: Defendants' basis for and knowledge in connection with the Remaining Challenged Statements.

Subject to and without waiving the foregoing objections, and following entry of a protective order, Defendants will produce responsive, reasonably available, non-privileged documents sufficient to show (i) the amounts Splunk budgeted for and spent on marketing in FY 2021 and (ii) Splunk weekly sales hiring data during FY 2021 (company-wide). Defendants will also produce responsive, reasonably available, non-privileged documents sufficient to show (iii) the amounts Splunk spent on marketing from FY 2019 through FY 2021, and (iv) Splunk monthly sales hiring data from FY 2019 through FY 2021 (company-wide).

**DOCUMENT REQUEST NO. 9:**

All Documents and Communications from January 1, 2017, through the present Concerning Splunk's hiring plans, goals, forecasts, patterns, or trends, including any changes thereto.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "*All* Documents and Communications" for an unreasonably expansive time period—starting more than *three years* before the purported class period—and seeks information outside the scope of the subject matter of this action: Defendants' basis for and knowledge in connection with the Remaining Challenged Statements. Defendants further object to this Request to the extent it is duplicative of Request No. 8.

Subject to and without waiving the foregoing objections, and following entry of a protective order, Defendants will produce responsive, reasonably available, non-privileged documents from agreed-upon custodians for the time period March 1, 2020 to December 31, 2020.

10

**DOCUMENT REQUEST NO. 10:**

All Documents and Communications Concerning Splunk's actual or contemplated hiring decisions, including (i) Splunk's actual or contemplated hiring of new or additional personnel; (ii) Splunk's actual or contemplated freezing of, suspension of, reduction in, cessation of, delay in, or decision not to conduct any or all hiring of new or additional personnel; (iii) Splunk's actual or contemplated layoffs, terminations, workforce reductions, or departures of Splunk employees or personnel; (iv) any positions that Splunk created or considered creating and did not fill or delayed filling; and (v) any offers of employment that Splunk formally or informally extended and then rescinded, postponed, suspended, or withdrew.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendants object to this Request as overbroad, unduly burdensome, not reasonably particularized, not proportional to the needs of the case, and seeking information that is irrelevant to Lead Plaintiff's claims because it seeks "*All* Documents and Communications" regarding "*all* actual or contemplated hiring decisions" of all individuals company-wide, from an unreasonably expansive time period, and without any connection to Splunk's sales hiring in FY 2021.  Defendants object to this Request as invading the privacy of hundreds, if not thousands, of individuals, given that the Request seeks every document related to every hiring decision that Splunk made or considered making during a two-and-a-half year time period.  Defendants object to this Request as internally inconsistent, because the Request purports to seek only documents related to "actual or contemplated hiring decisions" yet references layoffs, which are not hiring decisions.  Defendants further object to this Request to the extent it is duplicative of Request Nos. 8 and 9.

Subject to and without waiving the foregoing objections, and following entry of a protective order, Defendants will produce responsive, reasonably available, non-privileged documents sufficient to show (i) Splunk weekly sales hiring data during FY 2021 (company-wide) and (ii) the

11

circumstances surrounding the disbanding of the New Logo Team.

**DOCUMENT REQUEST NO. 11:**

All Documents and Communications Concerning any headcount or budgetary requests made by any Splunk sales or marketing personnel or by any member of the New Logo Team, including (i) any response or action taken by the Company in response to such requests; or (ii) the actual, expected, forecasted, or projected impact on the Company's Financial Performance of granting or denying such requests.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendants object to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is irrelevant to Lead Plaintiff's claims because it seeks "*All* Documents and Communications" regarding "*any* headcount or budgetary requests," from an unreasonably expansive time period, and which have no relation to the subject matter of this action: Defendants' basis for and knowledge in connection with the Remaining Challenged Statements. Defendants further object to this Request to the extent it is duplicative of Request Nos. 6, 8, 9, and 10.

Subject to and without waiving the foregoing objections, and following entry of a protective order, Defendants will produce responsive, reasonably available, non-privileged documents sufficient to show (i) the amounts Splunk budgeted for and spent on marketing in FY 2021 and (ii) Splunk weekly sales hiring data during FY 2021 (company-wide).

**DOCUMENT REQUEST NO. 12:**

All Documents and Communications Concerning any actual or perceived inadequacy, limitations, areas for improvement, shortcomings, or weaknesses of Splunk's sales personnel, including (i) any need, requests, or proposals for new or additional sales personnel; (ii) any territories, regions, states, or other geographic area that needed or would benefit from additional sales personnel; and (iii) any actual or stated impact of such sales coverage on Splunk's Financial

Performance.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendants object to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is irrelevant to Lead Plaintiff's claims because it seeks "*All* Documents and Communications" regarding "any actual or perceived inadequacy," "shortcoming," or "weakness" of any of Splunk's thousands of sales personnel over a two-and-a-half year time period, which have nothing to do with the subject matter of this action: Defendants' basis for and knowledge in connection with the Remaining Challenged Statements. Defendants object to this Request as invading the privacy of those individuals. Defendants further object to this Request to the extent it is duplicative of Request Nos. 8, 9, 10, and 11.

Subject to and without waiving the foregoing objections, and following entry of a protective order, Defendants will produce responsive, reasonably available, non-privileged documents sufficient to show (i) Splunk weekly sales hiring data during FY 2021 (company-wide); and (ii) Splunk monthly sales hiring data from FY 2019 through FY 2021 (company-wide).

**DOCUMENT REQUEST NO. 13:**

All Documents and Communications Concerning the December 3, 2020, KeyBanc Capital Markets investor conference and Defendant Child's statements during the conference, including Defendant Child's statements that Splunk (i) "suspended investments in marketing"; (ii) "froze hiring"; and (iii) had "a tighter pipeline going into Q3 [Third Quarter]" because of "the fact it usually takes a quarter or two to build your pipeline, especially for a company of [Splunk's] size."

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendants object to this Request as overbroad,

unduly burdensome, and not proportional to the needs of the case to the extent that it seeks "*All* Documents and Communications." Defendants further object to this Request as duplicative of Request Nos. 3 and 4.

Subject to and without waiving the foregoing objections, and following entry of a protective order, Defendants will produce responsive, reasonably available, non-privileged documents regarding Mr. Child's statements made during the December 3, 2020, KeyBanc Capital Markets investor conference from agreed-upon custodians.

**DOCUMENT REQUEST NO. 14:**

All Documents and Communications Concerning the All-Hands Meetings or any other internal Splunk meetings or calls during which Splunk's sales, marketing, New Logo Team, or New Logos were discussed, including (i) lists of the attendees and invitees for such meetings; (ii) any audio or video recordings of such meetings; (iii) any agendas, notes, talking points, or scripts Concerning such meetings; and (iv) any questions or other Communications from any Splunk employee Concerning the All-Hands Meetings, whether received before, during, or after such meeting.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendants object to this Request as overbroad, unduly burdensome, not reasonably particularized, not proportional to the needs of the case, and seeking information that is irrelevant to Lead Plaintiff's claims because it calls for the production of "*All* Documents and Communications" from a two-and-a-half year time period that concern "*any* . . . internal Splunk meetings or calls" on *any* topic relating to Splunk's "sales, marketing, New Logo Team, or New Logos," which goes far beyond the subject matter of this action: Defendants' basis for and knowledge in connection with the Remaining Challenged Statements. Defendants further object to this Request to the extent it is duplicative of Request Nos. 6, 7, 8, 9, 10, 11, and 12.

Subject to and without waiving the foregoing objections, and following entry of a protective

order, Defendants will produce responsive, reasonably available documents, if any, regarding the all-hands Company meeting alleged in Paragraph 69 of the Complaint from agreed-upon custodians.

**DOCUMENT REQUEST NO. 15:**

All Documents and Communications from January 1, 2018, through the present Concerning Splunk's potential market access, market share, or the total addressable market ("TAM") for Splunk's products, including any analyses, commentary, discussions, forecasts, information, or projections Concerning (i) the importance of marketing, branding, sales personnel, and New Logos to Splunk's ability to grow its market share; (ii) whether, how, and to what extent any such investment in sales and marketing could increase Splunk's access to and share of the market; and (iii) Splunk's market visibility or brand recognition, including Splunk's statements and findings that "the world doesn't know about [Splunk] yet," "doesn't know what Splunk does," and that Splunk's brand recognition was "low for a company [of its] size."

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendants further object to this Request as overbroad, unduly burdensome, not reasonably particularized, and not proportional to the needs of the case because it seeks "*All* Documents and Communications" from an unreasonably expansive time period (beginning over ***two years*** before the start of the purported class period) on a broad and vague array of topics (including Splunk's "potential market access" and "market share" for all its products), which are irrelevant to the subject matter of this action: Defendants' basis for and knowledge in connection with the Remaining Challenged Statements.

Defendants will not produce documents in response to this Request, except to the extent that Defendants' productions in response to other Requests are also responsive to this Request.

**DOCUMENT REQUEST NO. 16:**

All Documents and Communications Concerning sales and the pipeline for Splunk's products, including the quality, certainty, significance, size, and details of any actual, expected,

forecasted, or projected deals, sales, or customer accounts.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendants object to this Request as overbroad, unduly burdensome, not reasonably particularized, not proportional to the needs of the case, and seeking information that is irrelevant to Lead Plaintiff's claims because it seeks "*All* Documents and Information" regarding every sale of a Splunk product and the "pipeline" for all of Splunk's products over a two-and-a-half year time period, which goes far beyond the subject matter of this action: Defendants' basis for and knowledge in connection with the Remaining Challenged Statements.

Subject to and without waiving the foregoing objections, and following entry of a protective order, Defendants will produce responsive, reasonably available, non-privileged documents sufficient to show Splunk's sales forecasts, deals in the pipeline, and closed deals for Q3 FY 2021.

**DOCUMENT REQUEST NO. 17:**

All Documents and Communications Concerning the deals or sales that You anticipated would be completed during the Third Quarter of 2020 that were not completed in the Third Quarter of 2020, including the actual or potential reasons why such deals were not completed in the Third Quarter of 2020.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendants further object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks "*All* Documents and Information" from an unreasonably expansive time period.  Defendants also object to this Request to the extent it is duplicative of Request No. 16.

Subject to and without waiving the foregoing objections, and following entry of a protective

16

order, Defendants will produce responsive, reasonably available, non-privileged documents sufficient to show Splunk's sales forecasts for Q3 FY 2021.  Defendants will also produce responsive, reasonably available, non-privileged documents from agreed-upon custodians addressing the reasons that any forecasted deals did not close in Q3 FY 2021.

**DOCUMENT REQUEST NO. 18:**

All Documents and Communications Concerning any actual, expected, potential, projected, or modeled impact on Splunk's Financial Performance and operations, whether positive or negative, caused by, associated with, or attributed to the COVID-19 pandemic, including (i) any delays in, cancellations of, or changes to any actual or contemplated deals with new or existing customers; (ii) any actual or contemplated employment decisions Concerning Splunk's personnel, including hiring, firing, reductions in workforce, layoffs, or hiring freezes; (iii) any actual or contemplated cutbacks or reductions in expenditures; (iv) actions contemplated or taken in response to the COVID-19 pandemic; (v) any actual or perceived increase in demand for Splunk's software; and (vi) the impact of the COVID-19 pandemic, or any action contemplated or taken in response thereto, on Splunk's Financial Performance and operations.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendants further object to this Request as overbroad, unduly burdensome, not reasonably particularized, not proportional to the needs of the case, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence because it seeks "*All* Documents and Communications" from an unreasonably expansive time period regarding all possible effects of COVID-19 on Splunk's "Financial Performance and operations," which are not relevant to the subject matter of this action: Defendants' basis for and knowledge in connection with the Remaining Challenged Statements.  Defendants also object to this Request to the extent it is duplicative of Request Nos. 6, 8, 9, 10, 11, 12, 13, 14, and 16.

Subject to and without waiving the foregoing objections, and following entry of a protective

17

order, Defendants will produce responsive, reasonably available, non-privileged documents sufficient to show (i) the amounts Splunk budgeted for and actually spent on marketing in FY 2021, (ii) Splunk weekly sales hiring data during FY 2021 (company-wide), and (iii) the circumstances surrounding the disbanding of the New Logo Team in June 2020.

**DOCUMENT REQUEST NO. 19:**

All Documents and Communications from January 1, 2019, through the present Concerning Splunk's historical net revenues and losses, including the reasons for those historical financial results and their impact on Splunk's Financial Performance and operations.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendants further object to this Request as overbroad, unduly burdensome, not reasonably particularized, not proportional to the needs of the case, and seeking information that is irrelevant to Lead Plaintiff's claims because it seeks "*All* Documents and Communications" for an unreasonably expansive time period (beginning over *one year* before the start of the purported class period) regarding Splunk's "revenues and losses," the "reasons" for those financial results, and the "impact" of those results on Splunk's "operations"— extremely vague and broad topics that could be deemed to encompass practically every Company document—which are not relevant to the subject matter of this action: Defendants' basis for and knowledge in connection with the Remaining Challenged Statements.  Defendants also object to this Request as seeking documents that are equally available to Lead Plaintiff, namely the Company's periodic SEC filings, quarterly earnings reports, and press releases that disclose and discuss the Company's historical financial performance.

Defendants will not produce documents in response to this Request, except to the extent Defendants' productions in response to other Requests are also responsive to this Request.

**DOCUMENT REQUEST NO. 20:**

All Documents and Communications from January 1, 2018, through the present Concerning

18

any decline or change in Splunk's Financial Performance following its transition from a "perpetual licensing" model to a "term licensing" model, including any actual, contemplated, or stated relationship between such change and the Company's ability to become cash-flow positive.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendants object to this Request as overbroad, unduly burdensome, not reasonably particularized, not proportional to the needs of the case, and seeking information that is irrelevant to Lead Plaintiff's claims because it seeks "*All* Documents and Communications" from an unreasonably expansive time period (beginning over *two years* before the start of the purported class period) regarding "any . . . change in Splunk's Financial Performance," an extremely vague and broad topic that is not relevant to the subject matter of this action: Defendants' basis for and knowledge in connection with the Remaining Challenged Statements. Defendants also object to this Request as seeking documents that are equally available to Lead Plaintiff, namely the Company's periodic SEC filings, quarterly earnings reports, and press releases that disclose and discuss the Company's historical financial performance.

Defendants will not produce documents in response to this Request, except to the extent Defendants' productions in response to other Requests are also responsive to this Request.

**DOCUMENT REQUEST NO. 21:**

All Documents and Communications Concerning the Withdrawn Guidance, including (i) assumptions, goals, plans, models, or projections Concerning, supporting, underlying, or undermining the Withdrawn Guidance; (ii) the decision to withdraw the Withdrawn Guidance, as announced on December 2, 2020; (iii) the actual or stated reasons for the decision to withdraw the Withdrawn Guidance; (iv) any changes in the information or assumptions that preceded or contributed to the decision to withdraw the Withdrawn Guidance; and (v) the actual, perceived, contemplated, or potential importance to Splunk's investors of the Withdrawn Guidance and the decision to withdraw the Withdrawn Guidance.

19

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendants object to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is irrelevant to Lead Plaintiff's claims because it seeks "*All* Documents and Communications" for a two-and-a-half year time period regarding financial guidance Splunk issued in November 2019, which are not relevant to the subject matter of this action: Defendants' basis for and knowledge in connection with the Remaining Challenged Statements in FY 2021.  Defendants also object to this Request as seeking documents that are equally available to Lead Plaintiff, namely the Company's SEC filings, earnings call transcripts, and press releases that disclose and discuss the Company's historical guidance.

Subject to and without waiving the foregoing objections, and following entry of a protective order, Defendants will produce responsive, reasonably available, non-privileged documents regarding the Alleged Corrective Disclosures from agreed-upon custodians.

**DOCUMENT REQUEST NO. 22:**

All Documents and Communications Concerning Splunk's Financial Performance for the Third Quarter of 2020, including the actual, potential, contemplated, or stated reasons for such Financial Performance.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendants object to this Request as overbroad, unduly burdensome, vague, not reasonably particularized, not proportional to the needs of the case, and seeking information that is irrelevant to Lead Plaintiff's claims because it seeks "*All* Documents and Communications" from an unreasonably expansive time period regarding Splunk's "Financial Performance," including any actual or "contemplated" reasons for such Financial Performance, an

20

extremely vague and broad topic that goes far beyond the subject matter of this action: Defendants' basis for and knowledge in connection with the Remaining Challenged Statements.  Defendants object to this Request as seeking documents that are equally available to Lead Plaintiff, namely the Company's periodic SEC filings, quarterly earnings reports, and press releases that disclose and discuss the Company's "Financial Performance."  Defendants further object to this Request to the extent it is duplicative of Request Nos. 16, 17, 18, and 19.

Subject to and without waiving the foregoing objections, and following entry of a protective order, Defendants will produce responsive, reasonably available, non-privileged documents sufficient to show Splunk's sales forecasts, deals in the pipeline, and closed deals for Q3 FY 2021.

**DOCUMENT REQUEST NO. 23:**

All Documents and Communications Concerning Splunk's statements that the "tougher budgetary environment" and "election" impacted the Company's pipeline going into the Third Quarter of 2020, including any information or assumptions supporting, undermining, or underlying such statements.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendants further object to this Request as overbroad, unduly burdensome, not reasonably particularized, and not proportional to the needs of the case insofar as it seeks "*All* Documents and Communications" for an unreasonably expansive time period, does not identify the specific statements, and goes beyond the subject matter of this action: Defendants' basis for and knowledge in connection with the Remaining Challenged Statements.  Defendants object to this Request as seeking documents that are equally available to Lead Plaintiff, including the Company's periodic SEC filings, quarterly earnings reports, and press releases that disclose and discuss the Company's historical financial performance.  Defendants further object to this Request to the extent it is duplicative of Request No. 22.

Subject to and without waiving the foregoing objections, and following entry of a protective

order, Defendants will produce responsive, reasonably available, non-privileged documents regarding the Alleged Corrective Disclosures from agreed-upon custodians.

**DOCUMENT REQUEST NO. 24:**

All Documents and Communications Concerning Defendant Child's statement that Splunk was in "the valley of death" (*see* ¶¶ 12, 101 of the Complaint), including any scripts; talking points; Q&As; internal Communications (i.e., with Splunk employees, officers, or directors); and Communications with analysts, investors, the media, the public, or the SEC Concerning such statement.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendants object to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to Lead Plaintiff's claims because it seeks "*All* Documents and Communications" concerning a statement attributed to Mr. Child published in a March 22, 2021 news article titled "Splunk Fell Behind in the Cloud Era. Now It's Catching Up and the Stock Could Soar," authored by Eric J. Savitz and published in *Barron's Magazine*. That statement post-dates the purported class period by over three months and is not relevant to the subject matter of this action: Defendants' basis for and knowledge in connection with the Remaining Challenged Statements.

Defendants will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 25:**

All Documents and Communications Concerning Splunk's stock price and changes to its stock price during the Class Period and on December 3, 2020, including any actual, contemplated, perceived, or stated reasons for the changes in Splunk's stock price.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable

privilege, protection, or restriction upon discovery. Defendants object to this Request as premature insofar as it calls for expert opinion on factors that may have affected Splunk's stock price in FY 2021. Defendants object to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is irrelevant to Lead Plaintiff's claims because it seeks "*All* Documents and Communications" concerning Splunk's stock price and all changes to Splunk's stock price over a six-month time period. Defendants further object on the grounds that Splunk's historical stock prices are publicly available and equally accessible to Lead Plaintiff.

Subject to and without waiving the foregoing objections, and following entry of a protective order, Defendants will produce responsive, reasonably available, non-privileged documents, if any, regarding changes to Splunk's stock price on December 2-3, 2020 from agreed-upon custodians.

**DOCUMENT REQUEST NO. 26:**

All Documents and Communications Concerning Splunk's Communications with securities analysts and investors, including all analyst and investor calls and conferences, and all analyst reports or analyst commentary about the Company or its Financial Performance.

**RESPONSE TO DOCUMENT REQUEST NO. 26:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendants object to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is irrelevant to Lead Plaintiff's claims because it seeks "*All* Documents and Communications" from an unreasonably expansive time period on any topic related to "the Company" or "its Financial Performance," which are not relevant to the subject matter of this action: Defendants' basis for and knowledge in connection with the Remaining Challenged Statements. Defendants object to this Request as overbroad and unduly burdensome insofar as it seeks documents that are equally available to Lead Plaintiff—including "analyst and investor calls and conferences" (for which transcripts are prepared by third parties and are publicly available) and "analyst reports or analyst

23

commentary about the Company or its Financial Performance." Defendants further object to this Request to the extent it is duplicative of Request Nos. 3 and 5.

Subject to and without waiving the foregoing objections, and following entry of a protective order, Defendants will produce responsive, reasonably available, non-privileged communications with analysts and investors regarding the Remaining Challenged Statements and Alleged Corrective Disclosures from agreed-upon custodians.

**DOCUMENT REQUEST NO. 27:**

All Documents and Communications Concerning the Debt Offering, including (i) any actual, contemplated, or stated reasons or need for the Debt Offering; (ii) the upsizing of the Debt Offering; (iii) Communications with any underwriters or investors who participated or considered participating in the Debt Offering; (iv) any actual, contemplated, or stated financial benchmarks, targets, or criteria required for Splunk to complete the Debt Offering; and (v) actual, potential, or contemplated uses for the proceeds of the Debt Offering.

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, and seeking information that is irrelevant to Lead Plaintiff's claims because it seeks "*All* Documents and Communications" for an unreasonably expansive time period regarding Splunk's Debt Offering, which are not relevant to the subject matter of this action: Defendants' basis for and knowledge in connection with the Remaining Challenged Statements. Defendants further object to this Request insofar as it seeks documents that are equally available to Lead Plaintiff, including Splunk's June 5, 2020 Form 8-K filed with the SEC discussing the Debt Offering and attaching the associated Indenture and Form of Global Note.

Subject to and without waiving the foregoing objections, and following entry of a protective order, Defendants will produce responsive, reasonably available, non-privileged emails regarding the Debt Offering from custodians Mr. Merritt and Mr. Child.

**DOCUMENT REQUEST NO. 28:**

All Documents and Communications Concerning any actual, contemplated, potential, or proposed Capital Raises, including (i) any actual, contemplated, or stated reasons or need for any such Capital Raise; (ii) the actual, contemplated, potential, or proposed details of any such Capital Raise, including the amount of such Capital Raise; (iii) the actual, contemplated, potential, or proposed use(s) of proceeds from any such Capital Raise; and (iv) the actual, contemplated, or stated reasons for deciding to conduct, or against conducting, any such Capital Raise.

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendants object to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is irrelevant to Lead Plaintiff's claims because it seeks "*All* Documents and Communications" for an unreasonably expansive time period relating to "*any* actual, contemplated, potential, or proposed" "capital or money that Splunk obtained from investors," through debt financing, equity financing, or otherwise, which are not relevant to the subject matter of this action: Defendants' basis for and knowledge in connection with the Remaining Challenged Statements.  Moreover, this Request is duplicative of Request No. 27 because Lead Plaintiff defines "Capital Raise(s)" to include "any capital or money that Splunk obtained from investors . . . through debt financing," which, in turn, includes the "Debt Offering."  *See* Definitional Objection Nos. 2 and 3.

Defendants will not produce documents in response to this Request, except to the extent Defendants' productions in response to other Requests are also responsive to this Request.

**DOCUMENT REQUEST NO. 29:**

All Documents and Communications Concerning actual or potential Compensation for the Executive Defendants, Christian Smith, Carrie Palin, Susan St. Ledger, and John Sabino, including (i) the structure of such Compensation; (ii) the process by which Splunk or its board of directors determined such Compensation; (iii) any factor considered in determining such Compensation; (iv)

25

any relationship between such Compensation and Splunk's Financial Performance or stock price; (v) any actual, contemplated, or proposed change to such Compensation; and (vi) any conditional or unconditional provision for the payment of such Compensation upon or after their departure from the Company.

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendants object to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is irrelevant to Lead Plaintiff's claims because it calls for the production of "*All* Documents and Information" for a two-and-a-half year time period regarding each of the listed individuals' actual and potential compensation, which are not relevant to the subject matter of the action: Defendants' basis for and knowledge in connection with the Remaining Challenged Statements.  Defendants object that the Request interferes with the individuals' privacy rights and is contrary to the strong protections afforded personnel records under applicable law.  Defendants further object to the Request on the grounds that the compensation and method of calculating the compensation for the Executive Defendants, as well as Splunk's other Named Executive Offers, is contained in Splunk's Schedule 14A filings with the SEC, including Splunk's May 4, 2021 Definitive Proxy on Schedule 14A which sets forth Mr.  Merritt's, Mr. Child's, and Ms. St. Ledger's compensation for FY 2021, which are equally accessible to Lead Plaintiff.

Subject to and without waiving the foregoing objections, Defendants refer Lead Plaintiff to Splunk's Schedule 14A filings with the SEC.  Defendants will not otherwise produce documents in response to this Request.

**DOCUMENT REQUEST NO. 30:**

All Documents and Communications Concerning Defendant Merritt's, Susan St. Ledger's, Tim Tully's, and Carrie Palin's departures from Splunk, including (i) the actual, contemplated, or stated reasons for their departure; (ii) the terms of their departure; (iii) all Compensation paid, to be

26

paid, forgone, or reduced in connection with their departure; (iv) whether their departure was voluntary; (v) all Communications Concerning their departure or any reasons for their departure; (vi) all contracts or agreements entered into Concerning their departure; and (vii) all decisions by Splunk to hire or promote personnel to replace any of those individuals or any aspect of the job functions they performed.

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendants object to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is irrelevant to Lead Plaintiff's claims because it calls for the production of "*all* Documents and Communications" regarding the departures of the listed individuals and any decisions to hire or promote other individuals, which are not relevant to the subject matter of this action: Defendants' basis for and knowledge in connection with the Remaining Challenged Statements.  Defendants object to the Request on the grounds that it interferes with the individuals' privacy rights and is contrary to the strong protections afforded personnel records under applicable law.  Defendants object to the Request on the basis that it seeks information from an unreasonably expansive time period.  Defendants further object to the extent the Request is duplicative of Request No. 29.

Defendants will not produce documents in response to this Request, except to the extent that Defendants' productions in response to other Requests are also responsive to this Request.

**DOCUMENT REQUEST NO. 31:**

All Documents and Communications from January 1, 2017, through the present Concerning any formal or informal performance reviews or evaluations of the Executive Defendants, Splunk's sales and marketing personnel, and any other Splunk employee identified in Defendant's Rule 26(a)(1) Disclosures, including any Documents or Communications Concerning those individuals' credibility or lack thereof; work performance; productivity; or violations of any Splunk policy, procedure, or code of conduct.

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendants object to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is irrelevant to Lead Plaintiff's claims because it calls for the production of "*All* Documents and Communications" regarding "*any* formal or informal performance reviews" of the listed individuals, including *all* Splunk "sales and marketing personnel," which are irrelevant to the subject matter of this action: Defendants' basis for and knowledge in connection with the Remaining Challenged Statements.  Defendants object to the Request on the grounds that it interferes with the individuals' privacy rights and is contrary to the strong protections afforded personnel records under applicable law.  Defendants further object to the Request because it seeks information from an unreasonably expansive time period starting *three years* before the purported class period.

Defendants will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 32:**

All Documents and Communications Concerning any stockholder Say-on-Pay proposal or vote, including any draft or finalized (i) proxy materials and any other informational materials provided to Splunk stockholders in connection with any such proposal or vote; (ii) transcripts or recordings of any meeting(s) held in connection with any such proposal or vote; (iii) notes or minutes in any form from any meeting(s) held in connection with any such proposal or vote; (iv) board-level documents Concerning any such proposal or vote; and (v) Communication received by the Company from any Splunk stockholder, the press, or any other member of the public in response to any Documents and Communications that are responsive to this Request.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendants object to this Request as overbroad,

unduly burdensome, not proportional to the needs of the case, and seeking information that is irrelevant to Lead Plaintiff's claims because it seeks "*All* Documents and Communications" for a two-and-a-half year time period regarding "*any* stockholder Say-on-Pay proposal or vote," which are not relevant to the subject matter of this action: Defendants' basis for and knowledge in connection with the Remaining Challenged Statements.  Defendants further object to this Request insofar as it seeks documents and information that are equally available to Lead Plaintiff, including Splunk's Definitive Proxy on Schedule 14A filed on April 28, 2020, to which Lead Plaintiff has equal access.  *See* Compl. ¶ 62.

Subject to and without waiving the foregoing objections, and following entry of a protective order, Defendants will produce responsive, reasonably available, non-privileged emails regarding the Say-On-Pay proposal described in Splunk's Definitive Proxy on Schedule 14A filed on April 28, 2020 from custodians Mr. Merritt and Mr. Child.

**DOCUMENT REQUEST NO. 33:**

All Documents and Communications Concerning the Executive Defendants' transactions in Splunk stock, Splunk stock options, or other Splunk securities.

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendants object to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is irrelevant to Lead Plaintiff's claims because it seeks "*All* Documents and communications" for a two-and-a-half year time period regarding any of Mr. Merritt's and Mr. Child's transactions in Splunk securities, which are not relevant to the subject matter of this action: Defendants' basis for and knowledge in connection with the Remaining Challenged Statements.  Defendants further object to this Request on the grounds that Mr. Merritt's and Mr. Child's transactions in Splunk securities are disclosed in their Form 4 filings with the SEC, which are publicly available and equally accessible to Lead Plaintiff.

Subject to and without waiving the foregoing objections, Defendants refer Lead Plaintiff to Mr. Merritt and Mr. Child's Forms 4 filed with the SEC.  Defendants will not otherwise produce documents in response to this Request.

**DOCUMENT REQUEST NO. 34:**

All Documents and Communications Concerning any affirmative defense set forth in Your Answer.

**RESPONSE TO DOCUMENT REQUEST NO. 34:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendants object to this Request on the grounds that it is premature as well as overbroad and not reasonably particularized in seeking all documents that "concern" any affirmative defense.

Subject to and without waiving the foregoing objections, and following entry of a protective order, Defendants will produce responsive, reasonably available, non-privileged documents that support Defendants' affirmative defenses.

**DOCUMENT REQUEST NO. 35:**

All Documents and Communications You have relied on or intend to rely on in this Action, including all Documents You plan to use as deposition or trial exhibits.

**RESPONSE TO DOCUMENT REQUEST NO. 35:**

Defendants object to this Request on the grounds that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, and any other applicable privilege, protection, or restriction upon discovery.  Identifying a compilation of documents that Defendants intend to introduce at trial or during a deposition would reveal the mental impressions of counsel.  Defendants further object to this Request as premature and as attempting to impose pre-trial disclosure obligations beyond those mandated by the Federal Rules of Civil Procedure.  Defendants will make their pretrial disclosures, including disclosure of their trial exhibits, in accordance with the Federal Rules of Civil Procedure.  Defendants will not otherwise

produce documents in response to this Request, except to the extent that Defendants' productions in response to other Requests are also responsive to this Request.

**DOCUMENT REQUEST NO. 36:**

Documents sufficient to show Your polices Concerning the retention, preservation, and destruction of Documents.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

Defendants object to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendants object to this Request on the grounds that it amounts to improper "discovery on discovery," which is not relevant to any of Lead Plaintiff's claims.  Defendants further object to the time period of the Request as overbroad and unduly burdensome.

Defendants will not produce documents in response to this Request.

**DOCUMENT REQUEST NO. 37:**

All insurance policies under which any insurance business may be liable to satisfy all or part of a possible judgment in this Action or to indemnify or reimburse for payments made to satisfy any such judgment.

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

Following the entry of a protective order, Defendants will produce responsive, non-privileged insurance policies.

///

///

///

///

///

///

///

31

Dated: June 10, 2022                    **SIDLEY AUSTIN LLP**

                                         */s/ Nicole M. Ryan* _____
                                         Sara B. Brody (SBN 130222)
                                         Nicole M. Ryan (SBN 175980)
                                         TJ Herron (SBN 331728)
                                         Stephen Tang (SBN 336273)
                                         555 California St., Suite 2000
                                         San Francisco, CA 94104
                                         Telephone: +1 (415) 772-1200
                                         Facsimile: +1 (415) 772-7400

                                         *Attorneys for Defendants*
                                         SPLUNK INC., DOUGLAS MERRITT, and JASON
                                         CHILD

DEFS' OBJECTIONS AND RESPONSES TO LEAD PLTF'S 1ST REQUEST FOR THE PROD. OF DOCUMENTS
CASE NO. 4:20-CV-08600-JST

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

)
)
)   SS
)
)

I am employed in the County of San Francisco, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 555 California Street, Suite 2000, San Francisco, CA 94104.

On June 10, 2022, I served the foregoing document(s) described as **DEFENDANTS' OBJECTIONS AND RESPONSES TO LEAD PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS** on all interested parties in this action as follows:

| | |
|---|---|
| **Jonathan Daniel Uslaner**<br>**Lauren Michelle Cruz**<br>Bernstein Litowitz Berger & Grossman LLP<br>2121 Avenue of the Stars, Suite 2575<br>Los Angeles, CA 90067<br>(310) 819-3472<br>jonathanu@blbglaw.com<br>Lauren.Cruz@blbglaw.com<br><br>*Lead Counsel for Lead Plaintiff Louisiana Sheriffs' Pension & Relief Fund*<br><br>**Robert David Klausner**<br>Klausner, Kaufman, Jensen & Levinson<br>7080 N.W. 4th Street<br>Plantation, FL 33317<br>954-916-1202<br>bob@robertdklausner.com<br><br>*Additional Counsel for Lead Plaintiff Louisiana Sheriffs' Pension & Relief Fund* | **Adam D Hollander**<br>**John Rizio-Hamilton**<br>Bernstein Litowitz Berger and Grossmann LLP<br>1251 Avenue of the Americas, 44th Floor<br>New York, NY 10020<br>(212) 554-1400<br>adam.hollander@blbglaw.com<br>johnr@blbglaw.com |

☒       (VIA E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 10, 2022, at San Francisco, California.


                                                    */s/ Stephen Tang*
                                                    Stephen Tang