# Exhibit I



SIDLEY AUSTIN LLP
555 CALIFORNIA STREET
SUITE 2000
SAN FRANCISCO, CA 94104
+1 415 772 1200
+1 415 772 7400 FAX

+1 415 772 1250
NICOLE.RYAN@SIDLEY.COM

AMERICA • ASIA PACIFIC • EUROPE


June 9, 2022


**CONFIDENTIAL**


**By Email**

Jonathan D. Uslaner
Bernstein Litowitz Berger & Grossman LLP
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
(310) 819-3470
jonathanu@blbglaw.com

    Re:    Non-Party Subpoena For Documents Served On Carrie Palin

Counsel:

    I write on behalf of Carrie Palin in response to Lead Plaintiff's non-party subpoena for documents, served on Ms. Palin on May 12, 2022 (the "Non-Party Subpoena"), in connection with *In re Splunk Inc. Securities Litigation*, 20-CV-08600-JST (N.D. Cal.) (the "Securities Class Action"). For the reasons addressed below, the Non-Party Subpoena is improper in its entirety because it is overbroad, unduly burdensome, unreasonably intrusive, and seeks information that is not relevant to Lead Plaintiff's claims or proportional to the needs of the case. Moreover, to the extent it seeks relevant information, the Non-Party Subpoena is duplicative of information sought from Defendant Splunk.

    As you know, Ms. Palin no longer works at Splunk, she is not a named defendant in the Securities Class Action, and Lead Plaintiff's allegations are not directed at Ms. Palin and do not accuse her of any wrongdoing. The subject matter of the Securities Class Action concerns statements made by Splunk's current CFO and former CEO in live, question-and-answer settings in which Ms. Palin had no involvement. She has no stake in this litigation or its outcome. Moreover, Ms. Palin promptly turned in all company-issued devices upon her departure from Splunk.

    Rule 26(b)(1) limits discovery to "nonprivileged matter[s] that are *relevant* to any party's claim or defense and *proportional* to the needs of the case" (emphasis added). And Rule 45 provides additional protections for non-parties like Ms. Palin. A subpoena cannot be enforced where it "impos[es] undue burden or expense on [the] person subject to the subpoena." Fed. R.

Sidley Austin (CA) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Jonathan D. Uslaner
June 9, 2022
Page 2

Civ. P. 45(d)(1).  It is well-established in the Ninth Circuit that non-parties like Ms. Palin are afforded "special protection against the time and expense of complying with subpoenas." *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994); *see also Benin v. Ctr. for Study of Popular Culture*, 2007 WL 832962 (N.D. Cal. Mar. 16, 2007).

Lead Plaintiff provides no justification to override Ms. Palin's significant privacy interests and burden her with irrelevant and intrusive discovery from her personal devices and files.  Discovery on non-parties that invades their privacy requires a "specific showing of relevance." *Williams v. Morrison & Foerster LLP*, 2020 WL 1643977, at *1 (N.D. Cal. Apr. 2, 2020).  Lead Plaintiff has made no such showing.  Instead, Lead Plaintiff's sweeping requests for "all" documents and communications on a vast array of topics unconnected to Ms. Palin's specific job duties at Splunk do not even attempt to "be narrowly drawn to meet specific needs for information" from Ms. Palin, as is required.  *Khan v. Rogers*, 2018 WL 5849010, at *4 (N.D. Cal. Nov. 6, 2018) (citing cases).  In fact, Lead Plaintiff rushed to issue the Non-Party Subpoena before the parties exchanged initial disclosures, served written discovery requests and responses, or began document productions, and despite not knowing whether Ms. Palin actually "has discoverable information" or whether there is any need to seek information from Ms. Palin.

The Non-Party Subpoena is also improper because of the burden and expense on Ms. Palin of demanding that she sift through all text messages, emails, and other files on her personal devices for any mention of a wide range of broad general topics.  This is particularly unacceptable given that Ms. Palin's personal devices contain a wealth of unrelated, private, and personal information.

The Non-Party Subpoena is also improper because the Requests should be directed to the Company to the extent that they seek any discoverable information.  As courts in this district have observed, "[t]here is simply no reason to burden nonparties when the documents sought are in possession of the party defendant." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007); *see also Singleton v. Kernan*, 2018 WL 2287444, at *1 (S.D. Cal. May 18, 2018) ("Where the documents requested by subpoena can be obtained by document request to the defendant(s) . . . a subpoena to a third party is not appropriate").  Lead Plaintiff makes no showing here that the broad Requests of the Non-Party Subpoena seeking vast amounts of information irrelevant to Ms. Palin are "likely to yield *unique* and *material* evidence from the third party," as is required.  *Nidec*, 249 F.R.D. at 577 (emphasis added) (quashing subpoena and further noting that, even if there was one or more document *not* in the defendants' possession, custody, or control, it was "likely to be of marginal value" and there was no reason to expect that it would convey substantially different information than that conveyed in the defendants' documents).  And the federal rules do not permit Lead Plaintiff to force Ms. Palin to scour all her personal files as a "cross-check" against productions from Defendants.  *LegalZoom.com v. Rocket Lawyer Inc.*, 2015 WL 12832823, at *2 (N.D. Cal. Mar. 23, 2015).  The Non-Party

# SIDLEY

Jonathan D. Uslaner
June 9, 2022
Page 3

Subpoena is all the more unwarranted given that the parties have not yet agreed upon searchable custodians, and there is no proffered justification for such expansive discovery.

Ms. Palin therefore objects to the Non-Party Subpoena as overbroad, unduly burdensome, unreasonably intrusive, seeking information that is not relevant to Lead Plaintiff's claims or proportional to the needs of the case, and seeking documents that are duplicative of those in Splunk's possession, custody, or control.  Enclosed with this letter are Ms. Palin's general and specific objections and responses to the Non-Party Subpoena.  Based on these objections, Ms. Palin will not produce documents in response to the Non-Party Subpoena.

Very truly yours,

*/s/ Nicole M. Ryan*

Nicole M. Ryan

Enclosure(s)

Sara B. Brody (SBN 130222)
sbrody@sidley.com
Nicole M. Ryan (SBN 175980)
nicole.ryan@sidley.com
TJ Herron (SBN 331728)
therron@sidley.com
Stephen Tang (SBN 336273)
stang@sidley.com
SIDLEY AUSTIN LLP
555 California St., Suite 2000
San Francisco, CA 94104
Telephone: +1 (415) 772-1200
Facsimile: +1 (415) 772-7400

*Attorneys for Non-Party Carrie Palin*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE SPLUNK INC. SECURITIES LITIGATION | Case No. 4:20-cv-08600-JST<br><br>**OBJECTIONS AND RESPONSES BY NON-PARTY CARRIE PALIN TO LEAD PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**<br><br>Honorable Jon S. Tigar |

Pursuant to Fed. R. Civ. P. 45, non-party Carrie Palin responds as follows to Lead Plaintiff's subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action (the "Subpoena") issued on behalf of Louisiana Sheriffs' Pension and Relief Fund ("Lead Plaintiff") on May 12, 2022.

**GENERAL OBJECTIONS**

1.      Ms. Palin objects to the Subpoena as imposing an undue burden and expense because Ms. Palin is neither a party to this lawsuit nor directly implicated by Lead Plaintiff's allegations in the Amended Complaint.  Dkt. 65.  Nor is Ms. Palin a current employee of Defendant Splunk Inc. Ms. Palin reserves the right to enforce the duty of parties and attorneys issuing subpoenas to take reasonable steps to avoid imposing unreasonable burdens on non-parties by seeking compensation from Lead Plaintiff for attorneys' fees and other expenses incurred in responding to the Subpoena.

2.      Ms. Palin objects to the Subpoena to the extent it seeks documents not currently in Ms. Palin's possession, custody, or control, or refers to persons, entities, or events not known to Ms. Palin and therefore subjects her to unreasonable burden and expense.  The Subpoena improperly seeks documents from Ms. Palin that are in the possession, custody, and/or control of Splunk, and Lead Plaintiff has already served document requests on Splunk seeking such documents.

3.      Ms. Palin objects to the Subpoena as overbroad and unduly burdensome to the extent it calls for the production of "All Documents" and "All Communications" responsive to Lead Plaintiff's various document requests.  The Subpoena seeks the production of duplicative documents and is not tailored to reduce the burden on Ms. Palin in responding to the Subpoena.

4.      Ms. Palin objects to Lead Plaintiff's definitions, instructions, and requests in the Subpoena because and to the extent that they seek to impose burdens and obligations that exceed or are inconsistent with the requirements of Rules 45 and 26 of the Federal Rules of Civil Procedure, the Northern District of California Civil Local rules, or any other applicable rule.

5.      Ms. Palin objects to the Subpoena to the extent it requires her to produce documents or information in contravention of any confidentiality agreement, or that would violate the privacy rights of herself or others, or that would violate any applicable law or regulation.

6.      Ms. Palin objects to the Subpoena to the extent it seeks information outside the scope

of this action, as defined by the Court's March 21, 2022 order in the above-captioned action.  Dkt. 77.  For example, Requests 1-3 seek documents and information related to "the allegations in the Complaint," which is vague, overbroad, and not proportional to the needs of the case inasmuch as the Court dismissed Lead Plaintiff's claims with respect to alleged misstatements in Splunk's Form 10-K filed on March 26, 2020 and its Forms 10-Q filed on June 1, 2020 and September 3, 2020, respectively.

**DEFINITIONAL OBJECTIONS**

Ms. Palin objects to Lead Plaintiff's definitions as follows:

1.      Ms. Palin objects to the definition of "All-Hands Meeting" as vague, overbroad, unduly burdensome, and not proportional to the needs of the case in that it purports to encompass "*all* internal company-wide Splunk meetings," regardless of whether such meetings were actually characterized as "all-hands" meetings.

2.      Ms. Palin objects to the definition of "Capital Raise(s)" as overbroad, unduly burdensome, and not proportional to the needs of the case in that it encompasses "*any* capital or money that Splunk obtained from investors," without any time limitation and regardless of any connection or relevance to this action.  Ms. Palin will interpret the term "Capital Raise(s)" in the same manner as the term "Debt Offering."  *See* Definitional Objection No. 4.

3.      Ms. Palin objects to the definition of "Compensation" as overbroad, unduly burdensome, and not proportional to the needs of the case because it encompasses "*any* payment made . . . to *any* employee" of Splunk, without any limitation or connection to Ms. Palin.

4.      Ms. Palin objects to the definition of "Debt Offering" as vague because it purports to describe an "offering of convertible debt" announced on June 1, 2020 with then-pending terms and conditions.  Ms. Palin will interpret "Debt Offering" to mean the Rule 14A private offering by Splunk Inc. of $1.265 billion aggregate principal amount of 1.125% convertible senior notes, as announced on June 5, 2020.

5.      Ms. Palin objects to the definition of "Financial Performance" as vague, overbroad, unduly burdensome, and not proportional to the needs of the case in it encompasses a sweeping array of "metrics or indicators" that generally touch upon the "financial health or performance" of Splunk

without any connection or relevance to the subject matter of this action or to Ms. Palin.

6.      Ms. Palin objects to the definition of "New Logo Team" as vague, overbroad, unduly burdensome, and not proportional to the needs of the case in that it encompasses *any* Splunk employee or contractor who has responsibility for "identifying, attracting, or generating actual or potential sources of new business and pipeline," which would be a significant portion of Splunk's workforce.  Ms. Palin will interpret the term "New Logo Team" to mean the U.S.-based team within Splunk's AMER Field Sales department that was disbanded in June 2020.

7.      Ms. Palin objects to the definition of "Relevant Time Period" ("November 1, 2019, through the present") as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks information that pre-dates the purported class period in this action by over six months and post-dates the purported class period by almost 1.5 years—the vast majority of which is outside the scope and not relevant to the subject matter of this action, as defined by the Court's March 21, 2022 order.  Dkt. 77.  Moreover, Lead Plaintiff's definition of "Relevant Time Period" as being "through the present" would unreasonably require Ms. Palin to search personal documents after her employment by Splunk when she had no ongoing connection to the Company.

**OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All text messages and other forms of instant messages You sent or received Concerning (i) the allegations in the Complaint; (ii) the New Logo Team, including its purpose, plans, goals, performance metrics, and actual or potential hiring or firing of its members; (iii) Splunk's actual or contemplated investments in and budgets for marketing and sales for fiscal years 2019 forward, including any changes thereto and the purported reasons for any changes; (iv) Splunk's actual or contemplated hiring of, firing of, or hiring freeze for sales personnel, and the purported reasons therefor; (v) any All-Hands Meeting or other meeting(s) or calls You attended or discussed during which Splunk's sales, marketing, or New Logo Team was discussed; (vi) the COVID-19 pandemic and its actual or expected impact on Splunk's Financial Performance and operations; (vii) Splunk's Withdrawn Guidance, including the actual or stated reasons for the decision to withdraw the

Withdrawn Guidance; or (viii) Splunk's Financial Performance, including the actual, contemplated, or stated reasons for the need for the Debt Offering or proposed Capital Raise(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Ms. Palin objects to this Request as overbroad, oppressive, and seeking information that is irrelevant to Lead Plaintiff's claims and not proportional to the needs of the case. Lead Plaintiff makes no showing nor offers any theory that Ms. Palin's personal "text messages and other forms of instant messages" are at all relevant or would provide any new information beyond what can be provided by Splunk, and therefore this Request needlessly subjects Ms. Palin to undue burden and expense, which is precluded by Fed. R. Civ. P. 45. Lead Plaintiff's claims are that Defendants allegedly made verbal misrepresentations about Splunk's marketing investments, hiring, and layoffs at three times between May 21, 2020 and September 14, 2020 (in an earnings call, an interview, and an analyst conference). Ms. Palin no longer works at Splunk, she is not named as a Defendant, and Lead Plaintiff has made no allegations accusing Ms. Palin of wrongdoing. The Request unreasonably demands a vast array of documents on extremely broad general topics, covering a two-and-a-half year time period, that are both unrelated to Ms. Palin's former role at Splunk and outside the scope of Lead Plaintiff's claims, without any attempt to be narrowly tailored to Ms. Palin.

Ms. Palin further objects to this Request as unduly burdensome and not proportional to the needs of the case because it saddles Ms. Palin with the onerous task of searching every text or instant message on her personal devices based on Lead Plaintiff's mere speculation that relevant information may exist. Lead Plaintiff fails to justify this kind of demand, particularly in the absence of any showing as to the uniqueness or materiality of documents in Ms. Palin's possession, custody, or control beyond those which can be obtained from the Company.

Ms. Palin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications created or stored on any device not provided to You by Splunk (e.g., a personal computer), or any Communications You sent or received from a personal email account, Concerning (i) the allegations in the Complaint; (ii) the New Logo Team, including its purpose, plans, goals, performance metrics, and actual or potential hiring or firing of its members;

(iii) Splunk's actual or contemplated investments in and budgets for marketing and sales for fiscal years 2019 forward, including any changes thereto and the purported reasons for any changes; (iv) Splunk's actual or contemplated hiring of, firing of, or hiring freeze for sales personnel, and the purported reasons therefor; (v) any All-Hands Meeting or other meeting(s) or call(s) You attended or discussed during which Splunk's sales, marketing, or New Logo Team was discussed; (vi) the COVID-19 pandemic and its actual or expected impact on Splunk's Financial Performance and operations; (vii) Splunk's Withdrawn Guidance, including the actual or stated reasons for the decision to withdraw the Withdrawn Guidance; or (viii) Splunk's Financial Performance, including the actual, contemplated, or stated reasons for the need for the Debt Offering or proposed Capital Raise(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Ms. Palin objects to this Request (which covers identical topics as in Request 1) as overbroad, oppressive, and seeking information that is irrelevant to Lead Plaintiff's claims and not proportional to the needs of the case. Lead Plaintiff makes no showing nor offers any theory that "Documents and Communications" on Ms. Palin's personal devices are at all relevant or would provide any new information beyond what can be provided by Splunk, and therefore this Request needlessly subjects Ms. Palin to undue burden and expense, which is precluded by Fed. R. Civ. P. 45. Ms. Palin no longer works at Splunk, she is not named as a Defendant, and Lead Plaintiff has made no allegations accusing Ms. Palin of wrongdoing. The Request unreasonably demands a vast array of documents and information on extremely broad general topics, covering a two-and-a-half year time period, that are both unrelated to Ms. Palin's former role at Splunk and outside the scope of Lead Plaintiff's claims, without any attempt to be narrowly tailored to Ms. Palin.

Ms. Palin further objects to this Request as unduly burdensome and not proportional to the needs of the case because it saddles Ms. Palin with the onerous task of searching all manner of documents from personal devices, including personal computers and/or mobile phone(s), based on Lead Plaintiff's mere speculation that relevant information may exist. Lead Plaintiff fails to justify this kind of demand, particularly in the absence of any showing as to the uniqueness or materiality of documents in Ms. Palin's possession, custody, or control beyond those which can be obtained from

the Company.

Ms. Palin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

All hard-copy Documents and Communications, including those that You took with You after Your employment at Splunk terminated, or that otherwise are in Your possession, custody, or control, Concerning (i) the allegations in the Complaint; (ii) the New Logo Team, including its purpose, plans, goals, performance metrics, and actual or potential hiring or firing of its members; (iii) Splunk's actual or contemplated investments in and budgets for marketing and sales for fiscal years 2019 forward, including any changes thereto and the purported reasons for any changes; (iv) Splunk's actual or contemplated hiring of, firing of, or hiring freeze for sales personnel, and the purported reasons therefor; (v) any All-Hands Meeting or other meeting(s) or call(s) You attended or discussed during which Splunk's sales, marketing, or New Logo Team were discussed; (vi) the COVID-19 pandemic and its actual or expected impact on Splunk's Financial Performance and operations; (vii) Splunk's Withdrawn Guidance, including the actual or stated reasons for the decision to withdraw the Withdrawn Guidance; or (viii) Splunk's Financial Performance, including the actual, contemplated, or stated reasons for the need for the Debt Offering or proposed Capital Raise(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Ms. Palin objects to this Request (which covers identical topics as in Requests 1 and 2) as overbroad, oppressive, and seeking information that is irrelevant to Lead Plaintiff's claims and not proportional to the needs of the case. Lead Plaintiff makes no showing nor offers any theory that any of Ms. Palin's "hard-copy Documents and Communications" are at all relevant or would provide any new information beyond what can be provided by Splunk, and therefore this Request needlessly subjects Ms. Palin to undue burden and expense, which is precluded by Fed. R. Civ. P. 45. Ms. Palin no longer works at Splunk, is not named as a Defendant, and Lead Plaintiff has made no allegations accusing Ms. Palin of wrongdoing. The Request unreasonably demands a vast array of documents and information on extremely broad general topics, covering a two-and-a-half year time period, that are both unrelated to Ms. Palin's former role at Splunk and outside the scope of Lead

Plaintiff's claims, without any attempt to be narrowly tailored to Ms. Palin.

Ms. Palin further objects to this Request as unduly burdensome and not proportional to the needs of the case in that Lead Plaintiff makes no showing as to the uniqueness or materiality of documents in Ms. Palin's possession, custody, or control beyond those which can be obtained from the Company.

Ms. Palin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications Concerning Your departure or termination from the Company, including (i) all actual or purported reasons for Your departure; (ii) the terms of Your departure; (iii) any Compensation paid, to be paid, forgone, or reduced in connection with Your departure; (iv) whether Your departure was voluntary; and (v) any separation agreement Concerning Your departure from the Company.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Ms. Palin objects to this Request because the circumstances of Ms. Palin's "departure or termination" from Splunk in May 2021 have nothing to do with Lead Plaintiff's federal securities claims against the Company and two of its officers for events that occurred in 2020. Ms. Palin further objects to the Request on the grounds that it seeks sensitive personnel and employment information, including compensation information, in which she has strong privacy interests. This lawsuit was filed approximately six months before Ms. Palin left the Company, and her departure has no bearing on the claims or defenses at issue. Under applicable law, personnel and other employment records invoke heightened privacy concerns, and demanding production of such materials requires a specific showing of relevance and need, which Lead Plaintiff has not made.

Ms. Palin further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks "*All* Documents and Communications" in Ms. Palin's possession, custody, or control, covering a two-and-a-half year time period, and also fails to make any showing as to the uniqueness or materiality of documents in Ms. Palin's possession, custody, or control beyond those which can be obtained from the Company.

Ms. Palin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications Concerning Your October 22, 2019, interview with "theCube," *see* Complaint ¶ 41 & n.28; the January 26, 2019, "Lochhead on Marketing Podcast: *Episode 027, How to Create a New Category & Brand w/ Carrie Palin CMO of $20B Splunk*," *see* Complaint ¶ 41 & n.29; and the April 10, 2020, "DisrupTV: *Episode 185, Carrie Palin, Jay Vijayan, Heather Clancy*," *see* Complaint ¶ 42 & n.32; including Defendant Douglas Merritt's statements to You that "the world doesn't know about [Splunk] yet" and, as of that point, "we haven't invested there," and Your statements that "most of the world doesn't know about" Splunk and "doesn't know what Splunk does."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Ms. Palin objects to this Request as overbroad, oppressive, and seeking information that is irrelevant to Lead Plaintiff's claims and not proportional to the needs of the case. The Request seeks information that is not relevant to the subject matter of this action: *Defendants'* knowledge and basis for the remaining challenged statements in the case. Lead Plaintiff is not challenging any of the statements attributed to Ms. Palin in this Request, and, in any event, recorded transcripts and/or videos of the events referenced in this Request are available online and readily accessible by Lead Plaintiff. Lead Plaintiff makes no showing nor offers any theory that the documents sought in this Request are at all relevant or would provide any new information beyond what can be provided by Splunk, and therefore this Request needlessly subjects Ms. Palin to undue burden and expense, which is precluded by Fed. R. Civ. P. 45. Ms. Palin no longer works at Splunk, she is not named as a Defendant, and Lead Plaintiff makes no allegations accusing her of wrongdoing.

Ms. Palin further objects to this Request as unduly burdensome and not proportional to the needs of the case because it seeks "*All* Documents and Communications" in Ms. Palin's possession, custody, or control, covering a two-and-a-half year time period, and saddles Ms. Palin with the onerous task of searching all manner of documents from her personal devices. Lead Plaintiff makes no showing as to the uniqueness or materiality of documents in Ms. Palin's possession, custody, or control beyond those which can be obtained from the Company or are available online.

Ms. Palin will not produce documents in response to this Request.

Dated:  June 9, 2022

**SIDLEY AUSTIN LLP**

*/s/ Nicole M. Ryan*

Sara B. Brody (SBN 130222)
Nicole M. Ryan (SBN 175980)
TJ Herron (SBN 331728)
Stephen Tang (SBN 336273)
555 California St., Suite 2000
San Francisco, CA 94104
Telephone: +1 (415) 772-1200
Facsimile: +1 (415) 772-7400

*Attorneys for Non-Party Carrie Palin*

**PROOF OF SERVICE**

|                          |   |     |
|--------------------------|---|-----|
| STATE OF CALIFORNIA      | ) |     |
|                          | ) | SS  |
| COUNTY OF SAN FRANCISCO  | ) |     |

I am employed in the County of San Francisco, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 555 California Street, Suite 2000, San Francisco, CA 94104.

On June 9, 2022, I served the foregoing document(s) described as **OBJECTIONS AND RESPONSES BY NON-PARTY CARRIE PALIN TO LEAD PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** on all interested parties in this action as follows:

| | |
|---|---|
| **Jonathan Daniel Uslaner** | **Adam D Hollander** |
| **Lauren Michelle Cruz** | **John Rizio-Hamilton** |
| Bernstein Litowitz Berger & Grossman LLP | Bernstein Litowitz Berger and Grossmann LLP |
| 2121 Avenue of the Stars, Suite 2575 | 1251 Avenue of the Americas, 44th Floor |
| Los Angeles, CA 90067 | New York, NY 10020 |
| (310) 819-3472 | (212) 554-1400 |
| jonathanu@blbglaw.com | adam.hollander@blbglaw.com |
| Lauren.Cruz@blbglaw.com | johnr@blbglaw.com |

*Lead Counsel for Lead Plaintiff Louisiana Sheriffs' Pension & Relief Fund*

**Robert David Klausner**
Klausner, Kaufman, Jensen & Levinson
7080 N.W. 4th Street
Plantation, FL 33317
954-916-1202
bob@robertdklausner.com

*Additional Counsel for Lead Plaintiff Louisiana Sheriffs' Pension & Relief Fund*

☒         (VIA E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 9, 2022, at San Francisco, California.


                                                        */s/ Stephen Tang*
                                                        Stephen Tang