# Exhibit 1

Exhibit 1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| IN RE SPLUNK INC. SECURITIES LITIGATION | Case No. 4:20-cv-08600-JST<br><br>Judge: Hon. Jon S. Tigar |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

### _A Federal Court authorized this Notice.  This is not a solicitation from a lawyer._

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Northern District of California (the "Court"), if you purchased the common stock of Splunk Inc. ("Splunk") during the period from May 21, 2020 through December 2, 2020, inclusive (the "Class Period") and continued to hold any Splunk common stock after December 2, 2020.[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff, Louisiana Sheriffs' Pension & Relief Fund ("Lead Plaintiff"), on behalf of itself and the Settlement Class (as defined in ¶ 24 below), has reached a proposed settlement of the Action for $30,000,000.00 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Office of the Clerk of the Court, Splunk, any other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (_see_ ¶ 71 below).**

1.  **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging that Splunk, Splunk's Chief Executive Officer Douglas Merritt, and Splunk's Chief Financial Officer Jason Child violated the federal securities laws by making false and misleading statements regarding Splunk's business.[2]  A more detailed description of the Action is set forth in

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated January 30, 2023 (the "Stipulation"), which is available at www.SplunkSecuritiesLitigation.com.

[2]  Merritt and Child are referred to herein as the "Individual Defendants".

paragraphs 11-23 below. If the Court approves the proposed Settlement, the Action will be dismissed and members of the Settlement Class (defined in paragraph 24 below) will settle and release all Released Plaintiff's Claims (defined in paragraph 35 below).

2.    **Statement of the Settlement Class's Recovery:**   Subject to Court approval, Lead Plaintiff, on behalf of itself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of $30,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, (d) any attorneys' fees awarded by the Court; and (e) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is attached hereto as Appendix A.

3.    **Estimate of Average Amount of Recovery Per Share:**   Based on Lead Plaintiff's damages expert's estimate of the number of shares of Splunk common stock purchased during the Class Period that may have been affected by the conduct alleged in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) is $0.79 per eligible share. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased or sold their Splunk common stock, and the total number and value of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth in Appendix A or such other plan of allocation as may be ordered by the Court.

4.    **Average Amount of Damages Per Share:**   The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.    **Attorneys' Fees and Expenses Sought:**   Plaintiff's Counsel, which have been prosecuting the Action on a wholly contingent basis, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund. In addition, Lead Counsel will apply for payment of Litigation Expenses paid or incurred by Plaintiffs' Counsel in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $325,000. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The estimated average cost per affected share of Splunk common stock, if the Court approves Lead Counsel's fee and expense application, is $0.21 per share.

6.      **Identification of Attorneys' Representatives:**  Lead Plaintiff and the Settlement Class are represented by Jonathan D. Uslaner of Bernstein Litowitz Berger & Grossmann LLP, 2121 Avenue of the Stars, Suite 2575, Los Angeles, CA 90067, (800) 380-8496, settlements@blbglaw.com.

7.      **Reasons for the Settlement:**  Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after further contested motions, a trial of the Action and the likely appeals that would follow a trial.  This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** *POSTMARKED OR SUBMITTED ONLINE* **NO LATER THAN _____, 2023.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined in ¶ 35 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 36 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS** *RECEIVED* **NO LATER THAN _____, 2023.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiff's Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS** *FILED OR POSTMARKED* **NO LATER THAN _____, 2023.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2023 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS** *RECEIVED* **NO LATER** | Filing a written objection and notice of intention to appear by _____, 2023 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court |

| THAN _____, 2023. | about your objection. |
|---|---|
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options—and the deadlines to exercise them—are further explained in this Notice.  Please Note: the date and time of the Settlement Hearing—currently scheduled for _____, 2023 at __:00 __.m. Pacific Time—is subject to change without further notice to the Settlement Class.  It is also within the Court's discretion to hold the hearing in person, by videoconference, or telephonically.  If you plan to attend the hearing, you should check the Settlement website, www.SplunkSecuritiesLitigation.com, or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice?   Page __
What Is This Case About?   Page __
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Settlement Class?   Page __
What Are Lead Plaintiff's Reasons For The Settlement?   Page __
What Might Happen If There Were No Settlement?   Page __
How Are Settlement Class Members Affected By The Action
   And The Settlement?   Page __
How Do I Participate In The Settlement?  What Do I Need To Do?   Page __
How Much Will My Payment Be?   Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
   How Will The Lawyers Be Paid?   Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
   How Do I Exclude Myself?   Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
   Don't Like The Settlement?   Page __
What If I Bought Shares On Someone Else's Behalf?   Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions?   Page __

| WHY DID I GET THIS NOTICE? |
|---|

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased Splunk common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options

before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9. The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses (the "Settlement Hearing"). *See* ¶¶ 60-61 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11. Splunk is a software company that sells data management software. Splunk's common stock trades on the NASDAQ exchange under the ticker symbol "SPLK." This Action involves allegations that, during the Class Period (from May 21, 2020 through December 2, 2020), Splunk, Splunk's Chief Executive Officer Douglas Merritt, and Splunk's Chief Financial Officer Jason Child made certain material misrepresentations and omissions about whether Splunk was continuing to invest in marketing and continuing to hire and retain sales professionals, which caused the price of Splunk's common stock to be inflated during the Class Period, and that the price of Splunk common stock declined when the truth was disclosed after the close of trading on December 2, 2020.

12. In December 2020 and January 2021, certain related class actions were filed in the United States District Court for the Northern District of California (the "Court"), alleging violations of the federal securities laws.

13. On February 2, 2021, Louisiana Sheriffs' Pension & Relief Fund moved for appointment as Lead Plaintiff, approval of its selection of counsel, and consolidation of actions. On March 16, 2021, the Court appointed Louisiana Sheriffs' Pension & Relief Fund as Lead Plaintiff, approved Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel, and ordered that all future filings in the Action be made in Case No. 4:20-cv-08600-JST, under the caption *In re Splunk Inc. Securities Litigation*.

14. On June 7, 2021, Lead Plaintiff filed and served its Consolidated Class Action Complaint for Violations of Federal Securities Laws (the "Complaint") asserting claims against Defendants Splunk, Merritt, and Child under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against Defendants Merritt and Child under Section 20(a) of the Exchange Act.

15.    On July 27, 2021, Defendants filed a motion to dismiss the Complaint.  On September 15, 2021, Lead Plaintiff filed its opposition to Defendants' motion to dismiss, and on October 20, 2021, Defendants filed their reply.

16.    On March 21, 2022, the Court entered an Order denying, in part, and granting, in part, Defendants' motion to dismiss the Complaint.

17.    On May 13, 2022, Defendants filed their answer to the Complaint.  Among other things, Defendants' answer denied Lead Plaintiff's allegations of wrongdoing and asserted various defenses to the claims pled against Defendants.

18.    Discovery in the Action commenced in April 2022.  In the course of discovery, Defendants produced more than 39,000 pages of documents to Lead Plaintiff and substantially completed their production of the documents from the files of the Individual Defendants.  The Parties met and conferred and exchanged numerous letters concerning disputed discovery issues over several months, certain of which required the Court's intervention to resolve.

19.    On July 22, 2022, Lead Plaintiff filed its motion for class certification and appointment of class representative and class counsel, which was accompanied by a report from Lead Plaintiff's expert, Dr. Steven Feinstein, on market efficiency and common damages methodologies.

20.    The Parties began exploring the possibility of a settlement in the fall of 2022.  The Parties agreed to engage in private mediation and retained Jed D. Melnick, Esq., of JAMS to act as mediator in the Action (the "Mediator").  On December 15, 2022, counsel for the Parties participated in a full-day mediation session before the Mediator.  In advance of that session, the Parties exchanged and submitted detailed mediation statements and supporting exhibits to the Mediator.

21.    After a full day of intense negotiations, the Mediator proposed a recommendation that the Parties settle the Action for $30 million, which both sides accepted on a double-blind basis.

22.    On January 30, 2023, the Parties entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the terms and conditions of the Settlement.  The Stipulation can be viewed at www.SplunkSecuritiesLitigation.com.

23.    On _____ ___, 2023, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**
**WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

---

24.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> all persons or entities who purchased or otherwise acquired the common stock of Splunk during the period from May 21, 2020 through December 2, 2020, inclusive, and continued to hold any Splunk common stock after December 2, 2020.

Excluded from the Settlement Class are: (i) Defendants, (ii) any current or former Officers and directors of Splunk; (iii) the Immediate Family Members of the foregoing excluded persons; (iv) any entity that any Defendant or any of Defendants' Immediate Family Members owns or

controls, or owned or controlled during the Class Period; and (v) the legal representatives, heirs, agents, affiliates, successors or assigns of any excluded persons.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page [___] below.

**Please Note:  Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive proceeds from the Settlement.**

**If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked (or submitted online) no later than _____, 2023.**

| WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT? |
| --- |

25.    Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the very substantial risks they would face in establishing liability and damages.  To defeat summary judgment and prevail at trial, Lead Plaintiff would have been required to prove not only that Defendants' statements about Splunk's investments in marketing and hiring and retaining of sales professionals were materially false, but that the Individual Defendants knew that their statements were false when made or were reckless in making the statements, and that the alleged corrective disclosures caused the decline in the price of Splunk's stock.

26.    Defendants would have had substantial arguments to make concerning each of these issues. For example, Defendants would have argued that they made no false or misleading statements, because, among other things, Splunk did, in fact, continue to invest in marketing and hire new personnel throughout the entire Class Period and its layoffs were both minimal and disclosed.  Defendants would have also argued that the challenged statements were immaterial and too generalized to be actionable.  In addition, Defendants would have argued that Lead Plaintiff could not prove intent to defraud, or scienter, because Defendants did not know or have any reason to believe their statements were misleading when made.  In addition, Defendants would have argued that the decline in Splunk's stock price was not caused by revelation of the truth about the alleged misstatements, but by various other factors such as lower than expected revenue for the quarter and the withdrawal of long-term guidance.  Defendants would have also argued that even if some portion of the price decline were caused by revelation of the truth about the alleged misstatements, it was small compared to the decline resulting from other factors, and any purported damages to Lead Plaintiff and the Settlement Class were minimal.  Had any of these arguments been accepted in whole or in part, it could have eliminated or, at a minimum, drastically limited any potential recovery.

27.    Further, in order to obtain recovery for the Settlement Class, Lead Plaintiff would have to prevail at several stages—on the pending motion for class certification, at summary judgment, and at trial – and, even if it prevailed on those, on the appeals that were likely to follow.  Thus, there were significant risks attendant to the continued prosecution of the Action, and there was

no guarantee that further litigation would have resulted in a higher recovery, or any recovery at all.

28.   In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.  Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $30,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial, and appeals, possibly years in the future.

29.   Defendants have denied and continue to deny all claims asserted against them in the Action and have denied and continue to deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

30.   If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

31.   As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page [__] below.

32.   If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page [__] below.

33.   If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page [__] below.

34.   If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with

prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective current and former officers, directors, employees, agents, affiliates, parents, subsidiaries, heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim (as defined in ¶ 35 below) against the Defendants' Releasees (as defined in ¶ 36 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

35.    "Released Plaintiff's Claims" means all claims, demands, losses, rights, and causes of action of every nature and description whatsoever, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, or any other law, rule regulation, or equitable principle, whether class or individual in nature, whether contingent or absolute, asserted or unasserted, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, that Lead Plaintiff or any other member of the Settlement Class: (i) asserted in the Action, or (ii) could have asserted in the Action or any other forum that arise out of, are based upon, or relate to any of the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, alleged, or referred to in the Action, or which could have been alleged in the Action, and that relate to the purchase or acquisition of Splunk common stock during the Class Period.  For the avoidance of doubt, Released Plaintiff's Claims do not cover, include, or release: (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted in any derivative action, including without limitation, the claims asserted in *Wolk v. Merritt*, No. 4:21-cv-01116 (N.D. Cal. Feb. 15, 2021); *In re Splunk Inc. S'holder Derivative Litig.*, No. CGC-21-589794 (Cal. Super. Ct. Mar. 1, 2021); *Mowery v. Merritt*, No. CGC-21-590673 (Cal. Super. Ct. Apr. 7, 2021); *Sudol v. Merritt*, No. CGC-21-590671 (Cal. Super. Ct. Apr. 7, 2021); *Blackburn v. Merritt*, No. 2022-0986 (Del. Ch. Oct. 31, 2022); and *Williams v. Merritt*, 2022-1117 (Del. Ch. Dec. 2, 2022), or any cases consolidated into those actions; or (iii) any claims of any persons or entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

36.    "Defendants' Releasees" means Defendants and their current and former parents, affiliates, subsidiaries, officers, directors, employees, agents, representatives, advisors, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, heirs, executors, administrators, Immediate Family Members, insurers, reinsurers, attorneys, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant, and any entity in which any Defendant has a controlling interest.

37.    "Unknown Claims" means any Released Plaintiff's Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred

by California Civil Code § 1542, or any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and Defendants acknowledge, and each of the Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

38.   The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective current and former officers, directors, employees, agents, affiliates, parents, subsidiaries, heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 39 below) against Lead Plaintiff and the other Plaintiff's Releasees (as defined in ¶ 40 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees.

39.   "Released Defendants' Claims" means all claims, demands, losses, rights, and causes of action of every nature and description whatsoever, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of, are based upon, or relate in any way to Lead Plaintiff's institution, prosecution, or settlement of the claims asserted against Defendants in the Action.   Released Defendants' Claims do not cover, include, or release: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

40.   "Plaintiff's Releasees" means Lead Plaintiff, all other plaintiffs in the Action, and all other Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

41.   To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation ***postmarked (if mailed), or submitted online*** at **www.SplunkSecuritiesLitigation.com no later than _____, 2023**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.SplunkSecuritiesLitigation.com.  You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-877-388-1755 or by emailing the Claims Administrator at info@SplunkSecuritiesLitigation.com.  **Please retain all records of your ownership of and transactions in Splunk common stock, as they**

**will be needed to document your Claim.**  The Parties and Claims Administrator do not have information about your transactions in Splunk common stock.

42.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
| :---: |

43.  At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

44.  Pursuant to the Settlement, Splunk, on behalf of Defendants, has agreed to cause to be paid thirty million dollars ($30,000,000.00) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; (c) any attorneys' fees and Litigation Expenses awarded by the Court; and (d) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

45.  The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

46.  Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

47.  Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

48.  Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked (or submitted online) on or before _____, 2023 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiff's Claims (as defined in ¶ 35 above) against the Defendants' Releasees (as defined in ¶ 36 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiff's Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

49.  Participants in and beneficiaries of a Splunk employee benefit plan covered by ERISA ("Splunk ERISA Plan") should NOT include any information relating to their transactions in

Splunk common stock held through the Splunk ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares or notes that they purchased outside of the Plan.  For Claims based on any Splunk ERISA Plan's purchases of Splunk common stock during the Class Period, a determination about whether to participate in the Settlement will be made by a Plan fiduciary and, if that Plan fiduciary determines to participate in the Settlement, it will submit such Claims.

50.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

51.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

52.   Only Settlement Class Members or persons authorized to submit a claim on their behalf will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only security that is included in the Settlement is Splunk common stock.

53.   **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiff.  At the Settlement Hearing, Lead Plaintiff will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

54.   Plaintiff's Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiff's Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed 25% of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for payment of Litigation Expenses paid or incurred by Plaintiffs' Counsel in an amount not to exceed $325,000.  The Court will determine the amount of any award of attorneys' fees or Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?  HOW DO I EXCLUDE MYSELF?

55.   Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Splunk Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217.  The exclusion request must be ***received* no later than _____, 2023**.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must

(a) state the full name of the person or entity requesting exclusion, (b) state that such person or entity requests to be excluded from the Settlement Class in *In re Splunk Inc. Securities Litigation*, Case No. 4:20-cv-08600-JST; and (c) be signed by the person or entity requesting exclusion. If the person or entity requesting exclusion purchased more than 500 shares of Splunk common stock during the Class Period, the request for exclusion must also state (a) the number of shares of Splunk common stock that the person or entity owned as of the opening of trading on May 21, 2020, and (b) the number of shares of Splunk common stock that the person or entity purchased/acquired and/or sold from May 21, 2020 through December 2, 2020, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

56. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Defendants' Releasees.

57. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

58. Splunk has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Splunk.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

59. **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing**.

60. **Please Note**: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. In addition, the COVID-19 pandemic is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.SplunkSecuritiesLitigation. com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.SplunkSecuritiesLitigation.com. If the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to the Settlement website, www.SplunkSecuritiesLitigation.com.**

61.    The Settlement Hearing will be held on _____, 2023 at __:__ _.m., before the Honorable Jon S. Tigar, either in person at the United States District Court for the Northern District of California, Courtroom 6 of the Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612, or by telephone or videoconference (in the discretion of the Court).  At the Settlement Hearing, the Court will consider: (a) whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class, and should be finally approved; (b) whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) whether the Settlement Class should be certified for purposes of the Settlement; (d) whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (f) other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

62.    Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. You may object to the proposed Settlement, the Plan of Allocation or the requested fees and expenses in writing by providing your full name, the basis for your belief that you are a member of the Settlement Class, the basis of your objection, and your signature.  You may not ask the Court to order a larger settlement; the Court can only approve or deny the Settlement.  You may also appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

63.    All written objections and supporting papers must: (a) clearly identify the case name and number (*In re Splunk Inc. Securities Litigation*, Case No. 4:20-cv-08600-JST); (b) be submitted to the Court either by filing them electronically, by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Suite 400S, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California; and (c) **be filed or postmarked on or before _____, 2023**.

64.    You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

65.    You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

66.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office so that it is ***received*** **on or before _____, 2023**.  Persons who intend to object and desire to present evidence at the

Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

67.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court so that the notice is ***received*** **on or before _____, 2023**.

68.   The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class, other than a posting of the adjournment on the case website, www.SplunkSecuritiesLitigation.com.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**69.   Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

70.   If you purchased Splunk common stock from May 21, 2020 through December 2, 2020, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *Splunk Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173000, Milwaukee, WI 53217.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  In determining whether a nominee's expenses are reasonable, a cap of $0.15 per mailing record provided (or bulk Notice Packet mailed) plus actual postage costs incurred shall be applied.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.SplunkSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 1-877-388-1755.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

71.   This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be reviewed by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the

United States District Court for the Northern District of California, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Suite 400S, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.SplunkSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| *Splunk Securities Litigation* | and/or | Jonathan D. Uslaner, Esq. |
|---|---|---|
| c/o A.B. Data, Ltd. | | BERNSTEIN LITOWITZ BERGER |
| P.O. Box 173000 | | & GROSSMANN LLP |
| Milwaukee, WI 53217 | | 2121 Avenue of the Stars, Suite 2575 |
| 877-388-1755 | | Los Angeles, CA 90067 |
| www.SplunkSecuritiesLitigation.com | | 800-380-8496 |
| | | settlements@blbglaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2023

By Order of the Court
United States District Court
Northern District of California

#3195446

16

**Appendix A**

**PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

72.   As discussed above, the Settlement provides $30,000,000 in cash for the benefit of the Settlement Class.  The Settlement Amount and any interest it earns constitute the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants—*i.e.*, members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment by the Court—in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve.  Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the settlement website, www.SplunkSecuritiesLitigation.com.

73.   The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement.  The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

74.   The Plan of Allocation was developed in consultation with Lead Plaintiff's damages expert.  In developing the Plan of Allocation, Lead Plaintiff's damages expert calculated the estimated amount of alleged artificial inflation in the per-share price of Splunk common stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions.  In calculating the estimated artificial inflation allegedly caused by those misrepresentations and omissions, Lead Plaintiff's damages expert considered price changes in Splunk common stock in reaction to the public disclosure that allegedly corrected the alleged misrepresentations and omissions, adjusting the price change for factors that were attributable to market or industry forces, and for non-fraud related information.  The estimated amount of alleged artificial inflation calculated by Lead Plaintiff's damages expert was $25.00 per share.

75.   In order to have recoverable damages in connection with purchases and/or acquisitions of Splunk common stock during the Class Period, disclosure of the alleged misrepresentations or omissions must be the cause of the decline in the price of the Splunk common stock.  In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the period from May 21, 2020 through and including the close of trading on December 2, 2020, which had the effect of artificially inflating the prices of Splunk common stock.  Alleged artificial inflation was removed from the price of Splunk common stock as the result of the

17

alleged corrective disclosure that occurred on December 2, 2020, after the close of trading.[3]   In order to have a "Recognized Claim Amount" under the Plan of Allocation, shares of Splunk common stock must have been purchased or otherwise acquired during the Class Period and held through the corrective disclosure.

## CALCULATION OF RECOGNIZED CLAIM AMOUNT

76.   Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Splunk common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.

77.   For each share of Splunk common stock purchased or otherwise acquired during period from May 21, 2020 through December 2, 2020, inclusive, and:

A.   Sold prior to the close of trading on December 2, 2020, the Recognized Loss Amount per share is zero.

B.   Sold from December 3, 2020 through and including the close of trading on March 2, 2021, the Recognized Loss Amount will be *the least of*: (i) $25.00 per share inflation, (ii) the purchase price *minus* the sale price, or (iii) the purchase price *minus* the average closing price between December 3, 2020 and the date of sale as stated in Table A at the end of this Notice; and

C.   Held as of the close of trading on March 2, 2021, the Recognized Loss Amount will be *the lesser of*: (i) $25.00, or (ii) the purchase price *minus* $166.17, the average closing price for Splunk common stock between December 3, 2020 and March 2, 2021 (the last entry on Table A at the end of this Notice).[4]

## ADDITIONAL PROVISIONS

78.   **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated under ¶ 77 above.

79.   **FIFO Matching:** If a Claimant made more than one purchase/acquisition or sale of Splunk common stock during the Class Period, all purchases/acquisitions and sales will be

---

[3] Any transactions in Splunk common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[4] Under Section 21D(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Splunk common stock during the 90-day look-back period.  The mean (average) closing price for Splunk common stock during this 90-day look-back period was $166.17.

matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

80.  **Purchase/Sale Prices:** For the purposes of calculations in ¶ 77 above, "purchase price" means the actual price paid, excluding any fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting any fees, commissions, and taxes.

81.  **"Purchase/Acquisition/Sale" Dates:** Purchases or acquisitions and sales of Splunk common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Splunk common stock during the Class Period will not be deemed a purchase, acquisition, or sale of Splunk common stock for the calculation of a Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Splunk common stock unless (i) the donor or decedent purchased or otherwise acquired or sold such Splunk common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to shares of such shares of Splunk common stock.

82.  **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Splunk common stock.  The date of a "short sale" is deemed to be the date of sale of the Splunk common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

83.  In the event that a Claimant has an opening short position in Splunk common stock, the earliest purchases or acquisitions of Splunk common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

84.  **Common Stock Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement.  With respect to Splunk common stock purchased or sold through the exercise of an option, the purchase/sale date of the security is the exercise date of the option and the purchase/sale price is the exercise price of the option.

85.  **Market Gains and Losses:** The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Splunk common stock during the Class Period.  For purposes of making this calculation, the Claims Administrator will determine the difference between (i) the Claimant's Total Purchase Amount[5] and (ii) the sum of the Claimant's Total Sales Proceeds[6] and the Claimant's Holding Value.[7]  If

---

[5] The "Total Purchase Amount" is the total amount the Claimant paid (excluding any fees, commissions, and taxes) for all shares of Splunk common stock purchased/acquired during the Class Period.

[6] The Claims Administrator will match any sales of Splunk common stock during the Class Period first against the Claimant's opening position in Splunk common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (not deducting any fees, commissions, and taxes) for sales of the remaining shares of Splunk common stock sold during the Class Period is the "Total Sales Proceeds."

the Claimant's Total Purchase Amount minus the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

86.   If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Splunk common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement.  If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Splunk common stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

87.   **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

88.   If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

89.   If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

90.   After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund seven (7) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to the Investor Protection Trust, a 501(c)(3) organization dedicated to investor education and support of investor protection efforts.

---

[7] The Claims Administrator will ascribe a "Holding Value" of $158.03 to each share of Splunk common stock purchased/acquired during the Class Period that was still held as of the close of trading on December 2, 2020.

91.   Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants.  No person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, Lead Plaintiff's damages or consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiff's Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Lead Plaintiff, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

**TABLE A**

**90-Day Look-Back Table for Splunk Common Stock**
**(Closing Price and Average Closing Price:  December 3, 2020 – March 2, 2021)**

| Date | Closing Price | Average Closing Price Between December 3, 2020, and Date Shown | Date | Closing Price | Average Closing Price Between December 3, 2020, and Date Shown |
|---|---|---|---|---|---|
| 12/3/2020 | $158.03 | $158.03 | 1/19/2021 | $172.96 | $166.49 |
| 12/4/2020 | $161.07 | $159.55 | 1/20/2021 | $172.66 | $166.68 |
| 12/7/2020 | $155.62 | $158.24 | 1/21/2021 | $171.83 | $166.83 |
| 12/8/2020 | $160.97 | $158.92 | 1/22/2021 | $170.90 | $166.95 |
| 12/9/2020 | $155.59 | $158.26 | 1/25/2021 | $171.91 | $167.10 |
| 12/10/2020 | $153.49 | $157.46 | 1/26/2021 | $173.76 | $167.28 |
| 12/11/2020 | $155.25 | $157.15 | 1/27/2021 | $168.64 | $167.32 |
| 12/14/2020 | $159.38 | $157.43 | 1/28/2021 | $168.48 | $167.35 |
| 12/15/2020 | $161.80 | $157.91 | 1/29/2021 | $165.03 | $167.29 |
| 12/16/2020 | $162.34 | $158.35 | 2/1/2021 | $171.63 | $167.40 |
| 12/17/2020 | $166.26 | $159.07 | 2/2/2021 | $175.09 | $167.58 |
| 12/18/2020 | $165.89 | $159.64 | 2/3/2021 | $171.29 | $167.67 |
| 12/21/2020 | $174.37 | $160.77 | 2/4/2021 | $172.26 | $167.78 |
| 12/22/2020 | $177.00 | $161.93 | 2/5/2021 | $170.24 | $167.84 |
| 12/23/2020 | $182.55 | $163.31 | 2/8/2021 | $169.56 | $167.87 |
| 12/24/2020 | $180.20 | $164.36 | 2/9/2021 | $172.78 | $167.98 |
| 12/28/2020 | $175.55 | $165.02 | 2/10/2021 | $168.02 | $167.98 |
| 12/29/2020 | $172.24 | $165.42 | 2/11/2021 | $169.96 | $168.02 |
| 12/30/2020 | $172.38 | $165.79 | 2/12/2021 | $173.33 | $168.13 |
| 12/31/2020 | $169.89 | $165.99 | 2/16/2021 | $169.30 | $168.15 |
| 1/4/2021 | $166.37 | $166.01 | 2/17/2021 | $170.50 | $168.20 |
| 1/5/2021 | $166.72 | $166.04 | 2/18/2021 | $166.65 | $168.17 |
| 1/6/2021 | $161.60 | $165.85 | 2/19/2021 | $169.66 | $168.20 |
| 1/7/2021 | $163.04 | $165.73 | 2/22/2021 | $160.82 | $168.06 |
| 1/8/2021 | $165.40 | $165.72 | 2/23/2021 | $153.80 | $167.80 |
| 1/11/2021 | $166.51 | $165.75 | 2/24/2021 | $152.53 | $167.53 |
| 1/12/2021 | $167.01 | $165.80 | 2/25/2021 | $145.08 | $167.14 |
| 1/13/2021 | $170.65 | $165.97 | 2/26/2021 | $143.01 | $166.72 |
| 1/14/2021 | $170.95 | $166.14 | 3/1/2021 | $151.26 | $166.46 |
| 1/15/2021 | $169.97 | $166.27 | 3/2/2021 | $149.09 | $166.17 |

# Exhibit 2

**Exhibit 2**

*Splunk Securities Litigation*
**Toll-Free Number:  (877) 388-1755**
**Email:  info@SplunkSecuritiesLitigation.com**
**Website:  SplunkSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the address below, or submit it online at SplunkSecuritiesLitigation.com, with supporting documentation, *postmarked* **(if mailed) or submitted online no later than _____, 2023**.

### Mail to:

*Splunk Securities Litigation*
**c/o A.B. Data, Ltd.**
**P.O. Box 173000**
**Milwaukee, WI 53217**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | [__] |
| **PART II – GENERAL INSTRUCTIONS** | [__] |
| **PART III – SCHEDULE OF TRANSACTIONS IN SPLUNK COMMON STOCK** | [__] |
| **PART IV – RELEASE OF CLAIMS, CERTIFICATION, AND SIGNATURE** | [__] |

# PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's Name

First Name

Last Name

Joint Beneficial Owner's Name (*if applicable*)

First Name

Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

Street Address (second line, if needed)

City

State/Province

Zip Code

Foreign Postal Code (if applicable)

Foreign Country (if applicable)

Telephone Number (Day)

Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)          ☐ Corporation          ☐ UGMA Custodian          ☐ IRA

☐ Partnership          ☐ Estate          ☐ Trust          ☐ Other (describe: _____)

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.  If you are not a Settlement Class Member (see the definition of the Settlement Class on page [__] of the Notice), or if you, or someone acting on your behalf, submitted a request for exclusion from the Settlement Class, do not submit a Claim Form.  **You may not, directly or indirectly, participate in the Settlement if you are not a Settlement Class Member.**  Thus, if you are excluded from the Settlement Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice or by such other plan of allocation as the Court approves.**

4.      On the Schedule of Transactions in Part III of this Claim Form, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Splunk common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      **Please note**:  Only purchases or acquisitions of Splunk common stock from May 21, 2020 through December 2, 2020 are eligible under the Settlement and the proposed Plan of Allocation set forth in the Notice.  However, under the "90-day look-back period" (described in the Plan of Allocation), sales of Splunk common stock during the period from December 3, 2020 through the close of trading on March 2, 2021 will be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during this period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Splunk common stock set forth in the Schedule of Transactions in Part III.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Splunk common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.

7.      **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.      Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of Splunk common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the Splunk common stock in your own name, you were the beneficial owner as well as the record owner.  If, however, your shares of Splunk common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement. If there were joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

9.      **One Claim should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (e.g., an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form.  However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account.  The Claims Administrator reserves the right to request information on all the holdings and transactions in Splunk common stock made on behalf of a single beneficial owner.

10.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Splunk common stock; and

(c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.     By submitting a signed Claim Form, you will be swearing that you:

(a)     own(ed) the Splunk common stock you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

12.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13.     Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

14.     **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

15.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data. Ltd., at the above address, by email at info@SplunkSecuritiesLitigation.com, or by toll-free phone at (877) 388-1755, or you can visit the website, SplunkSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

16.     NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the settlement website at SplunkSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@SplunkSecuritiesLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  The ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* ¶ 8 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email confirming receipt of your submission.  **Do not assume that your file has been received until you receive that email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@SplunkSecuritiesLitigation.com to inquire about your file and confirm it was received.**


**IMPORTANT:  PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.   IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (877) 388-1755.**

**PART III – SCHEDULE OF TRANSACTIONS IN SPLUNK COMMON STOCK**

The only eligible security is the common stock of Splunk Inc. ("Splunk") (**Ticker: NASDAQ: SPLK, CUSIP: 848637104**).  Do not include information regarding securities other than Splunk common stock.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions ¶ 6, above.

| **1. HOLDINGS AS OF MAY 21, 2020 –** State the total number of shares of Splunk common stock held as of the opening of trading on May 21, 2020.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ☐ |
|---|---|---|---|---|
| **2. PURCHASES/ACQUISITIONS FROM MAY 21, 2020 THROUGH DECEMBER 2, 2020 –** Separately list each and every purchase or acquisition (including free receipts) of Splunk common stock from May 21, 2020 through the close of trading on December 2, 2020.  (Must be documented.) | | | | |
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| **3. PURCHASES/ACQUISITIONS FROM DECEMBER 3, 2020 THROUGH MARCH 2, 2021 –** State the total number of shares of Splunk common stock purchased or acquired (including free receipts) from December 3, 2020 through the close of trading on March 2, 2021.  If none, write "zero" or "0." _____ | | | | |
| **3. SALES FROM MAY 21, 2020 THROUGH MARCH 2, 2021 –** Separately list each and every sale or disposition (including free deliveries) of Splunk common stock from May 21, 2020 through the close of trading on March 2, 2021.  (Must be documented.) | | | | **IF NONE, CHECK HERE** ☐ |
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| **4. HOLDINGS AS OF MARCH 2, 2021 –** State the total number of shares of Splunk common stock held as of the close of trading on March 2, 2021.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ☐ |
| **IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐ | | | | |

## PART IV – RELEASE OF CLAIMS, CERTIFICATION, AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE [___] OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') respective current and former officers, directors, employees, agents, affiliates, parents, subsidiaries, heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

3.      that the claimant(s) did ***not*** submit a request for exclusion from the Settlement Class;

4.      that I (we) own(ed) the Splunk common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the claimant(s) has (have) not submitted any other claim covering the same purchases of Splunk common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review with respect to such determination;

9.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                                                                          Date

_____
Print claimant name here

_____
Signature of joint claimant, if any                                                                      Date

_____
Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____
Signature of person signing on behalf of claimant                                       Date

_____
Print name of person signing on behalf of claimant here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see ¶ 10 on page [___] of this Claim Form.)

## **REMINDER CHECKLIST**

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (877) 388-1755.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@SplunkSecuritiesLitigation.com, or by toll-free phone at (877) 388-1755, or you may visit SplunkSecuritiesLitigation.com.  DO NOT call Splunk, the other Defendants, or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL OR SUBMITTED ONLINE AT SPLUNKSECURITIESLITIGATION.COM, **POSTMARKED (OR SUBMITTED ONLINE) NO LATER THAN _____, 2023**.  IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*Splunk Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173000
Milwaukee, WI 53217

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# Exhibit 3

**Exhibit 3**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| IN RE SPLUNK INC. SECURITIES LITIGATION | Case No. 4:20-cv-08600-JST |
| | Judge: Hon. Jon S. Tigar |

## SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:  All persons and entities who purchased or otherwise acquired the common stock of Splunk Inc. ("Splunk") during the period from May 21, 2020 to December 2, 2020, inclusive (the "Class Period") and continued to hold any Splunk common stock after December 2, 2020 (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that the above-captioned litigation (the "Action") has been provisionally certified as a class action for the purposes of settlement only on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiff in the Action has reached a proposed settlement of the Action for **$30,000,000** in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

The Action involves allegations that Splunk and certain of its senior officers violated federal securities laws.  Lead Plaintiff alleges that, during the period from May 21, 2020 through December 2, 2020, Splunk, Splunk's Chief Executive Officer Douglas Merritt, and Splunk's Chief Financial Officer Jason Child made certain material misrepresentations and omissions about whether Splunk was continuing to invest in marketing and continuing to hire and retain sales professionals in violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and that Merritt and Child controlled Splunk when the alleged misstatements were made, in violation of Section 20(a) of the Exchange Act.  Defendants deny the allegations in the Action and deny any violations of the federal securities laws.  Issues and defenses at issue in the Action included (i) whether Defendants made materially false statements or omissions; (ii) whether Defendants made the statements with the required state of mind; (iii) whether the alleged misstatements caused class members' losses; and (iv) the amount of damages, if any.

A hearing will be held on _____, 2023 at _____ _.m., before the Honorable Jon S. Tigar at the United States District Court for the Northern District of California, Courtroom 6 of the Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class; (iii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated January 30, 2023 (and in the Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Splunk Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173000, Milwaukee, WI 53217, 1-877-388-1755.  Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.SplunkSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____, 2023, or submit it online by this date.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2023, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses, must be submitted to the Court no later than _____, 2023, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Splunk, any other Defendants or their counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
Jonathan D. Uslaner, Esq.
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
(800) 380-8496
settlements@blbglaw.com

Requests for the Notice and Claim Form should be made to:

*Splunk Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173000
Milwaukee, WI 53217
877-388-1755
www.SplunkSecuritiesLitigation.com

By Order of the Court

3