# Exhibit A



SIDLEY AUSTIN LLP
555 CALIFORNIA STREET
SUITE 2000
SAN FRANCISCO, CA 94104
+1 415 772 1200
+1 415 772 7400 FAX

AMERICA  •  ASIA PACIFIC  •  EUROPE

February 15, 2023

*Via FedEx*

**To:    Appropriate Federal and State Officials Per 28 U.S.C. § 1715**

**Re:    Notice of the Proposed Class Action Settlement in *In re Splunk Inc. Securities Litigation*., No. 4:20-cv-08600-JST (N.D. Cal.), Pursuant to the Class Action Fairness Act of 2005**

To Whom It May Concern:

We are writing to you on behalf of the defendants in the case of *In re Splunk Inc. Securities Litigation*., No. 4:20-cv-08600-JST (N.D. Cal.) (the "Action"), to notify you of a proposed class action settlement (the "Proposed Settlement"). The defendants in the Action are Splunk Inc., Douglas Merritt, and Jason Child (collectively, "Defendants"). On February 7, 2023, a motion for preliminary approval of the Proposed Settlement was filed in the United States District Court for the Northern District of California (the "Court"). This letter constitutes notice of the Proposed Settlement from each of the Defendants under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

### <u>Compliance With 28 U.S.C. § 1715's Notice Requirements</u>

28 U.S.C. § 1715(b) lists eight items that must be provided to you in connection with the Proposed Settlement. Each of these items is addressed below:

1. *A copy of the complaint and any materials filed with the complaint and any amended complaints. 28 U.S.C. § 1715(b)(1).*

   Copies of every complaint filed in the Action, along with the materials filed with the complaints, are provided on the enclosed CD as Exhibits 1–2.[1]

2. *Notice of any scheduled judicial hearing in the class action. 28 U.S.C. § 1715(b)(2).*

   A motion for preliminary approval of the Proposed Settlement was filed on February 7, 2023. The motion, which is pending before the Honorable Jon S. Tigar of the United States District Court for the Northern District of California, is scheduled to be heard on April 6, 2023 at 2:00 p.m. PST.

---

[1] In lieu of voluminous paper copies, Exhibits 1–5 to this notice have been provided on the enclosed CD.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Page 2

3. *Any proposed or final notification to class members of (a) the members' rights to request exclusion and (b) a proposed settlement of a class action. 28 U.S.C. § 1715(b)(3).*

The proposed notifications to class members of the Proposed Settlement and members' rights to request exclusion from the class are attached as Exhibits A-1, A-2, and A-3 to the Stipulation of Settlement, which is provided on the enclosed CD as Exhibit 3.

4. *Any proposed class action settlement. 28 U.S.C. § 1715(b)(4).*

The terms of the Proposed Settlement are contained in the Stipulation of Settlement (together with the exhibits thereto), which is provided on the enclosed CD as Exhibit 3.

5. *Any settlement or other agreement contemporaneously made between class counsel and counsel for the defendants. 28 U.S.C. § 1715(b)(5).*

As set forth in Paragraph 38 of the Stipulation of Settlement, class counsel and counsel for Defendants executed a Supplemental Agreement setting forth certain conditions under which the Proposed Settlement may be terminated at the discretion of Splunk if potential class members who meet certain criteria exclude themselves from the Class. Under the terms of the Stipulation of Settlement, the Supplemental Agreement has been filed with the Court under seal. Further details of this agreement are confidential, and will not be disseminated unless specifically requested. Therefore, a copy of the Supplemental Agreement is not included on the enclosed CD.

6. *Any final judgment or notice of dismissal. 28 U.S.C. § 1715(b)(6).*

At this time, there has been no final judgment or notice of dismissal of the Action, but a Proposed Final Judgment and Order of Dismissal with Prejudice is included as Exhibit B to the Stipulation of Settlement, which is provided on the enclosed CD as Exhibit 3.

7. *If feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate State official; or if not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement. 28 U.S.C. § 1715(b)(7).*

It is not feasible for Defendants to identify the names of class members who reside in each State, because the parties do not presently know the names or addresses of all the Proposed Settlement class members and will not learn this information until the Proposed Settlement is preliminarily approved and the Court authorizes dissemination of information about the Settlement through the Class Notice. In addition, since not all holders of Splunk common stock during the Class Period are entitled to payment under the Proposed Settlement, it is also not feasible for Defendants to estimate the number of shares covered by the Proposed Settlement or the number of Proposed Settlement class members prior to the conclusion of the administration of the Proposed Settlement.

# SIDLEY

Page 3

Accordingly, pursuant to 28 U.S.C. § 1715(b)(7)(B), Defendants have undertaken to provide a reasonable estimate of the proportion of total Splunk shares held by residents of each state during the Class Period, which is reflected in Exhibit 4 on the enclosed CD. This estimate is based on the assumption that shares of Splunk common stock were, at the relevant time, distributed among the States in the same proportion as each State's share of the total population of the United States. Defendants believe that the information provided in Exhibit 4 is a reasonable estimate of the proportion of total class members residing in each State and the proportionate share of the claims of such members to the entire settlement.

8. *Any written judicial opinion relating to the materials described under (3) through (6) above. 28 U.S.C.§ 1715(b)(8).*

On February 9, 2023, Judge Tigar issued a written order granting the parties' joint motion to file the Supplemental Agreement under seal. That order is provided on the enclosed CD as Exhibit 5. As of the date of this letter, there are no other judicial opinions related to the Proposed Settlement or Stipulation of Settlement.

## <u>Compliance With 28 U.S.C. § 1715's Timing Requirements</u>

28 U.S.C. § 1715 also provides two timing requirements. First, 28 U.S.C. § 1715(b) provides that Defendants must serve this notice "[n]ot later than 10 days after a proposed settlement of class action is filed in court." Defendants have complied with this deadline because the Stipulation was filed with the Court on February 7, 2023, and this notice is being sent on February 15, 2023.

Second, 28 U.S.C. § 1715(d) provides that "[a]n order giving final approval of a proposed settlement may not be issued earlier than 90 days after" the date of service of this notice. This notice will comply with that deadline as well, because the final approval hearing will not be requested for a date earlier than May 16, 2023.

**SIDLEY AUSTIN LLP**

*/s/ Sara B. Brody*

SARA B. BRODY
NICOLE M. RYAN
MATTHEW P. HENRY
TJ HERRON
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: 415/772-1200
415/772-7400 (fax)

*Attorneys for Defendants*

Encl.: Exhibits 1–5 (via CD)