# Exhibit 1

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE SPLUNK INC. SECURITIES LITIGATION | Case No. 4:20-cv-08600-JST |
| | **DECLARATION OF JED D. MELNICK IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT** |
| | Judge:       Hon. Jon S. Tigar |
| | Courtroom: 6 |
| | Date:        February 22, 2024 |
| | Time:        2:00 p.m. |

DECLARATION OF JED D. MELNICK IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT

4:20-cv-08600-JST

JED D. MELNICK declares as follows:

1.     I submit this declaration in my capacity as the independent mediator in the above-captioned securities fraud ("Action") and in connection with the proposed settlement of claims asserted in the Action (the "Settlement").  I make this declaration based on personal knowledge and am competent to so testify.

2.     While the mediation process is confidential, the parties to the Settlement (the "Parties") have authorized me to inform the Court of the matters set forth in this declaration.  The confidentiality of the mediation process is critical, as it encourages full candor in disclosures to the mediator, including in written submissions.  My statements and those of the Parties during the mediation process are subject to a confidentiality agreement and Federal Rule of Evidence 408, and there is no intention on either my part or the Parties' part to waive the agreement or the protections of Rule 408.

## I.     BACKGROUND AND QUALIFICATIONS

3.     I have been a full-time mediator for more than seventeen years, and am a panelist at JAMS.  Prior to my time as a neutral, I was an attorney in Pennsylvania for more than five years.  Since becoming a full-time mediator in 2005, I have resolved over one thousand disputes, with an aggregate value in the billions of dollars.  I have extensive experience assisting in the settlement of many different types of complex actions, including securities class actions and shareholder derivative actions.  I founded a nationally ranked dispute resolution journal and have taught young mediators.

## II.     THE PARTIES' ARM'S-LENGTH SETTLEMENT NEGOTIATIONS

4.     Lead Plaintiff and Defendants engaged me to serve as the mediator for the Parties' dispute in the fall of 2022.  On December 15, 2022, counsel for Lead Plaintiffs and Defendants participated in a full-day mediation session before me in person in JAMS's offices in New York, New York and via a videoconferencing platform for additional attendees.

5.     On December 7, 2022, in advance of this mediation session, the Parties exchanged and submitted detailed submissions, including thorough mediation statements addressing their views

DECLARATION OF JED D. MELNICK IN
SUPPORT OF FINAL APPROVAL OF
SETTLEMENT

1

4:20-cv-08600-JST

on liability, damages, and class certification. The work that went into the mediation submissions was substantial.

6. During the mediation session on December 15, 2022, I engaged in extensive discussions with counsel on both sides in an effort to find common ground between the Parties' respective positions. During these discussions, I challenged each side separately to address the weaknesses in each of their positions and arguments. In addition to vigorously arguing their respective positions, the Parties exchanged multiple rounds of settlement demands and offers.

7. At the conclusion of the mediation session, I issued a mediator's proposal that the Action be resolved in exchange for payment of $30 million. The proposal was issued on a double-blind basis, meaning that if one of the Parties had rejected the proposal they would not find out whether the other side had accepted the proposal. My decision to issue this proposal was based on the submissions that I had received from the Parties, counsel's advocacy for their respective clients, and my independent professional judgment that a resolution at this amount would represent a fair and reasonable outcome. Both sides accepted the proposal.

8. The mediation process was an extremely hard-fought negotiation from beginning to end and was conducted by experienced and able counsel on both sides. Throughout the mediation process, the negotiations between the Parties were vigorous and conducted at arm's-length and in good faith. Because the Parties made their mediation submissions and arguments in the context of a confidential mediation process pursuant to Federal Rule of Evidence 408, I cannot reveal their content. I can say, however, that the arguments and positions asserted by all involved were the product of substantial work, they were complex and highly adversarial, and they reflected a detailed and in-depth understanding of the strengths and weaknesses of the claims and defenses at issue in this case.

## III.   CONCLUSION

9. While ultimately a decision for the Court, based on my experience as a mediator, I believe that the Settlement represents a recovery and outcome that is reasonable and fair for all parties involved. The advocacy on both sides of the case was excellent. All counsel displayed the highest level of professionalism in zealously and capably representing their respective clients.

DECLARATION OF JED D. MELNICK IN
SUPPORT OF FINAL APPROVAL OF
SETTLEMENT

2

4:20-cv-08600-JST

I declare, under penalty of perjury, that the foregoing facts are true and correct.

Executed this 16th day of November, 2023.

_Jed D. Melnick_

_____

Jed D. Melnick