# Exhibit 2

**BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
lauren.cruz@blbglaw.com
Caitlin C. Bozman (Bar No. 343721)
caitlin.bozman@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

*Lead Counsel for Lead Plaintiff Louisiana
Sheriffs' Pension & Relief Fund and the Settlement
Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE SPLUNK INC. SECURITIES LITIGATION | Case No. 4:20-cv-08600-JST |
| | **DECLARATION OF OSEY "SKIP" MCGEE, JR., EXECUTIVE DIRECTOR OF LOUISIANA SHERIFFS' PENSION AND RELIEF FUND, IN SUPPORT OF: (I) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES** |
| | Judge:        Hon. Jon S. Tigar<br>Courtroom: 6<br>Date:         February 22, 2024<br>Time:         2:00 p.m. |

DECLARATION OF OSEY "SKIP" MCGEE, JR.,                                    4:20-cv-08600-JST

I, Osey "Skip" McGee, Jr., hereby affirm as follows:

1.    I am the Executive Director of the Louisiana Sheriffs' Pension and Relief Fund ("Louisiana Sheriffs"), the Court-appointed Lead Plaintiff in the above-captioned securities class action (the "Action").[1]  I submit this Declaration in support of (a) Lead Plaintiff's motion for final approval of the proposed Settlement and Plan of Allocation, and (b) Lead Counsel's motion for attorneys' fees and Litigation Expenses.

2.    I am aware of and understand the requirements and responsibilities of a class representative in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA").  I have personal knowledge of the matters set forth in this Declaration, as I, along with my colleagues and outside fiduciary counsel, Robert Klausner of Klausner, Kaufman, Jensen & Levinson ("Klausner Kaufman"), have been directly involved in monitoring and overseeing the prosecution of the Action, as well as the negotiations leading to the Settlement, and I could and would testify competently to these matters.

**I.    Louisiana Sheriffs' Oversight of the Action**

3.    Louisiana Sheriffs is a multi-employer, defined benefit, governmental retirement plan providing retirement, disability, and death benefits to active and retired employees of the sheriff's offices in all 64 Louisiana parishes.  Louisiana Sheriffs' principal offices are located at 1225 Nicholson Drive, Baton Rouge, LA 70802.  Louisiana Sheriffs manages more than $4.3 billion in assets for the benefit of its approximately 29,000 active and retired participants

4.    On March 16, 2021, the Court entered an Order appointing Louisiana Sheriffs as the Lead Plaintiff in the Action pursuant to the PSLRA, and approved Louisiana Sheriffs' selection of Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") as Lead Counsel for the class.

5.    Louisiana Sheriffs closely supervised, carefully monitored, and was actively involved in all material aspects of the prosecution and resolution of the Action.  On behalf of the Louisiana Sheriffs, I had communications during the litigation with Lead Counsel BLB&G and Klausner

---

[1] Unless otherwise defined in this Declaration, all capitalized terms have the meanings set out in the Stipulation and Agreement of Settlement dated January 30, 2023 (ECF No. 117-1).

DECLARATION OF OSEY "SKIP" MCGEE, JR.,    1    4:20-cv-08600-JST

Kaufman.  I received periodic status reports from counsel on case developments and participated in discussions with counsel concerning the prosecution of the Action, the strengths of and risks to the claims, and potential settlement.  In particular, throughout the course of this Action, I and/or other Louisiana Sheriffs personnel: (a) regularly communicated with counsel by email and telephone calls regarding the posture and progress of the case; (b) reviewed all significant pleadings and briefs filed in this Action; (c) searched for and produced documents in response to Defendants' requests and participated in preparing responses to other discovery requests; (d) consulted with counsel concerning the settlement negotiations as they progressed; and (e) evaluated and approved the proposed Settlement.

**II.    Louisiana Sheriffs Strongly Endorses Approval of the Settlement**

6.    Based on its involvement throughout the prosecution and resolution of the Action, Louisiana Sheriffs believes that the proposed Settlement is fair, reasonable, and adequate to the Settlement Class.  Louisiana Sheriffs believes that the Settlement represents a very favorable recovery for the Settlement Class, given the substantial and certain monetary recovery achieved in the face of the substantial risks of continuing to prosecute the claims in this case, including the risk that nothing at all might be recovered after the passage of a considerable amount of additional time if the litigation continued through the summary judgment stage, trial, and any subsequent appeal. Therefore, Louisiana Sheriffs strongly endorses approval of the Settlement by the Court.

**III.    Louisiana Sheriffs Approves of and Supports**
**Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses**

7.    Louisiana Sheriffs has approved Lead Counsel's request for an award of attorneys' fees in the amount of 25% of the Settlement Fund and believes it is fair and reasonable in light of the work that Plaintiffs' Counsel performed on behalf of the Settlement Class.  Louisiana Sheriffs takes seriously its role as a class representative to ensure that the attorneys' fees are fair in light of the result achieved in the action and reasonably compensate Plaintiffs' Counsel for the work involved and the substantial risks they undertook in litigating the action.  Louisiana Sheriffs approves the amount of attorney's fees requested by Lead Counsel as fair and reasonable in light of the work

performed by Plaintiff's Counsel, the risks of the litigation, and the recovery obtained for the Settlement Class in this Action.

8.    Louisiana Sheriffs further believes that Plaintiffs' Counsel's Litigation Expenses are reasonable and represent costs and expenses necessary for the prosecution and resolution of the claims in the Action. Based on the foregoing, and consistent with its obligation to the class to obtain the best result at the most efficient cost, Louisiana Sheriffs fully supports Lead Counsel's motion for attorneys' fees and Litigation Expenses

**IV.    Conclusion**

9.    In conclusion, Louisiana Sheriffs, the Court-appointed Lead Plaintiff, which was actively involved throughout the prosecution and settlement of the Action, strongly endorses the Settlement as fair, reasonable, and adequate, and believes it represents a favorable recovery for the Settlement Class in light of the risks of continued litigation. Louisiana Sheriffs further supports Lead Counsel's motion for attorneys' fees and Litigation Expenses and believes that it represents fair and reasonable compensation for counsel in light of the recovery obtained for the Settlement Class, the substantial work conducted, and the litigation risks. Accordingly, Louisiana Sheriffs respectfully requests that the Court approve (i) Lead Plaintiff's motion for final approval of the proposed Settlement and Plan of Allocation; and (ii) Lead Counsel's motion for attorneys' fees and Litigation Expenses.

I have reviewed the foregoing with counsel and on the basis of that consultation, I affirm under the laws of the United States of America that the above statements are true and correct, to the best of my knowledge and belief, and that I have authority to execute this Declaration on behalf of Louisiana Sheriffs.

Executed this 29ᵗʰ day of ꞩnov., 2023.

_____
Osey "Skip" McGee, Jr.
Executive Director
Louisiana Sheriffs' Pension and Relief Fund

#3372520

{00248204.DOCX;1}

DECLARATION OF OSEY "SKIP" MCGEE,    3    4:20-cv-08600-JST
JR.,