1  **BERNSTEIN LITOWITZ BERGER**
 **& GROSSMANN LLP**
2  Jonathan D. Uslaner (Bar No. 256898)
3  jonathanu@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
4  lauren.cruz@blbglaw.com
Caitlin C. Bozman (Bar No. 343721)
5  caitlin.bozman@blbglaw.com
2121 Avenue of the Stars, Suite 2575
6  Los Angeles, CA 90067
7  Tel: (310) 819-3470

8  *Lead Counsel for Lead Plaintiff Louisiana*
*Sheriffs' Pension & Relief Fund and the Settlement*
9  *Class*

10

11

12        **UNITED STATES DISTRICT COURT**

13        **NORTHERN DISTRICT OF CALIFORNIA**

14           **OAKLAND DIVISION**

15

| IN RE SPLUNK INC. SECURITIES LITIGATION | Case No. 4:20-cv-08600-JST |
|---|---|
| | **[PROPOSED]** **ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES** |
| | Judge: Hon. Jon S. Tigar<br>Courtroom: 6 |

WHEREAS, this matter came on for hearing on February 22, 2024 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated January 30, 2023 (ECF No. 117-1) (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 25% of the Settlement Fund net of litigation expenses awarded, or $7,440,061 (plus interest earned on this amount at the same rate as the Settlement Fund). Plaintiffs' Counsel are also hereby awarded $239,754.85 for payment of their litigation expenses. These attorneys' fees and expenses shall be paid from the Settlement Fund and the Court finds these sums to be fair and reasonable.

5. Plaintiffs' Counsel shall be paid 90% of the attorneys' fees awarded and 100% of the approved expenses immediately upon entry of the Judgment approving the Settlement and this Order. The remaining 10% of the attorneys' fees awarded (and any interest earned thereon) will be paid after Lead Plaintiff conducts the distribution of the Net Settlement Fund to eligible claimants and files a Post-Distribution Accounting.

6. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

    a. The Settlement has created a fund of $30,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

    b. Plaintiffs' Counsel litigated this case on a purely contingent basis, and have not received any compensation for their work on this matter over the last three years;

    c. The fee sought is consistent with the Ninth Circuit's benchmark amount in percentage fee cases, *see In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015);

    d. The fee sought is based on a retainer agreement entered into by Lead Counsel and Lead Plaintiff at the outset of the litigation and the requested fee has been again reviewed and approved as reasonable by Lead Plaintiff, a sophisticated institutional investor that actively supervised the Action, at the conclusion of the Action;

    e. Copies of the Notice were mailed to over 298,000 potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees for Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $325,000 and no objections to the requested award of attorneys' fees or Litigation Expenses were submitted;

    f. Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

g. Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from Defendants;

h. Plaintiffs' Counsel devoted over 6,300 hours, with a lodestar value of approximately $3.5 million, to achieve the Settlement, and will continue to perform work on behalf of the Settlement Class in overseeing the Claims Administrator's processing of claim received and the distribution of the Net Settlement Fund; and

i. The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

7. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

8. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

9. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this __4th__ day of ____March____, 2024.

_____
The Honorable Jon S. Tigar
United States District Judge