# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

MICHAEL SANDERS, Individually and on behalf of all others similarly situated,

Plaintiff,

v.

THE REALREAL, INC., *et al.*,

Defendants.

Case No: 5:19-cv-07737-EJD

**[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

CLASS ACTION

Hon. Edward J. Davila

Having reviewed and considered all materials and arguments submitted in support of Plaintiffs' unopposed motion for distribution of class action settlement funds ("Motion"), and good cause appearing therefore; **IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' Motion is GRANTED.

2. As set forth in the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process ("Bravata Declaration"), attached as Exhibit 1 to Plaintiffs' Motion, the administrative determinations of the Claims Administrator, Strategic Claims Services ("SCS"), in accepting and rejecting Claims are approved.[1] Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits B-1 and B-2 to the Bravata Declaration are approved, and the administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibits D and E of the Bravata Declaration are approved.

3. Any person asserting claims filed after September 30, 2022, the date SCS used as the latest date to file a claim, in order to avoid delaying finalization of the administration, is forever barred from asserting a claim. Any response to a rejected claim received after May 8,

---

[1] All capitalized terms, unless otherwise defined herein, have the same meaning as set forth in the Stipulation of Settlement and exhibits thereto, dated November 5, 2021 (Dkt. No. 61-1).

1

2023, the date SCS used as the latest date to respond to a rejection notice, in order to avoid delaying finalization of the administration, is forever barred from asserting a claim. All putative claims listed in Exhibit D to the Bravata Declaration are finally and forever rejected.

4.      The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants, identified in Exhibits B-1 and B-2 to the Bravata Declaration. The funds shall be distributed pursuant to the Stipulation and the Plan of Allocation of the Net Settlement Fund set forth in the Notice.

5.      The distribution plan for the Net Settlement Fund as set forth in the Bravata Declaration and accompanying exhibits is approved. The balance of the Net Settlement Fund shall be distributed to Authorized Claimants. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Lead Counsel and SCS are authorized to locate and/or contact any Authorized Claimant who has not cashed their check within said time. Authorized Claimants who fail to deposit or cash a distribution check within the time allotted or consistent with the terms outlined in the Bravata Declaration will irrevocably forfeit all recovery from the Settlement.

6.      If any of the Net Settlement Fund remains by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, including the $10.00 minimum check amount set forth in the Notice; (ii) second, to pay any additional Notice and Administrative Expenses incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would

2

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS; Case No. 5:19-cv-07737-EJD

receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to the Investor Justice and Education Clinic at Howard University School of Law.

7.      The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of claims, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released person beyond the amount allocated to them pursuant to this Order.

8.      SCS is authorized to destroy the paper copies of the Claim Forms and all supporting documentation in no less than one year after the distribution of the Net Settlement Fund. In no less than one year after all funds have been distributed, SCS is authorized to destroy the electronic copies of the Claim Forms and all supporting documentation.

9.      This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

Dated: _____June 8_____, 2023

HON. EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE

3

[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR DISTRIBUTION OF
CLASS ACTION SETTLEMENT FUNDS; Case No. 5:19-cv-07737-EJD