**BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
Lauren M. Cruz (Bar No. 299964)
lauren.cruz@blbglaw.com
Caitlin C. Bozman (Bar No. 343721)
caitlin.bozman@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481

*Lead Counsel for Lead Plaintiff Louisiana
Sheriffs' Pension & Relief Fund and the Settlement
Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE SPLUNK INC. SECURITIES LITIGATION | Case No. 4:20-cv-08600-JST<br><br>**[PROPOSED] ORDER APPROVING DISTRIBUTION PLAN**<br><br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6 |

Lead Plaintiff moved this Court for an order approving a distribution plan for the Net Settlement Fund in the above-captioned securities class action ("Action"). Having reviewed and considered all the materials and arguments submitted in support of the motion, including the Memorandum of Law in Support of Lead Plaintiff's Unopposed Motion for Approval of Distribution Plan and the Declaration of Jack Ewashko in Support of Lead Plaintiff's Unopposed Motion for Approval of Distribution Plan ("Ewashko Declaration"),

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated as of January 30, 2023 (ECF No. 117-1) ("Stipulation"), and the Ewashko Declaration, and all terms used in this Order shall have the same meanings as defined in the Stipulation and the Ewashko Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. Lead Plaintiff's plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly:

(a) The administrative determinations of the Court-approved Claims Administrator, A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data"), to accept the Timely Eligible Claims set forth in Exhibit D to the Ewashko Declaration and the Late But Otherwise Eligible Claims set forth in Exhibit E to the Ewashko Declaration are adopted.

(b) The Claims Administrator's administrative determinations to reject the Rejected Claims, as set forth in Exhibit F to the Ewashko Declaration, are adopted.

(c) A.B. Data is directed to distribute 100% of the Net Settlement Fund, after deducting all payments previously allowed, payments approved by this Order, and any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, to Authorized Claimants who would receive at least $10.00 based on their Recognized Claim in comparison to the total Recognized Claims of all Authorized Claimants, as further detailed in paragraph 43(a) of the Ewashko Declaration (the "Distribution"). A.B.

Data shall notify Authorized Claimants who do not satisfy the $10.00 *de minimis* requirement that they will not be receiving any distribution from the proceeds of the Settlement.

(d)    To encourage Authorized Claimants to cash their checks promptly, all distribution checks will bear the following notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]." Lead Counsel and A.B. Data are authorized to take appropriate action to locate and contact Authorized Claimants who have not cashed their checks within said time as detailed in paragraph 43(b) of the Ewashko Declaration.

(e)    Authorized Claimants who do not cash their Distribution checks within the time allotted or on the conditions set forth in paragraph 43(b) of the Ewashko Declaration will irrevocably forfeit all recovery from the Settlement, and the funds allocated to these stale-dated checks will be available to be distributed to other Authorized Claimants in if Lead Counsel, in consultation with A.B. Data, determines that it is cost-effective to conduct a second distribution. Similarly, Authorized Claimants who do not cash their distribution checks from a second or subsequent distribution, should such distributions occur, within the time allotted or on the conditions set forth in paragraph 43(b) of the Ewashko Declaration will irrevocably forfeit any further recovery from the Net Settlement Fund.

(f)    After A.B. Data has made reasonable and diligent efforts to have Authorized Claimants cash their Distribution checks (as provided in paragraph 43(b) of the Ewashko Declaration), but not earlier than seven (7) months after the Distribution, A.B. Data will, if Lead Counsel, in consultation with A.B. Data, determines that it is cost-effective to do so, conduct a second distribution (the "Second Distribution"), in which any amount remaining in the Net Settlement Fund, after deducting any unpaid fees and expenses incurred, will be distributed to all Authorized Claimants who cashed their Distribution check and are entitled to receive at least $10.00 from the Second Distribution based on their *pro rata* share of the remaining funds. If any funds remain in the Net

Settlement Fund after the Second Distribution, and if cost-effective, subsequent distributions will take place at six-month intervals.

(g)    When Lead Counsel, in consultation with A.B. Data, determines that further distribution of the funds remaining in the Net Settlement Fund is not cost-effective, if sufficient funds remain to warrant the processing of Claims received after July 10, 2024, those Claims will be processed, and any otherwise valid Claims received after July 10, 2024, as well as any earlier-received Claims for which an upward adjustment was received after July 10, 2024, will be paid in accordance with subparagraph (h) below. If any funds remain in the Net Settlement Fund after payment of these Claims and unpaid fees or expenses, the remaining funds will be contributed to the Investor Protection Trust.

(h)    No new Claims may be accepted after July 10, 2024, and no further adjustments to Claims received on or before July 10, 2024, that would result in an increased Recognized Claim amount may be made for any reason after July 10, 2024, subject to the following exception. If Claims are received or modified after July 10, 2024, that would have been eligible for payment or additional payment pursuant to the Court-approved Plan of Allocation if timely received, then, at the time that Lead Counsel, in consultation with A.B. Data, determines a distribution is not cost-effective as provided in subparagraph (g) above, and after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, these Claimants, at the discretion of Lead Counsel and to the extent possible, may be paid their distribution amounts or additional distribution amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks.

4.    The Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and Plan of Allocation approved by this Court and that all persons involved in the review, verification,

calculation, tabulation, or any other aspect of the processing of the Claims submitted, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of that involvement, and all Settlement Class Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Lead Plaintiff, Plaintiff's Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants.

5.   All of A.B. Data's fees and expenses incurred in the administration of the Settlement and estimated to be incurred in connection with the Distribution of the Net Settlement Fund as set forth in the invoices attached as Exhibit G to the Ewashko Declaration are approved, and Lead Counsel is directed to pay the outstanding balance of $485,068.81 out of the Settlement Fund to A.B. Data.

6.   Unless otherwise ordered by the Court, A.B. Data may destroy the paper copies of the Claims and all supporting documentation one year after the Distribution, and one year after all funds have been distributed may destroy the electronic copies of the same.

7.   This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and any other and further relief that this Court deems appropriate.

SO ORDERED this _____ day of _____, 2024.

_____
The Honorable Jon S. Tigar
United States District Judge

ORDER APPROVING
DISTRIBUTION PLAN

4

4:20-CV-08600-JST